1 **ROBERTSON & VICK, LLP**
Alexander Robertson, IV
2 NV Bar No. 8642
Jennifer L. Taylor
3 NV Bar No. 5798
401 North Buffalo Drive, Suite 202
4 Las Vegas, Nevada 89145
Telephone: (702) 247-4661
5 Facsimile: (702) 247-6227

6 **GREBEN & ASSOCIATES**
Jan Adam Greben,
7 CA Bar No. 103464
Admitted *Pro Hac Vice*
8 1332 Anacapa Street, Suite 110
Santa Barbara, CA  93101
9 Telephone: (805) 963-9090
Facsimile: (805) 963-9098

10

11 Attorneys for Plaintiffs

12
                    UNITED STATES DISTRICT COURT
13                      DISTRICT OF NEVADA

14 PETER J. VOGGENTHALER; VICTOR      ) CASE NO.
   BECERRA; ARTHUR BODENDORFER;       )
15 BRENDA C. CHAFFIN; MICHAEL J. SOLMI; )
   JASON COWLES; JANE GAUTHIER;       )
16 HONORÉ GAUTHIER; NIKOLAS           )
   KONSTANTINOU; DRAGAN KURAJICA;     )
17 KENNETH LOWTHER; JAMES             ) **COMPLAINT**
   LUEHMANN; JACQUELINE LUEHMANN;     )
18 RUTH MANNHEIMER; WILLIAM           ) **[DEMAND FOR JURY TRIAL]**
   MONTERO; BARBARA MONTERO;          )
19 CLIFFORD ROGERS; SHARON ROGERS;    )
   HERMANN ROSNER; MARKUS             )
20 ROTHKRANZ; DANIEL SOLDINI;         )
   CHARLES WALKER; VERNA WALKER;      )
21 JACK YENCHEK; OFELIA YENCHEK;      )
   RICHARD MALM; ROGER ELLSWORTH;     )
22 JO ANN ELLSWORTH; MARGARET         )
   RUDELICH-HOPPE; PATRICIA MAHONEY, )
23 individually and as trustee for the MAHONEY )
   LIVING TRUST; RICHARD FALEN; PETER )
24 LEARNED; KRISTIAN MEIER; ELIZA     )
   ACOSTA; MIRHA ELIAS; AIKO BERGE    )
25                                     )
                   Plaintiffs,         )
26                                     )
                     vs.               )
27                                     )
   MARYLAND SQUARE, LLC; MARYLAND     )
28 SQUARE SHOPPING CENTER LIMITED     )
   LIABILITY COMPANY; HERMAN KISHNER )

1   dba MARYLAND SQUARE SHOPPING                    )
    CENTER; IRWIN KISHNER, JERRY ENGEL,             )
2   BANK OF AMERICA as Trustees for the             )
    HERMAN KISHNER TRUST; CLARK                     )
3   COUNTY SCHOOL DISTRICT; THE                     )
    BOULEVARD MALL, as successor-in-                )
4   interest/surviving corporation/ agent for       )
    BOULEVARD ASSOCIATES, L.L.C.;                   )
5   BOULEVARD MALL I LLC, as successor-in-          )
    interest/surviving corporation/ agent for       )
6   BOULEVARD ASSOCIATES, L.L.C.;                   )
    BOULEVARD MALL II L.L.C., as successor-         )
7   in-interest/surviving corporation/ agent for    )
    BOULEVARD ASSOCIATES, LLC;                      )
8   CONSTRUCTION DEVELOPERS INC.;                   )
    FEDERATED WESTERN DEPT. STORES,                 )
9   INC.; GENERAL GROWTH PROPERTIES;                )
    MELVIN SHAPIRO; SHAPIRO BROS.                   )
10  INVESTMENT CO.; DELIA'S CLEANERS                )
    OF ARIZONA, INC.; CB RICHARD ELLIS              )
11                                                  )
                    Defendants.                     )
12  _____ )

13

14          Plaintiffs PETER J. VOGGENTHALER; VICTOR BECERRA; ARTHUR

15  BODENDORFER; BRENDA C. CHAFFIN; MICHAEL J. SOLMI; JASON COWLES; JANE

16  GAUTHIER; HONORÉ GAUTHIER; NIKOLAS KONSTANTINOU; DRAGAN KURAJICA;

17  KENNETH LOWTHER; JAMES LUEHMANN; JACQUELINE LUEHMANN; RUTH

18  MANNHEIMER; WILLIAM MONTERO; BARBARA MONTERO; CLIFFORD ROGERS;

19  SHARON ROGERS; HERMANN ROSNER; MARKUS ROTHKRANZ; DANIEL SOLDINI;

20  CHARLES WALKER; VERNA WALKER; JACK YENCHEK; OFELIA YENCHEK;

21  RICHARD MALM; ROGER ELLSWORTH; JO ANN ELLSWORTH; MARGARET

22  RUDELICH-HOPPE; PATRICIA MAHONEY, individually and as trustee for the MAHONEY

23  LIVING TRUST; RICHARD FALEN; PETER LEARNED; KRISTIAN MEIER; ELIZA

24  ACOSTA; AIKO BERGE (collectively referred to hereinafter as "Plaintiffs"), complain and

25  allege as follows:

26                          **JURISDICTION AND VENUE**

27          1.    Plaintiffs' claims against defendants MARYLAND SQUARE, LLC; MARYLAND

28  SQUARE SHOPPING CENTER LIMITED LIABILITY COMPANY; HERMAN KISHNER dba

1  MARYLAND SQUARE SHOPPING CENTER; IRWIN KISHNER, JERRY ENGEL, BANK

2  OF AMERICA as Trustees for the HERMAN KISHNER TRUST; CLARK COUNTY SCHOOL

3  DISTRICT; THE BOULEVARD MALL, as successor-in-interest/surviving corporation/agent for

4  BOULEVARD ASSOCIATES, L.L.C.; BOULEVARD MALL I L.L.C., as successor-in-

5  interest/surviving corporation/ agent for BOULEVARD ASSOCIATES, LLC; BOULEVARD

6  MALL II LLC, as successor-in-interest/surviving corporation/ agent for BOULEVARD

7  ASSOCIATES, L.L.C.; CONSTRUCTION DEVELOPERS INC.; FEDERATED WESTERN

8  DEPT. STORES, INC.; GENERAL GROWTH PROPERTIES; MELVIN SHAPIRO; SHAPIRO

9  BROS. INVESTMENT CO.; DELIA'S CLEANERS OF ARIZONA, INC.; CB RICHARD

10  ELLIS (hereinafter collectively referred to as "Defendants") arise out of the environmental

11  contamination originating from the former site of an Al Philips the Cleaner dry cleaning facility

12  located in the Maryland Square Shopping Center located at 3661 South Maryland Parkway, Las

13  Vegas, Nevada and causing contamination and damage to nearby residential properties owned by

14  Plaintiffs (collectively referred to as the "Site").

15       2.   This action primarily arises under the Federal Resource Conservation and Recovery

16  Act ("RCRA") 42 U.S.C. § 6972(a)(1)(B).  Subject matter jurisdiction is confirmed upon this

17  Court pursuant to RCRA § 7002(a) and (b).  The federal courts have original jurisdiction over all

18  civil actions arising under the Constitution, law or treaties of the United States. 28 U.S.C. §

19  1331.

20       3.   Pursuant to 33 U.S.C. § 1365(c)(1), venue lies in this District as the acts, operations,

21  facilities, and real property of Plaintiffs and Defendants that are the subject of the this lawsuit

22  occurred and are located within this District.

23                     **THE PARTIES**

24       1.   Plaintiff Peter. J. Voggenthaler, is an individual, and is and was an owner and

25  occupant of the real property located at 1629 Seneca Lane, Las Vegas, Nevada 89169.

26       2.   Plaintiff Victor Becerra, is an individual, and is and was an owner and occupant of

27  the real property located at 1593 Seneca Lane, Las Vegas, Nevada 89169.

28  ///

1    3.   Plaintiff Arthur Bodendorfer, is an individual, and is and was an owner and occupant

2  of the real property located at 1638 Seneca Lane, Las Vegas, Nevada 89169.

3    4.   Plaintiffs Brenda C. Chaffin and Michael J. Solmi, are individuals, and are and were

4  owners and occupants of the real property located at 3617 Algonquin Drive, Las Vegas, Nevada

5  89169.

6    5.   Plaintiff Jason Cowles, is an individual, and is and was an owner and occupant of the

7  real property located at 1598 Seneca Lane, Las Vegas, Nevada 89169.

8    6.   Plaintiffs Jane Gauthier and Honore Gauthier, are individuals, and are and were

9  owners and occupants of the real property located at 1667 Seneca Lane, Las Vegas, Nevada

10  89169.

11    7.   Plaintiff Nikolas Konstantinou, is an individual, and is and was an owner and

12  occupant of the real property located at 1577 Ottawa Drive, Las Vegas, Nevada 89169.

13    8.   Plaintiff Dragan Kurajica, is an individual, and is and was an owner and occupant of

14  the real property located at 1656 Seneca Lane, Las Vegas, Nevada 89169.

15    9.   Plaintiff Kenneth Lowther, is an individual, and is and was an owner and occupant of

16  the real property located at 1647 Seneca Lane, Las Vegas, Nevada 89169.

17    10.   Plaintiffs James Luehmann and Jacqueline Luehmann, are individuals, and are and

18  were owners and occupants of the real property located at 1576 Ottawa Drive, Las Vegas,

19  Nevada 89169.

20    11.   Plaintiff Ruth Mannheimer, is an individual, and is and was an owner and occupant

21  of the real property located at 1568 Seneca Lane, Las Vegas, Nevada 89169.

22    12.   Plaintiffs William Montero and Barbara Montero, are individuals, and are and were

23  owners and occupants of the real property located at 1630 Ottawa Drive, Las Vegas, Nevada

24  89169.

25    13.   Plaintiffs Clifford Rogers and Sharon Rogers, are individuals, and are and were

26  owners and occupants of the real property located at 1725 Seneca Lane, Las Vegas, Nevada

27  89169.

28  ///

14. Plaintiff Hermann Rosner, is an individual, and is and was an owner and occupant of the real property located at 3629 Algonquin Drive, Las Vegas, Nevada 89169.

15. Plaintiff Markus Rothkranz, is an individual, and is and was an owner and occupant of the real property located at 3619 Seneca Lane, Las Vegas, Nevada 89169.

16. Plaintiff Daniel Soldini, is an individual, and is and was an owner and occupant of the real property located at 1618 Seneca Lane, Las Vegas, Nevada 89169.

17. Plaintiffs Charles Walker and Verna Walker, are individuals, and are and were owners and occupants of the real property located at 3654 Algonquin Drive, Las Vegas, Nevada 89169.

18. Plaintiffs Jack Yenchek and Ofelia Yenchek, are individuals, and are and were owners and occupants of the real property located at 1611 Seneca Lane, Las Vegas, Nevada 89169.

19. Plaintiff Richard Malm, is an individual, and is and was an owner and occupant of the real property located at 1450 E. Twain, Las Vegas, Nevada 89169.

20. Plaintiffs Roger Ellsworth and Jo Ann Ellsworth are individuals, and are and were owners and occupants of the real property located at 3631 Seneca Lane, Las Vegas, Nevada 89169.

21. Plaintiff Margaret Rudelich-Hoppe, is an individual, and is and was an owner and occupant of the real property located at 1594 Ottawa Drive, Las Vegas, Nevada 89169.

22. Plaintiff Patricia Mahoney, individually, and as trustee for the Mahoney Living Trust and Mahoney Living Trust, are and were owners and occupants of the real property located at 3666 Algonquin Drive, Las Vegas, Nevada 89169.

23. Plaintiff Richard Falen , is an individual, and is and was an owner and occupant of the real property located at 3581 Toga Way, Las Vegas, Nevada 89169.

24. Plaintiff Peter Learned, is an individual, and is and was an owner and occupant of the real property located at 3582 Algonquin Drive, Las Vegas, Nevada 89169.

25. Plaintiff Kristian Meier, is an individual, and is and was an owner and occupant of the real property located at 2177 Geronimo Way, Las Vegas, Nevada 89169.

26.   Plaintiff Eliza Acosta, is an individual, and is and was an owner and occupant of the real property located at 3617 Ottawa Circle, Las Vegas, Nevada 89169.

27.   Plaintiff Mirha Elias, is an individual, and is and was an owner and occupant of the real property located at 2107 Ottawa Drive, Las Vegas, Nevada 89169.

28.   Plaintiff Aiko Berge, is an individual, and is and was an owner and occupant of the real property located at 1687 Seneca Lane, Las Vegas, Nevada 89169.

29.   Defendant Maryland Square, LLC, is a limited liability company that at all times relevant herein is, and was, doing business in the Clark County, Nevada.

30.   Defendant Maryland Square Shopping Center Limited Liability Company, is a limited liability company that at all times relevant herein is, and was, doing business in the Clark County, Nevada.

31.   Defendant Herman Kishner dba Maryland Square Shopping Center, is an individual that at all times relevant herein is, and was, doing business in the Clark County, Nevada.

32.   Defendants Irwin Kishner, Jerry Engel, Bank of America as Trustees for the Herman Kishner Trust, are trustees that at all times relevant herein is, and was, doing business in the Clark County, Nevada.

33.   Defendant Clark County School District, is a public entity that at all times relevant herein is, and was, doing business in the Clark County, Nevada.

34.   Defendant The Boulevard Mall, as successor-in-interest/surviving corporation/ agent for Boulevard Associates, L.L.C., is a corporation that at all times relevant herein is, and was, doing business in the Clark County, Nevada.

35.   Defendant Boulevard Mall I LLC, as successor-in-interest/surviving corporation/ agent for Boulevard Associates, L.L.C., is a limited liability company that at all times relevant herein is, and was, doing business in the Clark County, Nevada.

36.   Defendant Boulevard Mall II LLC, as successor-in-interest/surviving corporation/ agent for Boulevard Associates, L.L.C., is a limited liability company that at all times relevant herein is, and was, doing business in the Clark County, Nevada.

///

11/18/08 11:04 MLM
5062\5062.00\\p\MLM1776.WPD

37.   Defendant Construction Developers Inc., is a corporation that at all times relevant herein is, and was, doing business in the Clark County, Nevada.

38.   Defendant Federated Western Dept. Stores, Inc., is a corporation that at all times relevant herein is, and was, doing business in the Clark County, Nevada.

39.   Defendant General Growth Properties, is a corporation that at all times relevant herein is, and was, doing business in the Clark County, Nevada.

40.   Defendant Melvin Shapiro, is an individual that at all times relevant herein is, and was, doing business in the Clark County, Nevada.

41.   Defendant Shapiro Bros. Investment Co., is a corporation that at all times relevant herein is, and was, doing business in the Clark County, Nevada.

42.   Defendant Delia's Cleaners of Arizona, Inc., is a corporation that at all times relevant herein is, and was, doing business in the Clark County, Nevada.

43.   Defendant CB Richard Ellis, is a corporation that at all times relevant herein is, and was, doing business in the Clark County, Nevada.

## GENERAL ALLEGATIONS OF FACT

44.    Plaintiffs are owners of residential property near and at the Site. Plaintiffs' properties have been damaged and contaminated by the "Maryland Square PCE Plume" that originated from the former site of an Al Phillips the Cleaners dry cleaning facility in the Maryland Square Shipping Center.

45.   Defendants' violations of RCRA stem from the ownership of the Site and the ownership and operation of a dry cleaning facility at the Site that has caused contamination of soil and groundwater at the Site.  This contamination presents an imminent and substantial endangerment to human health and the environment.

46.    Plaintiffs are informed and believe, and on that basis allege, that Melvin Shapiro and Shapiro Bros. Investment Co., individually and as various business entities, owned and operated a dry cleaning business known as Al Phillips the Cleaners in the Maryland Square Shopping Center from on or about 1968 to on or about 1984.  Plaintiffs are informed and believe, and on that basis allege, that Melvin Shapiro and Shapiro Bros. Investment Co. used and

1    disposed of chlorinated solvents, including perchloroethylene ("PCE"), in their operation of the

2    dry cleaning business at the Site.

3          47.    In 1984, Shapiro Bros. Investment Co. sold the Al Phillips the Cleaners business to

4    the Johnson Group, Inc.   From on or about 1984 to on or about 1999, the Johnson Group, Inc.

5    owned and operated the Al Phillips the Cleaners in the Maryland Square Shopping Center.

6    Plaintiffs are informed and believe, and on that basis allege, that the Johnson Group, Inc. used

7    and disposed of chlorinated solvents, including PCE, in its operation of the dry cleaning business

8    at the Site.

9          48.    Plaintiffs are informed and believe, and on that basis allege, that on or about 1999,

10   the Johnson Group sold its stock to Delia's Cleaners and Delia's Cleaners then caused the name

11   of Johnson Group, Inc., to be changed to DCI USA, Inc.  From on or about 1999 to on or about

12   2000, Delia's Cleaners and DCI USA, Inc. owned and operated the Al Phillips the Cleaners in

13   the Maryland Square Shopping Center.  Plaintiffs are informed and believe, and on that basis

14   allege, that Delia's Cleaners and DCI USA, Inc. used and disposed of chlorinated solvents,

15   including PCE, in their operation of the dry cleaning business at the Site.

16         49.    Plaintiffs are informed and believe, and on that basis allege, that Melvin Shapiro,

17   Shapiro Bros. Investment Co., Al Phillips the Cleaners, the Johnson Group, Inc., Delia's

18   Cleaners, DCI USA, Inc., National Dry Cleaners, Inc., and Delia's Cleaners of Arizona

19   (hereinafter collectively referred to as "APTC") are liable individually and/or as the parent

20   corporations, subsidiary corporations, owners, surviving entities, alter egos, agents, assignees

21   and/or successors-in-interest of each other and of Al Phillips the Cleaners.

22         50.    Plaintiffs are informed and believe, and on that basis allege, that Maryland Square,

23   LLC and Maryland Square Shopping Center Limited Liability Company (hereinafter collectively

24   referred to as "MSSC"); Herman Kishner, dba Maryland Square Shopping Center; Irwin Kishner,

25   Jerry Engel and Bank of American as trustees of the Herman Kishner Trust (hereinafter

26   collectively referred to as "Kishner Trust") and the Clark County School District ("School

27   District") owns, and at all relevant times has owned, the property on which the dry cleaning

28   facility was located.

1    51.    Plaintiffs are informed and believe, and on that basis allege, that Construction

2    Developers, Inc., Federated Western Dept. Stores, Inc., General Growth Properties, the

3    Boulevard Mall, Boulevard Mall I LLC and Boulevard Mall II LLC (hereinafter collectively

4    referred to as "Boulevard Mall") at all relevant times have owned property at and/or contiguous

5    to the Site and on which contamination has occurred and migrated onto the Plaintiffs' properties

6    unabated by these adjacent landowners.

7    52.    Plaintiffs are informed and believe, and on that basis allege, that CB Richard Ellis

8    operated and managed the property on which a dry cleaning facility was located at the Site that

9    has caused contamination of soil and groundwater.  CB Richard Ellis is the property manager for

10   property owner, Maryland Square, LLC, the current owner of the Site.

11   53.    The presence of chlorinated solvent contamination of the soil and groundwater at

12   the Site was first reported in November 2000 to the Nevada Department of Environmental

13   Protection ("NDEP").  Subsequently, NDEP required investigation of the contamination by

14   MSSC.  Investigations here revealed a chlorinated solvent plume extending underground from

15   the Site to the Injured Parties neighborhood.  In 2004, NDEP issued an order that certain

16   investigative and remedial activities occur.  This order, despite not being complied with, has not

17   been enforced.  Despite knowledge since as early as July 2005 that the Injured Parties properties

18   were impacted by the chlorinated solvent plume, it was not until August 27, 2007 that public

19   notification letters were mailed by NDEP to certain property owners in the neighborhood.  This

20   was the Injured Parties first notice of the existence of the PCE plume beneath their homes.

21   Subsequent indoor air samples collected by NDEP within certain Injured Parties homes have

22   reached and/or exceeded the U.S. Environmental Protection Agency health protective level for

23   long term exposure to PCE.

24   54.    As a direct and proximate result of Defendants' conduct, and each of them, the

25   condition of the Site was such that it resulted in the release of hazardous substances onto the Site,

26   and surrounding properties, soils, and groundwater, including Plaintiffs' properties.

27   ///

28   ///

# FIRST CAUSE OF ACTION

## (RCRA, 42 U.S.C. § 6972(a)(1)(B))

55.   Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1 through 54 as though fully set forth herein.

56.   Pursuant to 42 U.S.C. § 6972(b)(2)(A), on March 19, 2008, Plaintiffs duly notified Defendants Maryland Square, LLC; Maryland Square Shopping Center Limited Liability Company; Herman Kishner dba Maryland Square Shopping Center; Irwin Kishner, Jerry Engel, Bank of America as Trustees for the Herman Kishner Trust; Clark County School District; Boulevard Associates; Construction Developers Inc; Federated Western Dept. Stores, Inc.; General Growth Properties, the Administrator of the United States Environmental Protection Agency ("USEPA"), the Regional IX Administrator of the USEPA, the Bureau Chief of the Nevada Division of Environmental Protection, the Director of the Solid Waste Branch of the Bureau of Waste Management for the Nevada Division of Environmental Protection, and the Director of the Environmental Health Division for the Southern Nevada Health District, of the contamination at the Site and of Plaintiffs' intent to bring this suit against Defendants.  A true and correct copy of such notice is attached hereto as Exhibit "A", and incorporated herein by this reference.

57.   Pursuant to 42 U.S.C. § 6972(b)(2)(A), on April 3, 2008, Plaintiffs duly notified Defendants Melvin Shapiro; Shapiro Bros. Investment Co.; Delia's Cleaners of Arizona, Inc., the Administrator of the USEPA, the Regional IX Administrator of the USEPA, the Bureau Chief of the Nevada Division of Environmental Protection, the Director of the Solid Waste Branch of the Bureau of Waste Management for the Nevada Division of Environmental Protection, and the Director of the Environmental Health Division for the Southern Nevada Health District, of the contamination at the Site and of Plaintiffs' intent to bring this suit against Defendants.  A true and correct copy of such notice is attached hereto as Exhibit "B", and incorporated herein by this reference.

58.   Pursuant to 42 U.S.C. § 6972(b)(2)(A), on April 4, 2008, Plaintiffs duly notified Defendant CB Richard Ellis, the Administrator of the USEPA, the Regional IX Administrator of

the USEPA, the Bureau Chief of the Nevada Division of Environmental Protection, the Director of the Solid Waste Branch of the Bureau of Waste Management for the Nevada Division of Environmental Protection, and the Director of the Environmental Health Division for the Southern Nevada Health District, of the contamination at the Site and of Plaintiffs' intent to bring this suit against Defendants.  A true and correct copy of such notice is attached hereto as Exhibit "C", and incorporated herein by this reference.

59.   On June 18, 2008, Plaintiffs forwarded the Notice of Violation of RCRA letter of March 19, 2008 naming Boulevard Associates to Defendants, the Boulevard Mall, Boulevard Mall I LLC, and Boulevard Mall II LLC, as successors-in-interest to Boulevard Associates, and notifying of the contamination at the Site and of Plaintiffs' intent to bring this suit against Defendants.  A true and correct copy of such notice is attached hereto as Exhibit "D", and incorporated herein by this reference.

60.   Plaintiffs instituted this action more than ninety (90) days after mailing of notice on Defendants and others.

61.   Plaintiffs duly served a copy of this Complaint on the United States Attorney General and the Administrator of the USEPA by registered mail.

62.   This action against Defendants is brought pursuant to the Citizen Suit provisions of RCRA, 42 U.S.C. § 6972(a)(1)(B) et seq. and the applicable regulations thereunder, as such parts were in effect at the appropriate times.

63.   The PCE used and disposed of by Defendants at, around and adjacent to the Site is a "hazardous waste" within the meaning of RCRA, 42 U.S.C. § 9603(5).

64.   RCRA section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), provides that any person may commence a civil action on its own behalf for appropriate relief against any person who is a "past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment."

///

65.   Plaintiffs are informed and believe, and on that basis allege, that the primary cause of the releases of hazardous wastes at the Site was a result of Defendants' disposal, handling, transportation, release and/or abandonment of hazardous waste.

66.   Defendants discharged and permitted the discharge of PCE to the soil and groundwater by: their operation of dry cleaning machinery at the site, their use and disposal of chlorinated solvents;  their operation and control of the disposal and sewer systems at the Site; their ownership of the Site; and their ownership of property at and/or contiguous to the Site on which contamination has occurred and migrated onto the Plaintiffs' properties unabated by these landowners.

67.   As owners and operators of the dry cleaning facility, the Site and the sewer system at the Site, Defendants are past and present generators, past and present transporters, and past and present owners and operators of a treatment, storage and/or disposal facility.

68.   Defendants have knowingly contributed and are contributing to the past and present handling, storage, treatment transportation and disposal of solid and hazardous waste which presents an imminent and substantial endangerment to human health and the environment.  The endangerment caused by Violators has been ongoing since 1969 and is continuing in nature.

69.   The discharge and threatened discharge of contaminants has unreasonably affected water quality in that the discharge or threatened discharge is deleterious to the beneficial uses of state waters, and has impaired water quality to a degree which creates a threat to public health. The conditions threaten to continue unless the discharge or threatened discharge is permanently cleaned up and abated.

70.   Plaintiffs are informed and believe, and on that basis allege, that the hazardous waste contamination resulting from Defendants disposal, handling, transportation, release and/or abandonment of hazardous waste, as detailed above, presents an imminent and substantial endangerment to health and/or the environment as hazardous wastes have infiltrated to the soil and groundwater in and around the Site.  The impact of the pollution on the environment has already occurred and is occurring and is substantial because significant quantities of toxic substances have been released into the soil and groundwater and have impaired the beneficial use

of the groundwater beneath the Site.  The evaporation of PCE in groundwater at the Site and below Plaintiffs' residences has caused vapor intrusion of PCE into Plaintiffs' residences and has degraded the indoor air quality of Plaintiffs' residences.

71.   Plaintiffs seek injunctive relief under RCRA ordering Defendants to take such action as may be necessary to address and abate the contamination at the Site, including without limitation: to comply with any and all requirements of cleanup and abatement orders; expend funds to further investigate, test, assess, study, monitor, and remediate the contamination at the Site through the issuance of a "no further action" letter or other similar letter or documents indicating that the Site has been remediated.

72.   Pursuant to section 42 U.S.C. 6972(e), Plaintiffs seek an award of the costs of this litigation, including reasonable attorneys' fees and expert fees, including such fees to monitor Defendants' compliance with any orders or judgment issued by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray to this Court for the following relief:

1.    For a judgment pursuant to section 7002(a)(1)(B) of RCRA, 42 U.S.C. § 6972(a)(1)(B), ordering Defendants to take such action as may be necessary to address and abate the contamination at the Site, including without limitation, further investigation, testing, assessment, study, monitoring and remediation of the contamination at the Site;

2.    For an award of the costs of this litigation, including reasonable attorneys' fees and expert fees, including such fees to monitor Defendants' compliance with any orders or judgment issued by this Court

3.    For consultants' fees and costs;

4.    For such other and further relief as this Court deems just and proper.

///

///

///

///

1

### DEMAND FOR JURY TRIAL

2          Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury

3   on all issues so triable.

4   Dated: November 17, 2008                    ROBERTSON & VICK, LLP

5

6                                   By _____ */S/ Jennifer L. Taylor* _____
                                       ALEXANDER ROBERTSON, IV
7                                      NV Bar No. 8642
                                       JENNIFER L. TAYLOR
8                                      NV Bar No. 5798
                                       401 North Buffalo Drive, Suite 202
9                                      Las Vegas, Nevada 89145

10                                     GREBEN & ASSOCIATES
                                       JAN ADAM GREBEN
11                                     CA Bar No. 103464
                                       Admitted *Pro Hac Vice*
12                                     1332 Anacapa Street, Suite 110
                                       Santa Barbara, CA  93101
13
                                       **Attorneys for Plaintiffs**
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28