**Marquis & Aurbach**
ALBERT G. MARQUIS, ESQ.
Nevada Bar No. 1919
JASON M. GERBER, ESQ.
Nevada Bar No. 9812
jgerber@marquisaurbach.com
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorney(s) for Defendants Maryland Square
Shopping Center, LLC,
Herman Kishner, dba Maryland Square Shopping
Center, Irwin Kishner, Jerry Engel, and
Bank of America, as Trustee for
The Herman Kishner Trust,
Maryland Square, LLC and CCSD

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PETER J. VOGGENTHALER; VICTOR BECERRA; ARTHUR BODENDORFER; BRENDA C. CHAFFIN; MICHAEL J. SOLMI; JASON COWLES; JANE GAUTHIER; HONORE GAUTHIER; NIKOLAS KONSTANTINOU; DRAGAN KURAJICA; KENNETH LOWTHER; JAMES LUEHMANN; JACQUELINE LUEHMANN; RUTH MANNHEIMER; WILLIAM MONTERO; BARBARA MONTERO; CLIFFORD ROGERS; SHARON ROGERS; HERMANN ROSNER; MARKUS ROTHKRANZ; DANIEL SOLDINI; CHARLES WALKER; VERNA WALKER; JACK YENCHEK; OFELIA YENCHEK; RICHARD MALM; ROGER ELLSWORTH; JO ANN ELLSWORTH; MARGARET RUDELICH-HOPPE; PATRICIA MAHONEY, individually and as trustee for the MAHONEY LIVING TRUST; RICHARD FALEN; PETER LEARNED; KRISTIAN MEIER; ELIZA ACOSTA; MIRHA ELIAS; AIKO BERGE<br><br>                    Plaintiffs,<br>vs.<br><br>MARYLAND SQUARE, LLC; MARYLAND SQUARE SHOPPING CENTER LIMITED LIABILITY COMPANY; HERMAN KISHNER dba MARYLAND SQUARE SHOPPING CENTER; IRWIN KISHNER, JERRY ENGEL, BANK OF AMERICA as Trustees for the HERMAN KISHNER TRUST; CLARK COUNTY SCHOOL DISTRICT; THE BOULEVARD MALL, as successor-in-interest/surviving corporation/agent for | Case No.:   2:08-cv-01618-LDG-GWF<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR 26-1(e)**<br><br>**(SPECIAL REVIEW REQUESTED)** |

| | |
|---|---|
| 1 | BOULEVARD ASSOCIATES, LLC; |
| | BOULEVARD MALL I LLC, as successor-in- |
| 2 | interest/surviving corporation/agent for |
| | BOULEVARD ASSOCIATES, L.L.C.; |
| 3 | BOULEVARD MALL II LLC, as successor-in- |
| | interest/surviving corporation/agent for |
| 4 | BOULEVARD ASSOCIATES, LLC; |
| | CONSTRUCTION DEVELOPERS INC.; |
| 5 | FEDERATED WESTERN DEPT. STORES, |
| | INC.; GENERAL GROWTH PROPERTIES; |
| 6 | MELVIN SHAPIRO; SHAPIRO BROS. |
| | INVESTMENT CO.; DELIA'S CLEANERS OF |
| 7 | ARIZONA, INC.; CB RICHARD ELLIS |
| 8 | Defendants. |

Pursuant to Local Rule 26-1(d), the parties submit the following Discovery Plan and Scheduling Order. A special scheduling review is requested.

I.      **INFORMATION PURSUANT TO FRCP 26(F)**

1.      The case conference was held on March 5, 2009, and attended by Alexander Robertson, IV, Esq., Jennifer Taylor, Esq., Jan A Greben, Esq., Jeff Oberman, Esq., Randolph Howard, Esq. and Jason Gerber, Esq.

- On November 19, 2008, Plaintiffs filed their Complaint in United States District Court.

- On January 16, 2009, Defendants Melvin Shapiro, individually and Shapiro Bros. Investment Co., a dissolved Nevada corporation filed its Answer to the Complaint.

- On January 20, 2009, Defendant CB Richard Ellis, Inc. filed its Answer to the Complaint.

- On January 20, 2009, Defendants Maryland Square Shopping Center, LLC, Herman Kishner, dba Maryland Square Shopping Center, Irwin Kishner, Jerry Engel, Bank of America, as Trustee for The Herman Kishner Trust, Maryland Square, LLC and Clark County School District filed its Answer to the Complaint.

2.      **Initial Disclosures**. The parties will exchange the information required by FRPC Rule 26 (a) (1) on or about **April 17, 2009**.

3.      **Discovery Plan**. Discovery in this matter will proceed in phases. The first phase will address fact and percipient discovery. Once the first phase is completed, a

M&A:04385-031 780300_1 4/3/2009 11:46 AM

second phase regarding the expert discovery will be necessary. The parties jointly propose to the Court the following discovery plan:

      a.     **Subject to Discovery**. Discovery will be needed on all subject related to claims and defenses of the parties.

      b.     **Discovery Deadlines**. Fact Discovery will take in excess of 180 days. Special review is requested. All Fact Discovery shall be completed by **October 1, 2009**, and all discovery must be completed by **March 1, 2010**.

      c.     **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)**. This case will be expert intensive. As such, a period of expert discovery coinciding with the parties' disclosure obligations must take place prior to the deadline for filing dispositive motions. Expert disclosure, in compliance with Fed. R. Civ. P. 26(a)(3), will proceed according to the following:

           i.     Plaintiffs shall disclose experts and expert reports on **November 2, 2009**, 30 days after the completion of fact discovery;

           ii.     Defendants shall disclose experts and expert reports on **December 1, 2009**, 30 days after Plaintiffs' expert disclosures;

           iii.     Plaintiffs shall disclose rebuttal experts and their expert reports on **January 4, 2010**, 30 days after Defendants' disclosures;

           iv.     Expert discovery, including document discovery and depositions, shall be completed 90 days after the deadline for rebuttal expert disclosures on **March 1, 2010**.

4.     **Other Deadlines**.

      a.     **Amending the Pleadings and Adding Parties**. The parties shall have until **June 30, 2009**, to file any motion(s) to amend the pleadings or to add parties.

. . .

M&A:04385-031 780300_1 4/3/2009 11:46 AM

b. **Interim Status Report**.  The parties shall file the interim status report required by LR 26-3 by **July 31, 2009**.  The undersigned counsel certify that they have read LR 26-3 and that this date is not later than 60 days before the fact discovery cut off date.

c. **Dispositive Motions**.  The parties shall have until **April 1, 2010**, to file dispositive motions.  This is 30 days after the close of discovery.

d. **Pretrial Order**.  The pretrial order shall be filed by **May 3, 2010**, which is not more than 30 days after the date set for filing dispositive motions in the case.  This deadline will be suspended if a dispositive motion is timely filed.  The disclosures required by Fed. R. Civ. P. 26(e)(5) shall be made in the joint pretrial order.

e. **Later Appearing Parties**.  A copy of this discovery plan and scheduling order shall be served on any person served after it is entered, or if additional defendants should appear, 5 days after their first appearance.  This discovery plan and scheduling order shall apply to such later appearing part(y)(ies) unless the Court, on motion and for good cause shown, orders otherwise.

f. **Extensions/Modifications of the discovery plan and scheduling order**.  LR 26-4 governs modifications for extensions of this discovery plan and scheduling order.  Any stipulation or motion must be made not later than 20 days before the discovery cut off date and comply fully with LR 26-4.

5. **Other items**:

a. In view of the number of parties, the parties agree that depositions in excess of the presumptive limits on depositions in Fed.R.Civ.P. 30(a)(2)(A)(i) will be necessary.  The parties agree to meet and confer and work in good faith throughout to identify the

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1         number of depositions necessary to complete all discovery.

2    b.    The parties agree that they will use reasonable efforts to schedule depositions by agreement and make best efforts to select mutually convenient dates, times and places for depositions. Unless otherwise agreed, formal notice of depositions being scheduled is required. All parties shall receive notice of a scheduled deposition at least twenty-one (21) calendar days before a deposition is scheduled to commence.

   c.    Depositions may be scheduled Monday through Friday, and unless otherwise agreed, shall commence no earlier than 9 a.m. and conclude no later than 5 p.m., local time. No depositions shall be scheduled on the following dates: court hearing dates, Martin Luther King, Jr.'s Birthday, President's Day, Good Friday Passover (first two days), the day after Easter (Monday), St. Patrick's Day, Memorial Day, Independence Day (including the preceding Monday, if it falls on a Tuesday or the following Friday if it falls on a Thursday, Labor Day, Rosh Hashanah (two days), Yom Kippur (two days), Columbus Day, Veterans Day, and Thanksgiving (Wednesday, Thursday and Friday). In addition, no depositions shall be scheduled between December 20th and January 5th.

   d.    The following procedures for asserting claims of privilege after production shall apply: If any information or document alleged to be subject to attorney-client privilege, attorney work product or any other applicable privilege or immunity from discovery is inadvertently produced, despite reasonable safeguards, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to any claim of privilege, work product or

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:04385-031 780300_1 4/3/2009 11:46 AM

other ground for withholding production to which the producing party would otherwise be entitled. The parties stipulate that Fed. R. Civ. P. 26(b)(5)(B) is otherwise fully applicable.

e. No experts will be required to produce draft reports, and such draft reports are protected from discovery.

f. The deadlines for responding to any discovery or for providing a privilege log may be extended by mutual agreement of the requesting and responding parties, without the need for an order from this Court.

g. No views or proposals were raised regarding the disclosure or discovery of electronically stored information.

h. The discovery schedule may only be amended by the Court after a meet and confer by the parties to discuss any changes, extensions or continuations.

APPROVED AS TO FORM AND CONTENT.

ROBERTSON & VICK, LLP                                      Dated: _____April 3, 2009_____

_____/s/ Jennifer L. Taylor, Esq._____
ALEXANDER ROBERTSON, IV, ESQ.
JENNIFER L. TAYLOR
Attorneys for Plaintiffs

MARQUIS & AURBACH                                         Dated: _____April 3, 2009_____

_____/s/ Jason M. Gerber, Esq._____
ALBERT G. MARQUIS, ESQ.
JASON M. GERBER, ESQ.
Attorneys for Defendants
Maryland Square Shopping Center, LLC,
Herman Kishner, dba Maryland Square Shopping Center, Irwin Kishner, Jerry Engel,
Bank of America, as Trustee for
The Herman Kishner Trust, Clark County
School District and Maryland Square LLC

M&A:04385-031 780300_1 4/3/2009 11:46 AM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

| | |
|---|---|
| BROWNSTEIN HYATT FARBER SCHRECK | Dated: April 3, 2009 |

_____/s/ Debra Spinelli, Esq._____
JAMES J. PISANELLI, ESQ.
DEBRA SPINELLI, ESQ.
Attorneys for Defendants
Boulevard Associates; Boulevard Mall;
Boulevard Mall I LLC, Boulevard Mall II, LLC,
Construction Developers, Inc.; General
Growth Management, Inc. and Macy's Department
Stores, Inc.

| | |
|---|---|
| KOLESAR & LEATHAM,. CHTD. | Dated: April 3, 2009 |

_____/s/ Randolph L. Howard, Esq._____
RANDOLPH L. HOWARD. ESQ.
JOSEPH G. WENT, ESQ.
Attorneys for Defendant
CB Richard Ellis

| | |
|---|---|
| LEVIN & OBERMAN | Dated: April 3, 2009 |

_____/s/ Jeffrey T. Oberman, Esq._____
JEFFREY T. OBERMAN, ESQ.
Attorney for Defendants
Melvin Shapiro, Shapiro Brothers
Investment Company

IT IS SO ORDERED this \_\_\_ day of April, 2009.

_____
United States District Court Judge        Dated

M&A:04385-031 780300_1 4/3/2009 11:46 AM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 1 of 1

M&A:04385-031 780300_1 4/3/2009 11:46 AM
089520, 000005, 102729695.2