**Marquis & Aurbach**
ALBERT G. MARQUIS, ESQ.
Nevada Bar No. 1919
JASON M. GERBER, ESQ.
Nevada Bar No. 9812
10001 Park Run Drive
Las Vegas, Nevada 89145
Phone: (702) 821-2427
Fax: (702) 856-8914
E-mail: jgerber@marquisaurbach.com
Attorney for Defendants Maryland Square
Shopping Center, LLC, the Herman Kishner Trust
dba Maryland Square Shopping Center,
Irwin Kishner, Jerry Engel,
Bank of America, as Trustees for
The Herman Kishner Trust, and
Maryland Square, LLC and the
Clark County School District

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PETER J. VOGGENTHALER; VICTOR BECERRA; ARTHUR BODENDORFER; BRENDA C. CHAFFIN; MICHAEL J. SOLMI; JASON COWLES; JANE GAUTHIER; HONORE GAUTHIER; NIKOLAS KONSTANTINOU; DRAGAN KURAJICA; KENNETH LOWTHER; JAMES LUEHMANN; JACQUELINE LUEHMANN; RUTH MANNHEIMER; WILLIAM MONTERO; BARBARA MONTERO; CLIFFORD ROGERS; SHARON ROGERS; HERMANN ROSNER; MARKUS ROTHKRANZ; DANIEL SOLDINI; CHARLES WALKER; VERNA WALKER; JACK YENCHEK; OFELIA YENCHEK; RICHARD MALM; ROGER ELLSWORTH; JO ANN ELLSWORTH; MARGARET RUDELICH-HOPPE; PATRICIA MAHONEY, individually and as trustee for the MAHONEY LIVING TRUST; RICHARD FALEN; PETER LEARNED; KRISTIAN MEIER; ELIZA ACOSTA; MIRHA ELIAS; AIKO BERGE<br><br>Plaintiffs,<br><br>vs.<br><br>MARYLAND SQUARE, LLC; MARYLAND SQUARE SHOPPING CENTER LIMITED LIABILITY COMPANY; HERMAN KISHNER dba MARYLAND SQUARE SHOPPING CENTER; IRWIN KISHNER, JERRY ENGEL, BANK OF AMERICA as Trustees for the | Case No.:   2:08-cv-01618-LDG-GWF<br><br>**MARYLAND SQUARE SHOPPING CENTER, LLC, THE HERMAN KISHNER TRUST DBA MARYLAND SQUARE SHOPPING CENTER, IRWIN KISHNER, JERRY ENGEL, BANK OF AMERICA, AS TRUSTEES FOR THE HERMAN KISHNER TRUST, MARYLAND SQUARE, LLC AND THE CLARK COUNTY SCHOOL DISTRICT'S THIRD PARTY COMPLAINT** |

M&A:04385-031 971304_1.DOC 2/3/2010 11:52 AM

| | |
|---|---|
| 1 | HERMAN KISHNER TRUST; CLARK COUNTY SCHOOL DISTRICT; THE BOULEVARD MALL, as successor-in-interest/surviving corporation/agent for BOULEVARD ASSOCIATES, LLC; BOULEVARD MALL I LLC, as successor-in-interest/surviving corporation/agent for BOULEVARD ASSOCIATES, L.L.C.; BOULEVARD MALL II LLC, as successor-in-interest/surviving corporation/agent for BOULEVARD ASSOCIATES, LLC; CONSTRUCTION DEVELOPERS INC.; FEDERATED WESTERN DEPT. STORES, INC.; GENERAL GROWTH PROPERTIES; MELVIN SHAPIRO; SHAPIRO BROS. INVESTMENT CO.; DELIA'S CLEANERS OF ARIZONA, INC.; CB RICHARD ELLIS |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | Defendants. |
| 11 | |
| 12 | MARYLAND SQUARE SHOPPING CENTER, LLC, THE HERMAN KISHNER TRUST DBA MARYLAND SQUARE SHOPPING CENTER, IRWIN KISHNER, JERRY ENGEL, BANK OF AMERICA, AS TRUSTEES FOR THE HERMAN KISHNER TRUST, MARYLAND SQUARE, LLC AND THE CLARK COUNTY SCHOOL DISTRICT'S, |
| 13 | |
| 14 | |
| 15 | |
| 16 | Third Party Plaintiffs, |
| 17 | vs. |
| 18 | GENERAL GROWTH MANAGEMENT, INC., a foreign corporation; BOULEVARD MALL, LLC, a foreign limited liability company; SEARS ROEBUCK & CO., a foreign corporation; GOOD YEAR TIRE & RUBBER CO., a foreign corporation; WIENS PROPERTIES, LLC, a Nevada Limited Liability Company; TERRIBLE HERBST, INC., a Nevada corporation, SUPERIOR TIRE, INC., a dissolved Nevada corporation, DR. CLEAN MANAGEMENT, INC., a revoked Nevada corporation, THE HOYT CORPORATION, a Maryland corporation, BOWE PERMAC, INC., a Texas corporation, and GOSS-JEWETT & CO., a suspended California corporation. |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | Third Party Defendants. |
| 27 | |
| 28 | |

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## THIRD PARTY COMPLAINT

Defendants/Third Party Plaintiffs Maryland Square Shopping Center, LLC, the Herman Kishner Trust, dba Maryland Square Shopping Center, Irwin Kishner, Jerry Engel, Bank of America, as Trustees for The Herman Kishner Trust, and Maryland Square, LLC and the Clark County School District ("Third Party Plaintiffs"), through the law firm of Marquis & Aurbach, hereby file their Third Party Complaint.

## JURISDICTION AND VENUE

1. The Third Party Plaintiffs' claims against the Third Party Defendants arise out of alleged environmental contamination commonly known as the Maryland Square PCE plume east of South Maryland Parkway in Las Vegas, Nevada.

2. This action primarily arises under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §9607. The Federal Courts have original jurisdiction over all civil actions arising out of the Constitution, laws or treaties of the United States. 28 U.S.C. §1331.

3. This court has supplemental jurisdiction over any and all state claims raised in this Third Party Complaint pursuant to 28 U.S.C. § 1367. The federal and state claims alleged herein are based on the same set of operative facts. Judicial economy, convenience and fairness to the parties will all result if this Court assumes and exercises jurisdiction over the state claims.

4. Pursuant to 28 U.S.C. § 1391(b), 33 U.S.C. §1365(c)(1) and 42 U.S.C. §§ 9613, 6972(a), venue lies in this district as the acts, operations, facilities and real property at issue in this dispute occurred and are located within this District.

5. Venue is appropriate in this district as all the Third Party Defendants provided equipment, materials and/or services to this district.

6. Further, venue is appropriate because all Third Party Defendants maintained contact with this district such that it is fair and reasonable to maintain this action.

. . .

. . .

. . .

M&A:04385-031 971304_1.DOC 2/3/2010 11:52 AM

**THE PARTIES**

7. Irwin Kishner, Jerry Engel and Bank of American, N.A. are the duly appointed and acting co-trustees of the Herman Kishner Trust, which was created by Declaration of Trust dated October 17, 1969 by Herman Kishner as Trustor.

8. Maryland Square Shopping Center Limited Liability Company is a limited liability company organized and existing under the law of the State of Nevada.

9. Clark County School District is a political subdivision of Clark County, Nevada.

10. Maryland Square Limited Liability Company is a limited liability company organized and existing under the laws of the State of Nevada.

11. Irwin Kishner, Jerry Engel, Bank of America, N.A., Maryland Square Shopping Center Limited Liability Company, Clark County School District and Maryland Square Limited Liability Company each at certain times owned certain real property commonly known 3651 to 3681 South Maryland Parkway, Las Vegas, Nevada, on which a shopping center was located (the "Maryland Square Property").

12. Maryland Square Shopping Center, LLC, Clark County School District, the Herman Kishner Trust dba Maryland Square Shopping Center, Irwin Kishner, Jerry Engel, Bank of America, as Trustees for The Herman Kishner Trust, and Maryland Square, LLC will be collectively referred to throughout this Third Party Complaint as the "Maryland Square Parties."

13. General Growth Management, Inc. is a foreign corporation authorized to and doing business in Clark County, Nevada.

14. Boulevard Mall, LLC is a foreign limited liability company authorized to and doing business in Clark County, Nevada.

15. General Growth Management, Inc. and Boulevard Mall, LLC will be referred to throughout this Third Party Complaint collectively as "Boulevard Mall."

16. Sears Roebuck & Co. is a foreign corporation authorized to and doing business in Clark County, Nevada.

17. Good Year Tire & Rubber Co. is a foreign corporation authorized to and doing business in Clark County, Nevada.

M&A:04385-031 971304_1.DOC 2/3/2010 11:52 AM

1    18.   Wiens Properties, LLC is a Nevada Limited Liability Company authorized to and
2  doing business in Clark County, Nevada.

3    19.   Terrible Herbst, Inc. is a Nevada corporation authorized to and doing business in
4  Clark County, Nevada.

5    20.   Superior Tire, Inc. is a dissolved Nevada corporation that previously performed
6  business in Clark County, Nevada.

7    21.   Dr. Clean Management, Inc. is a revoked Nevada corporation that previously
8  performed business in Clark County, Nevada.

9    22.   The Hoyt Corporation is a Massachusetts corporation that supplied material and
10  equipment to Las Vegas, Nevada for the purposes of a dry cleaning operation. Hoyt Corporation
11  established minimum contact with Las Vegas, Nevada through provision and sale of materials
12  and equipment in this jurisdiction.

13    23.   Bowe Permac, Inc., individually and as successor in interest to Vick
14  Manufacturing Co., Inc. Bowe Permac, Inc. is a Texas corporation providing materials and
15  equipment to Las Vegas, Nevada. Bowe Permac established minimum contact with Las Vegas,
16  Nevada through provision and sale of materials and equipment in this jurisdiction.

17    24.   Goss-Jewett & Co. is a suspended California corporation. Goss-Jewett
18  established minimum contact with Las Vegas, Nevada through provision and sale of materials
19  and equipment in this jurisdiction.

## GENERAL ALLEGATIONS

21    25.   This dispute arises from the allegations of the Plaintiffs concerning the presence
22  of a PCE plume in the soil and groundwater beneath their homes.

23    26.   The Plaintiffs are homeowners residing to the east of the Boulevard Mall,
24  Maryland Parkway and the former site of the Maryland Square Shopping Center in Las Vegas,
25  Nevada.

26    27.   Plaintiffs allege the owners of the Maryland Square Property and the operators of
27  a dry cleaner located on the Maryland Square site contaminated the groundwater and soil through
28  spills of perchloroethelene ("PCE") during the dry cleaning operation.

M&A:04385-031 971304_1.DOC 2/3/2010 11:52 AM

28. Plaintiffs allege PCE and the other chemical contaminants that may constitute the PCE Plume are hazardous materials.

29. The Maryland Square Defendants believe the Third Party Defendants are wholly or partially responsible for the PCE or other chemical contamination that may form the plume alleged to exist beneath the Plaintiffs' homes.

## THE MARYLAND SQUARE PROPERTY

30. Between 1968 and 2001 the Maryland Square Shopping Center included a dry cleaning tenant.

31. The tenant was owned and operated from 1968 to 1984 by the Shapiro parties named in the Plaintiffs' Complaint and the Maryland Square Defendants' Counter-Crossclaims.

32. In 1984, the Shapiro Defendants transferred their interests to the Johnson Group and successor entities. The dry cleaner ceased operations in 2001.

## EQUIPMENT SUPPLIERS

33. The Shapiro Defendants and the successor entities who operated the dry cleaners used equipment specifically designed for the purposes of dry cleaning operations.

34. The equipment used in the dry cleaning facility was provided by certain Third Party Defendants. Particularly, the equipment was provided by Bowe Permac, Inc. individually and as a successor in interest to Vick Manufacturing Company, Inc., Goss-Jewett & Co. and Hoyt Corporation. These entities will be referred to collectively as the "Equipment Entities."

35. The Equipment Entities supplied the Equipment used in the dry cleaning operations at the Maryland Square Property between 1968 and 2001.

36. The equipment used in the dry cleaning operations and supplied by the Equipment Entities did not operate properly.

37. The equipment provided by the Equipment Entities was designed improperly.

38. The Equipment Entities did not take reasonable care in designing the equipment to protect against spills and/or other accidental releases of PCE or other hazardous materials.

39. As a result of the conduct of the Equipment Supply Entities, the Maryland Square Parties have been harmed.

M&A:04385-031 971304_1.DOC 2/3/2010 11:52 AM

# THE BOULEVARD MALL SITE

40. The Boulevard Mall lies in between the Maryland Square Property and the homes owned by the Plaintiffs.

41. The Boulevard mall currently or in the past has had tenants who used PCE or other chemical contaminants in the performance of their operations. These entities include, but are not limited to, a Sears Automotive Center, a Good Year Automotive Center, and/or the Ted Wiens Automotive Center. These entities will be referred to collectively as "The Boulevard Mall Operators."

42. Throughout the history of the Boulevard Mall, The Boulevard Mall Operators have used PCE or other hazardous materials in their operations.

43. Upon information and belief, the Boulevard Mall Operators have spilled or otherwise accidentally discharged PCE or other hazardous materials that may have contributed to the plume alleged by the Plaintiffs.

44. In 1991, a hydrocarbon spill was reported at the Good Year Automotive Center located on the Boulevard Mall property.

45. In 1993, a reported spill at the Ten Wiens Service Center was investigated.

46. In 1993 and 2000 remediation action at the Sears Automotive Center occurred.

47. Upon information and belief, the Boulevard Mall Operators released PCE or other chemical contaminants into the soil and groundwater.

48. Upon information and belief, the release of these contaminants may hazardous materials contributing to the PCE plume alleged by the Plaintiffs.

49. Upon information and belief, the plume alleged by the Plaintiffs includes a "hotspot" of PCE in the soil and groundwater directly beneath the Boulevard Mall.

50. The Boulevard Mall Operators failed to take reasonable care in handling PCE and other hazardous materials.

51. As a result of this failure to act with reasonable care, the Boulevard Mall Operators caused harm.

. . .

M&A:04385-031 971304_1.DOC 2/3/2010 11:52 AM

52. The Boulevard Mall was responsible to ensure that the Boulevard Mall Operators handled PCE and other hazardous materials with care.

53. The Boulevard Mall failed to act reasonably with regard to its responsibility to ensure its operators handle PCE and other hazardous materials with care.

54. As a result of this failure, the Boulevard Mall caused harm.

## DR. CLEAN MANAGEMENT, INC.

55. Dr. Clean Management, Inc. ("Dr. Clean") operated a dry cleaning facility on Maryland Parkway in Las Vegas, Nevada.

56. The Dr. Clean location is only blocks away from the Maryland Square Property and the Boulevard Mall.

57. Dr. Clean used PCE and other hazardous materials in its operations.

58. On or about 1993, a spill of more than 300 gallons of PCE occurred at the Dr. Clean location.

59. Upon information and belief, the PCE spill at the Dr. Clean site has contributed to the PCE plume the Plaintiffs allege.

60. Dr. Clean had a responsibility to act reasonably in handling PCE and other hazardous materials.

61. Dr. Clean failed in this responsibility.

62. As a result of this failure, Dr. Clean has caused harm.

## SUPERIOR TIRE, INC.

63. Superior Tire, Inc. operated an automotive center at 3415 South Maryland Parkway in Las Vegas, Nevada.

64. Upon information and belief, PCE and other chemical contaminants were used during the operation of Superior Tire, Inc.'s business at this location.

65. Between 1993 and 1995, hazardous materials leaks were discovered at the Superior Tire location on numerous occasions.

66. Upon information and belief, the hazardous materials that leaked from the Superior Tire location have contributed to the PCE plume alleged by the Plaintiffs.

M&A:04385-031 971304_1.DOC 2/3/2010 11:52 AM

67. Superior Tire, Inc. had a responsibility to properly handle PCE and other hazardous materials with care. Superior Tire failed in this responsibility as spills and other accidental discharges of hazardous materials occurred at their site.

68. As a result of this failure, Superior Tire, Inc. caused harm.

### TERRIBLE HERBST, INC.

69. Terrible Herbst, Inc. owned the service station known at Terrible #124 at 4090 South Maryland Parkway.

70. Between 1990 and 2006, hazardous materials releases occurred at the Terrible's #124 site.

71. The Terrible's #124 site is only blocks way from the Maryland Square Property and the Boulevard Mall.

72. Upon information and belief, the accidental release of hazardous materials from the Terrible's #124 site contributed to the PCE plume alleged by the Plaintiffs.

73. Terrible Herbst, Inc. had a responsibility to properly handle PCE and other chemical contaminants with care.

74. Terrible Herbst failed in this obligation when it allowed accidental spills or releases of hazardous materials.

75. As a result of this failure, Terrible Herbst, Inc. caused harm.

### FIRST CAUSE OF ACTION
(Recovery of Response Costs Pursuant to CERCLA §107(a)(1-4)(B) Against All Third Party Defendants )

76. Third Party Plaintiffs repeat, re-allege, and incorporate all the allegations above as though fully set forth herein.

77. Third Party Plaintiffs, who are each a "person" as defined by CERCLA §101(21), 42 U.S.C. §9601(21), have been and currently remain engaged in conducting studies and other activities designed to develop an appropriate response plan for removal and/or remedial action with regard to the released hazardous substances.

78. Third Party Plaintiffs have incurred and will continue to incur substantial response costs in developing and implementing the appropriate response action under the

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:04385-031 971304_1.DOC 2/3/2010 11:52 AM

supervision of the Nevada Department of Environmental Protection and other appropriate government agencies or as approved by this Court.

79. To date, Third Party Plaintiffs have incurred response costs to fully characterize the properties, including, but not limited to, soil gas surveys to define possible contamination and research to determine groundwater flow direction, all of which is designed to provide adequate information concerning the characterization. In addition, the Third Party Plaintiffs will incur continuing response costs to complete the characterization in an as yet undetermined amount to address existing and future potential groundwater issues and search for potentially responsible parties.

80. All such response costs incurred and that will be incurred have been and will continue to be necessary and consistent.

81. At all times relevant herein, there were releases or threatened releases of hazardous substances from facilities operated by the Shapiro parties, the Boulevard Mall Operators, Ted Wiens Automotive, Superior Tire, Inc. and Terrible Herbst.

82. At all times relevant herein, the equipment supply entities provided equipment for operation at the Maryland Square Shopping Center dry cleaner operated by the Shapiro Parties.

83. The release of hazardous substances from all the facilities have caused and continue to cause response costs.

84. Pursuant to 42 U.S.C. §9607(a), the Third Party Defendants are liable to the Plaintiffs for all necessary response costs incurred by the Third Party Plaintiffs in responding to the released hazardous substances.

85. As a direct and proximate cause of Third Party Defendants' actions, Third Party Plaintiffs have been damaged in an amount in excess of $10,000.00.

86. Third Party Plaintiffs have been required to engage the services of an attorney in these proceedings and have incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Third Party Plaintiffs are entitled to reimbursement from Third Party Defendants for those reasonable attorney fees and costs incurred herein.

M&A:04385-031 971304_1.DOC 2/3/2010 11:52 AM

## SECOND CAUSE OF ACTION
### (Contribution Pursuant to CERCLA §13(f) Against All Defendants)

87. Third Party Plaintiffs repeat, re-allege, and incorporate all the allegations above as though fully set forth herein.

88. Plaintiffs have brought claims under RCRA against the Maryland Square Parties alleging the Maryland Square Parties are liable for damages allegedly suffered by the Plaintiffs. The Maryland Square Parties have denied any and all liability under such claims. However, if the Maryland Square Parties are found to be liable under RCRA, the Third Party Defendants and each of them are liable to the Maryland Square Parties for their acts or omissions.

89. If the allegations in the Plaintiffs' Complaint are true, then the Third Party Defendants, and each of them, are owners, operators, arrangers and/or transporters as described in CERCLA (42 U.S.C. §9607(a)).

90. If the allegations in the Plaintiffs' Complaint are true, then the Third Party Defendants, and each of them, are liable under CERCLA, and the Maryland Square Parties are entitled to contribution from the Third Party Defendants toward any damages, costs, expenses, judgments, settlement sums or penalties that the Maryland Square Parties may be required to pay.

91. As a direct and proximate cause of Third Party Defendants' actions, Third Party Plaintiffs have been damaged in an amount in excess of $10,000.00.

92. Third Party Plaintiffs have been required to engage the services of an attorney in these proceedings and have incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Third Party Plaintiffs are entitled to reimbursement from Third Party Defendants for those reasonable attorney fees and costs incurred herein.

## THIRD CAUSE OF ACTION
### (Equitable Indemnity Against All Defendants)

93. Third Party Plaintiffs repeat, re-allege, and incorporate all the allegations above as though fully set forth herein.

M&A:04385-031 971304_1.DOC 2/3/2010 11:52 AM

94. In the event liability should be established in this action or any administrative or regulatory action based on the contamination alleged by the Plaintiffs, whose liability is expressly denied, the Maryland Square Parties allege on information and belief that such liability was realized wholly or partly by reason of the conduct of the Third Party Defendants and/or that the Third Party Defendants are jointly liable for said liability.

95. The Third Party Defendants are, therefore, bound and obligated to defend, indemnify and hold harmless the Maryland Square Parties from and against any and all claims, losses, damages, attorney fees, judgments and settlement expenses incurred, or to be incurred, in this action.

96. As a direct and proximate cause of Third Party Defendants' actions, Third Party Plaintiffs have been damaged in an amount in excess of $10,000.00.

97. Third Party Plaintiffs have been required to engage the services of an attorney in these proceedings and have incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Third Party Plaintiffs are entitled to reimbursement from Third Party Defendants for those reasonable attorney fees and costs incurred herein.

**FOURTH CAUSE OF ACTION**
**(Declaratory Relief Against All Defendants)**

98. Third Party Plaintiffs repeat, re-allege, and incorporate all the allegations above as though fully set forth herein.

99. A determination of proportionate degree of liability, if any, of the Maryland Square Parties on the one hand and the Third Party Defendants on the other, is necessary to protect the rights of the Maryland Square Parties.

100. An actual controversy has arisen and now exists relating to the legal rights and duties of the Maryland Square Parties and the Defendants, and each of them, for which the Maryland Square Parties desire a declaration of their rights and indemnification, in which the Maryland Square Parties contend, and the Maryland Square Parties are informed and believe that Third Party Defendants deny the following:

      a.    That as between these parties, the responsibility, if any, for the damages claimed by the Plaintiffs rests entirely on the Third Party Defendants;

      b.    That as a result, the Third Party Defendants are obligated to fully or partially indemnify the Maryland Square Parties for sums that the Maryland Square Parties may be held to pay as a result of any damages, judgments, settlement or other awards recovered against the Maryland Square Parties by the Plaintiffs or by any Federal or State entity as a result of the alleged toxic chemical contamination identified in the Plaintiffs' Complaint; and

      c.    The Maryland Square Parties are informed and believe that the Third Party Defendants deny any such liability.

101. The Maryland Square Parties are entitled to, and hereby request, a judicial determination of the Maryland Square Parties' rights, indemnification and contribution, and a declaration that the Third Party Defendants and/or others and not the Maryland Square Parties, are liable for all the costs incurred, and to be incurred to remove, clean up and remediate the alleged hazardous substance contamination of the soil and groundwater in and around the Plaintiffs' properties.

102. As a direct and proximate cause of Third Party Defendants' actions, Third Party Plaintiffs have been damaged in an amount in excess of $10,000.00.

103. Third Party Plaintiffs have been required to engage the services of an attorney in these proceedings and have incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Third Party Plaintiffs are entitled to reimbursement from Third Party Defendants for those reasonable attorney fees and costs incurred herein.

### FIFTH CAUSE OF ACTION
**(Negligence Against the Boulevard Mall)**

104. Third Party Plaintiffs repeat, re-allege, and incorporate all the allegations above as though fully set forth herein.

105. The Maryland Square Parties are informed and believe, and thereon allege, that during the Boulevard Mall's ownership, sudden and accidental releases of PCE occurred that may have contributed to the plume alleged by the Plaintiffs.

M&A:04385-031 971304_1.DOC 2/3/2010 11:52 AM

106. These sudden and accidental releases of PCE and other hazardous materials occurred during the operations of the Boulevard Mall Operators.

107. The Boulevard Mall breached its duty by negligently causing, permitting and/or contributing to contamination resulting from the operations of its tenants.

108. As a direct and proximate result of the Boulevard Mall's negligence, the Maryland Square Parties have suffered damages.

109. Plaintiffs have brought claims under RCRA against the Maryland Square Parties alleging the Maryland Square Parties are liable for response costs allegedly incurred by the Plaintiffs. The Maryland Square Parties have denied any and all liability under such claims. However, if the Maryland Square Parties are found to be liable under RCRA, the Third Party Defendants and each of them are liable to the Maryland Square Parties for their acts or omissions.

110. If the allegations in the Plaintiffs' Complaint are true, then the Third Party Defendants, and each of them, are owners, operators, arrangers and/or transporters as described in CERCLA (42 U.S.C. §9607(a)).

111. If the allegations in the Plaintiffs' Complaint are true, then the Third Party Defendants, and each of them, are liable under CERCLA, and the Maryland Square Parties are entitled to contribution from the Third Party Defendants toward any damages, costs, expenses, judgments, settlement sums or penalties that the Maryland Square Parties may be required to pay.

112. As a direct and proximate cause of Third Party Defendants' actions, Third Party Plaintiffs have been damaged in an amount in excess of $10,000.00.

113. Third Party Plaintiffs have been required to engage the services of an attorney in these proceedings and have incurred attorney fees that were a reasonable foreseeable consequence and a necessary and proximate result of the conduct alleged above and therefore Third Party Plaintiffs are entitled to reimbursement from Third Party Defendants for those reasonable attorney fees and costs incurred herein.

. . .

M&A:04385-031 971304_1.DOC 2/3/2010 11:52 AM

WHEREFORE, Third Party Plaintiffs pray as follows:

1. For an award of damages in excess of $10,000;

2. For reasonable attorney's fees, costs, expert costs, and expenses, pursuant to statutory law, common law, and contract law to prosecute this third party complaint;

3. For equitable and/or express indemnity for all damages and/or economic losses paid by Third Party Plaintiffs to plaintiff in the main action to resolve this suit;

4. For prejudgment interest;

5. For an appointment of liability among the third party defendants, and each of them;

6. For a declaration of rights and obligations between Third Party Plaintiffs and third party defendants regarding Third Party Plaintiffs' rights of indemnification.

7. For a declaration of rights and obligations between Third Party Plaintiffs and third party defendants regarding Third Party Plaintiffs' rights of defending the main action;

8. For contribution pursuant to NRS 17.225; and

9. For such other and further relief as this Court may deem just, equitable and proper.

DATED: This 3rd day of February, 2010.

Respectfully submitted by:

MARQUIS & AURBACH

By:_____
ALBERT G. MARQUIS, ESQ.
Nevada State Bar No. 1919
JASON M. GERBER, ESQ.
Nevada Bar No. 9812
10001 Park Run Drive
Las Vegas, Nevada 89145

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:04385-031 971304_1.DOC 2/3/2010 11:52 AM

**NOTICE OF ELECTRONIC SERVICE**
**PROOF OF SERVICE**

STATE OF NEVADA, COUNTY OF CLARK

I am employed in the County of Clark, State of Nevada. I am over the age of 18 and not a party to the within action; my business address is 10001 Park Run Drive, Las Vegas, NV 89145.

On February 3, 2010, the foregoing documents described as MARYLAND SQUARE SHOPPING CENTER, LLC, THE HERMAN KISHNER TRUST DBA MARYLAND SQUARE SHOPPING CENTER, IRWIN KISHNER, JERRY ENGEL, BANK OF AMERICA, AS TRUSTEES FOR THE HERMAN KISHNER TRUST, MARYLAND SQUARE, LLC AND THE CLARK COUNTY SCHOOL DISTRICT'S THIRD PARTY COMPLAINT was served upon the parties in this action as set forth below:

| | |
|---|---|
| Alexander Robertson, IV, Esq.<br>Jennifer L. Taylor, Esq.<br>ROBERTSON & VICK, LLP<br>401 North Buffalo Drive, Suite 202<br>Las Vegas, NV 89145 | Jan Adam Greben, Esq.<br>GREBEN & ASSOCIATES<br>1332 Anacapa Street, Suite 110<br>Santa Barbara, CA 93101<br>*Attorneys for Plaintiffs* |
| Jeremy Gilman, Esq.<br>BENESCH FRIEDLANDER COPLAN & ARONOFF, LLP<br>200 Public Square, Suite 2300<br>Cleveland, OH 44114-2378<br>*Attorney for Defendants MELVIN SHAPIRO, Individually, and SHAPIRO BROS. INVESTMENT CO., a dissolved Nevada corporation* | Jeffrey R. Diver, Esq.<br>JEFFREY R. DIVER, P.C.<br>437 Anthony Street<br>Glen Ellyn, IL 60137 |
| Randolph L. Howard, Esq.<br>KOLESAR & LEATHAM, CHTD.<br>3320 W. Sahara Avenue, Suite 380<br>Las Vegas, NV 89102<br>*Attorneys for Defendant CB Richard Ellis* | Neil J. Beller, Esq.<br>LAW OFFICES OF NEIL J. BELLER, ESQ.<br>7408 W. Sahara Avenue<br>Las Vegas, NV 89101 |

[ X ] Electronically in accordance with United States District Court of the District of Nevada Electronic Filing Procedures, Section IV Service, B. Electronic Service.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

M&A:04385-031 971304_1.DOC 2/3/2010 11:52 AM

Executed on February 3, 2010, at Las Vegas, Nevada. Under penalty of perjury under the laws of the State of Nevada I declare the aforesaid to be true and correct.

_____
An Employee of Marquis & Aurbach

M&A:04385-031 971304_1.DOC 2/3/2010 11:52 AM