**Marquis & Aurbach**
JASON M. GERBER, ESQ.
Nevada Bar No. 9812
10001 Park Run Drive
Las Vegas, NV 89145

And

DONGELL LAWRENCE FINNEY LLP
MICHAEL C. HETEY, ESQ.
mhetey@dlflawyers.com
Nevada Bar No. 5668
RICHARD A. DONGELL, ESQ. (PHV)
rdongell@dlflawyers.com
THOMAS F. VANDENBURG, ESQ. (PHV)
tvandenburg@dlflawyers.com
MICHAEL E. GALLAGHER, ESQ. (PHV)
mgallagher@dlflawyers.com
2300 West Sahara Ave., Suite 800
Las Vegas, NV 89102
Phone: (702) 856-4558
Fax: (702) 856-4301
Attorneys for Defendants Maryland Square
Shopping Center, LLC, the Herman Kishner
Trust dba Maryland Square Shopping
Center, Irwin Kishner, Jerry Engel, Bank of
America, as Trustees for The Herman
Kishner Trust, and Maryland Square, LLC
and the Clark County School District

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PETER J. VOGGENTHALER; VICTOR BECERRA; ARTHUR BODENDORFER; BRENDA C. CHAFFIN; MICHAEL J. SOLMI; JASON COWLES; JANE GAUTHIER; HONORE GAUTHIER; NIKOLAS KONSTANTINOU; DRAGAN KURAJICA; KENNETH LOWTHER; JAMES LUEHMANN; JACQUELINE LUEHMANN; RUTH MANNHEIMER; WILLIAM MONTERO; BARBARA MONTERO; CLIFFORD ROGERS; SHARON ROGERS; HERMANN ROSNER; MARKUS ROTHKRANZ; DANIEL SOLDINI; CHARLES WALKER; VERNA WALKER; JACK YENCHEK; OFELIA YENCHEK; RICHARD MALM; ROGER ELLSWORTH; JO ANN ELLSWORTH; MARGARET RUDELICH-HOPPE; PATRICIA MAHONEY, individually and as trustee for the MAHONEY LIVING TRUST; RICHARD FALEN; PETER LEARNED; KRISTIAN MEIER; ELIZA ACOSTA; MIRHA ELIAS; AIKO BERGE | Case No.:   2:08-cv-01618-LDG-GWF<br><br>**MARYLAND SQUARE SHOPPING CENTER, LLC, THE HERMAN KISHNER TRUST DBA MARYLAND SQUARE SHOPPING CENTER, IRWIN KISHNER, JERRY ENGEL, BANK OF AMERICA, AS TRUSTEES FOR THE HERMAN KISHNER TRUST, MARYLAND SQUARE, LLC AND THE CLARK COUNTY SCHOOL DISTRICT'S ANSWER TO THIRD PARTY DEFENDANT TERRIBLE HERBST, INC.'S COUNTERCLAIM** |

M&A:04385-031 1019399_1.DOC 4/12/2010 3:16 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

| | |
|---|---|
| 1 | |
| 2 | Plaintiffs, |
| 3 | vs. |
| 4 | MARYLAND SQUARE, LLC; MARYLAND SQUARE SHOPPING CENTER LIMITED LIABILITY COMPANY; HERMAN KISHNER dba MARYLAND SQUARE SHOPPING CENTER; IRWIN KISHNER, JERRY ENGEL, BANK OF AMERICA as Trustees for the HERMAN KISHNER TRUST; CLARK COUNTY SCHOOL DISTRICT; THE BOULEVARD MALL, as successor-in-interest/surviving corporation/agent for BOULEVARD ASSOCIATES, LLC; BOULEVARD MALL I LLC, as successor-in-interest/surviving corporation/agent for BOULEVARD ASSOCIATES, L.L.C.; BOULEVARD MALL II LLC, as successor-in-interest/surviving corporation/agent for BOULEVARD ASSOCIATES, LLC; CONSTRUCTION DEVELOPERS INC.; FEDERATED WESTERN DEPT. STORES, INC.; GENERAL GROWTH PROPERTIES; MELVIN SHAPIRO; SHAPIRO BROS. INVESTMENT CO.; DELIA'S CLEANERS OF ARIZONA, INC.; CB RICHARD ELLIS |
| 15 | |
| 16 | Defendants. |
| 17 | MARYLAND SQUARE SHOPPING CENTER, LLC, THE HERMAN KISHNER TRUST DBA MARYLAND SQUARE SHOPPING CENTER, IRWIN KISHNER, JERRY ENGEL, BANK OF AMERICA, AS TRUSTEES FOR THE HERMAN KISHNER TRUST, MARYLAND SQUARE, LLC AND THE CLARK COUNTY SCHOOL DISTRICT'S, |
| 21 | Third Party Plaintiffs, |
| 22 | vs. |
| 23 | GENERAL GROWTH MANAGEMENT, INC., a foreign corporation; BOULEVARD MALL, LLC, a foreign limited liability company; SEARS ROEBUCK & CO., a foreign corporation; GOOD YEAR TIRE & RUBBER CO., a foreign corporation; WIENS PROPERTIES, LLC, a Nevada Limited Liability Company; TERRIBLE HERBST, INC., a Nevada corporation, SUPERIOR TIRE, INC., a dissolved Nevada corporation, DR. CLEAN |

M&A:04385-031 1019399_1.DOC 4/12/2010 3:16 PM

MANAGEMENT, INC., a revoked Nevada corporation, THE HOYT CORPORATION, a Maryland corporation, BOWE PERMAC, INC., a Texas corporation, and GOSS-JEWETT & CO., a suspended California corporation.

Third Party Defendants.

Maryland Square Shopping Center, LLC, the Herman Kishner Trust dba Maryland Square Shopping Center, Irwin Kishner, Jerry Engel, Bank of America, as Trustees for The Herman Kishner Trust, Maryland Square, LLC and the Clark County School District, by and through their attorneys of record, hereby answer Terrible Herbst, Inc.'s Counterclaim filed against them in this action and state as follows:

### JURISDICTION AND VENUE

1. In answering Paragraph 1, these answering Defendants/Third Party Plaintiffs/Counterdefendants admit the allegations contained therein.

2. In answering Paragraph 2, these answering Defendants/Third Party Plaintiffs/Counterdefendants admit the allegations contained therein.

3. In answering Paragraph 3, these answering Defendants/Third Party Plaintiffs/Counterdefendants admit the allegations contained therein.

### THE PARTIES

4. In answering Paragraph 4, these answering Defendants/Third Party Plaintiffs/Counterdefendants admit the allegations contained therein.

5. In answering Paragraph 5, these answering Defendants/Third Party Plaintiffs/Counterdefendants admit the allegations contained therein.

6. There is no Paragraph 6 in the Counterclaim.

7. There is no Paragraph 7 in the Counterclaim.

8. There is no Paragraph 8 in the Counterclaim.

9. There is no Paragraph 9 in the Counterclaim.

M&A:04385-031 1019399_1.DOC 4/12/2010 3:16 PM

**ALLEGATIONS AGAINST COUNTER-DEFENDANTS**

10. In answering Paragraph 10, these answering Defendants/Third Party Plaintiffs/Counterdefendants admit the allegations contained therein.

11. In answering Paragraph 11, these answering Defendants/Third Party Plaintiffs/Counterdefendants admit the allegations contained therein.

12. In answering Paragraph 12, these answering Defendants/Third Party Plaintiffs/Counterdenfendats deny the allegation contained therein.

**FIRST CLAIM FOR RELIEF**
**(Contribution Pursuant to CERCLA § 113, 42 U.S.C. § 9613 Against All Counter-Defendants)**

13. In answering Paragraph 13, these answering Defendants/Third Party Plaintiffs/Counterdefendants incorporate their responses to Paragraphs 1 to 12 as if fully set forth herein.

14. In answering Paragraph 14, these answering Defendants/Third Party Plaintiffs/Counterdefendants admit the allegations contained therein.

15. In answering Paragraph 15, these answering Defendants/Third Party Plaintiffs/Counterdefendants admit the allegations contained therein.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Relief Under CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2) Against All Counter-Defendants)**

16. In answering Paragraph 16, these answering Defendants/Third Party Plaintiffs/Counterdefendants incorporate their responses to Paragraphs 1 to 15 as if fully set forth herein.

17. In answering Paragraph 17, these answering Defendants/Third Party Plaintiffs/Counterdefendants admit the allegations contained in the 1st and 3rd sentences; however, deny the allegation contained in the 2nd sentence of the Paragraph.

18. In answering Paragraph 18, these answering Defendants/Third Party Plaintiffs/Counterdefendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

. . .

M&A:04385-031 1019399_1.DOC 4/12/2010 3:16 PM

## THIRD CLAIM FOR RELIEF
**(Common Law Claim for Contribution Against All Counter-Defendants)**

19. In answering Paragraph 19, these answering Defendants/Third Party Plaintiffs/Counterdefendants incorporate their responses to Paragraphs 1 to 18 as if fully set forth herein.

20. In answering Paragraph 20, these answering Defendants/Third Party Plaintiffs/Counterdefendants deny the allegations contained therein.

21. The allegations in Paragraph 21 are denied to the extent the allegations can apply to the Maryland Square Defendants. As applied to the remaining Third Party Defendants, the Maryland Square Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

22. The allegations in Paragraph 22 are denied to the extent the allegations can apply to the Maryland Square Defendants. As applied to the remaining Third Party Defendants, the Maryland Square Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

## FOURTH CLAIM FOR RELIEF
**(Equitable Indemnification Against Counter-Defendants)**

23. In answering Paragraph 23, these answering Defendants/Third Party Plaintiffs/Counterdefendants incorporate their responses to Paragraphs 1 to 22 as if fully set forth herein.

24. The allegations in Paragraph 24 are denied to the extent the allegations can apply to the Maryland Square Defendants. As applied to the remaining Third Party Defendants, the Maryland Square Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

25. The allegations in Paragraph 25 are denied to the extent the allegations can apply to the Maryland Square Defendants. As applied to the remaining Third Party Defendants, the Maryland Square Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

. . .

M&A:04385-031 1019399_1.DOC 4/12/2010 3:16 PM

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

26. The allegations in Paragraph 26 are denied to the extent the allegations can apply to the Maryland Square Defendants. As applied to the remaining Third Party Defendants, the Maryland Square Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Relief Against All Counter-Defendants)

27. In answering Paragraph 27, these answering Defendants/Third Party Plaintiffs/Counterdefendants incorporate their responses to Paragraphs 1 to 26 as if fully set forth herein.

28. The allegations in Paragraph 28 are denied to the extent the allegations can apply to the Maryland Square Defendants. As applied to the remaining Third Party Defendants, the Maryland Square Defendants are without sufficient information to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

29. In answering Paragraph 29, these answering Defendants/Third Party Plaintiffs/Counterdefendants deny the allegations contained therein.

30. In answering Paragraph 30, these answering Defendants/Third Party Plaintiffs/Counterdefendants deny the allegations contained therein.

## GENERAL DENIAL

Any allegations alleged not expressly admitted or responded to by these answering Defendants/Third Party Plaintiffs/Counterdefendants are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The alleged presence of a substance under the Plaintiffs' properties and any alleged damage resulting therefrom were caused solely by (i) an act of God; (ii) a third party or (iii) any combination of the foregoing.

### SECOND AFFIRMATIVE DEFENSE

Counterclaimant's claims are barred by any applicable statutes of limitations.

. . .

M&A:04385-031 1019399_1.DOC 4/12/2010 3:16 PM

### THIRD AFFIRMATIVE DEFENSE

Counterclaimant has failed to join all indispensable parties as required by Rule 19 of the Federal Rules of Civil Procedure.

### FOURTH AFFIRMATIVE DEFENSE

Counterclaimant has waived any and all of the claims alleged in the Counterclaim.

### FIFTH AFFIRMATIVE DEFENSE

Counterclaimant is estopped from asserting any and all of the claims alleged in the Counterclaim.

### SIXTH AFFIRMATIVE DEFENSE

Counterclaimant's purported claims for relief against these answering Defendants/Third Party Plaintiffs/Counterdefendants are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

The Counterclaimant's Counterclaim fails to state facts sufficient to constitute a cause of action against these answering Defendants/Third Party Plaintiffs/Counterdefendants.

### EIGHTH AFFIRMATIVE DEFENSE

At all times relevant to this action, these answering Defendants/Third Party Plaintiffs/Counterdefendants acted with due care and in accordance with all then-applicable statutory and regulatory requirements.

### NINTH AFFIRMATIVE DEFENSE

These answering Defendants/Third Party Plaintiffs/Counterdefendants allege that they have satisfied, fulfilled and performed each and every obligation and duty imposed by law to the full extent of its responsibility as a property owner.

### TENTH AFFIRMATIVE DEFENSE

These answering Defendants/Third Party Plaintiffs/Counterdefendants allege that any obligation owed to Counterclaimant has been satisfied, released, or otherwise discharged.

### ELEVENTH AFFIRMATIVE DEFENSE

These answering Defendants/Third Party Plaintiffs/Counterdefendants' status as a property owner is not sufficient to impose any liability on it under 42 U.S.C. §6972.

M&A:04385-031 1019399_1.DOC 4/12/2010 3:16 PM

## TWELFTH AFFIRMATIVE DEFENSE

These answering Defendants/Third Party Plaintiffs/Counterdefendants allege and reserve any and all defenses available under 42 U.S.C. §6972.

## THIRTEENTH AFFIRMATIVE DEFENSE

Counterclaimant's damages, if any, were wholly or partly caused or contributed to by Counterclaimant's own actions, conduct and/or omissions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any and all damages were wholly or partly caused by the acts, conduct and/or omissions by third parties over whom Defendants/Third Party Plaintiffs/Counterdefendants had no control.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants/Third Party Plaintiffs/Counterdefendants are not negligent, liable or responsible for any claims or damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Counterclaimants suffered no damages and/or failed to mitigate its damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants/Third Party Plaintiffs/Counterdefendants owe no duties or obligations to the Counterclaimant due to its substantial and material breach of its duties and obligations to the Defendants/Third Party Plaintiffs/Counterdefendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any and all damages and money claimed by the Counterclaimant, if any, are offset by damages and money owed to the Defendants/Third Party Plaintiffs/Counterdefendants.

## NINETEENTH AFFIRMATIVE DEFENSE

Counterclaimant breached its duties and responsibilities to the Defendants/Third Party Plaintiffs/Counterdefendants.

## TWENTIETH AFFIRMATIVE DEFENSE

Counterclaimant bears the risk of loss and damages, if any.

. . .

. . .

M&A:04385-031 1019399_1.DOC 4/12/2010 3:16 PM

### TWENTY FIRST AFFIRMATIVE DEFENSE

No privity exists between Counterclaimant and Defendants/Third Party Plaintiffs/Counterdefendants.

### TWENTY SECOND AFFIRMATIVE DEFENSE

Defendants/Third Party Plaintiffs/Counterdefendants owe no duty to defend or indemnify the Counterclaimant from the claims alleged.

Defendants/Third Party Plaintiffs/Counterdefendants reserve the right to amend these affirmative defenses as discovery unfolds and new information is discovered.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Defendants/Third Party Plaintiffs/Counterdefendants request the following relief:

1. That Counterclaimant take nothing by virtue of the Counterclaim on file herein and that the same be dismissed with prejudice;

2. For an award for reasonable attorney fees and costs of suit incurred in the defense of this action; and

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

M&A:04385-031 1019399_1.DOC 4/12/2010 3:16 PM

3. For such other and further relief as this court may deem just and proper in the premises

DATED: April 12, 2010.

Respectfully submitted by:

MARQUIS & AURBACH

By: /s/ Jason M. Gerber
 JASON M. GERBER, ESQ.
 Nevada Bar No. 9812
 10001 Park Run Drive
 Las Vegas, NV 89145

And

DONGELL LAWRENCE FINNEY. LLP
MICHAEL C. HETEY, ESQ.
RICHARD A. DONGELL, ESQ. (PHV)
THOMAS F. VANDENBURG, ESQ. (PHV)
MICHAEL E. GALLAGHER, ESQ. (PHV)
2300 West Sahara Ave., Suite 800
Las Vegas, NV 89102
Attorneys for Defendants Maryland Square Shopping Center, LLC, the Herman Kishner Trust dba Maryland Square Shopping Center, Irwin Kishner, Jerry Engel, Bank of America, as Trustees for The Herman Kishner Trust, and Maryland Square, LLC and the Clark County School District

M&A:04385-031 1019399_1.DOC 4/12/2010 3:16 PM

# NOTICE OF ELECTRONIC SERVICE
# PROOF OF SERVICE

STATE OF NEVADA, COUNTY OF CLARK

I am employed in the County of Clark, State of Nevada. I am over the age of 18 and not a party to the within action; my business address is 10001 Park Run Drive, Las Vegas, NV 89145.

On April 12, 2010, the foregoing documents described as MARYLAND SQUARE SHOPPING CENTER, LLC, THE HERMAN KISHNER TRUST DBA MARYLAND SQUARE SHOPPING CENTER, IRWIN KISHNER, JERRY ENGEL, BANK OF AMERICA, AS TRUSTEES FOR THE HERMAN KISHNER TRUST, MARYLAND SQUARE, LLC AND THE CLARK COUNTY SCHOOL DISTRICT'S ANSWER TO THIRD PARTY DEFENDANT TERRIBLE HERBST, INC.'S COUNTERCLAIM was served upon the parties in this action as set forth below:

| | |
|---|---|
| Alexander Robertson, IV, Esq.<br>Jennifer L. Taylor, Esq.<br>ROBERTSON & VICK, LLP<br>401 North Buffalo Drive, Suite 202<br>Las Vegas, NV 89145<br>*Attorneys for Plaintiffs* | Jan Adam Greben, Esq.<br>GREBEN & ASSOCIATES<br>1332 Anacapa Street, Suite 110<br>Santa Barbara, CA 93101<br>*Attorneys for Plaintiffs* |
| Jeremy Gilman, Esq.<br>BENESCH FRIEDLANDER COPLAN & ARONOFF, LLP<br>200 Public Square, Suite 2300<br>Cleveland, OH 44114-2378<br>*Attorney for Defendants MELVIN SHAPIRO, Individually, and SHAPIRO BROS. INVESTMENT CO., a dissolved Nevada corporation* | Jeffrey R. Diver, Esq.<br>JEFFREY R. DIVER, P.C.<br>437 Anthony Street<br>Glen Ellyn, IL 60137 |
| Randolph L. Howard, Esq.<br>KOLESAR & LEATHAM, CHTD.<br>3320 W. Sahara Avenue, Suite 380<br>Las Vegas, NV 89102<br>*Attorneys for Defendant CB Richard Ellis* | Neil J. Beller, Esq.<br>LAW OFFICES OF NEIL J. BELLER, ESQ.<br>7408 W. Sahara Avenue<br>Las Vegas, NV 89101 |
| Jeffrey T. Oberman, Esq.<br>LEVIN & OBERMAN<br>361 N. Canon Dr.<br>Beverly Hills, CA. 90210-4704 | James J. Pisanelli, Esq.<br>Debra Spinelli, Esq.<br>Brownstein Hyatt Farber Schreck<br>100 City Parkway, Suite 1600<br>Las Vegas, NV 89106 |

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:04385-031 1019399_1.DOC 4/12/2010 3:16 PM

| | | |
|---|---|---|
| 1 | Gregory Walch, Esq. | Tami Cowden |
| 2 | Santoro, Driggs, Walch, Kearney, Johnson & Thompson | Greenberg Traurig<br>3773 Howard Hughes Parkway |
| 3 | 400 South Fourth Street, Third Floor<br>Las Vegas, NV  89101 | Suite 400 North<br>Las Vegas, NV  89169 |
| 4 | Sean T. Higgins, Esq. | Craig A. Parton, Esq. |
| 5 | Terrible Herbst, Inc.<br>5195 Las Vegas Boulevard South | Price, Postel & Parma, LLP<br>200 East Carrillo Street |
| | Las Vegas, NV  89115 | Santa Barbara, CA  93201 |
| 6 | Karl L. Nielson, Esq. | |
| 7 | Jones Vargas<br>3773 Howard Hughes Pkwy. | |
| | 3rd Floor South | |
| 8 | Las Vegas, NV  89169 | |

[ X ]   Electronically in accordance with United States District Court of the District of Nevada Electronic Filing Procedures, Section IV Service, B. Electronic Service.

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on April 12, 2010, at Las Vegas, Nevada.  Under penalty of perjury under the laws of the State of Nevada I declare the aforesaid to be true and correct.

    <u>Roxanne Minnick</u>
    An Employee of Marquis & Aurbach

MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

M&A:04385-031 1019399_1.DOC 4/12/2010 3:16 PM