**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER J. VOGGENTHALER, et al., | )<br>) |
| Plaintiffs, | )<br>) |
| v. | )    2:08-CV-1618-RCJ-GWF<br>) |
| MARYLAND SQUARE, LLC, et al., | )<br>)    **ORDER** |
| Defendants. | )<br>) |
| MARYLAND SQUARE, LLC, et al., | )<br>) |
| Third Party Plaintiffs, | )<br>) |
| v. | )<br>) |
| GENERAL GROWTH MANAGEMENT, INC., a foreign corporation, et al. | )<br>)<br>) |
| Third Party Defendants. | )<br>) |

Currently before the Court is Plaintiffs' Motion for Attorney's Fees and Related Costs (#400) filed on August 5, 2010. Defendants filed an Opposition to Plaintiffs' Motion for Attorney's Fees (#414) and an Objection to Plaintiffs' Bill of Costs (#416) on August 19, 2010. Plaintiffs filed a Reply (#436) on September 1, 2010, and Defendants filed a Surreply (#454) on September 14, 2010.

The Court heard oral argument on the motion on September 16, 2010.

**BACKGROUND**

On July 22, 2010, the Court entered an Order (#390) granting summary judgment on the Resource Conservation and Recovery Act ("RCRA") claim brought by Plaintiffs pursuant to 42 U.S.C. § 6972(a)(1)(B). Following that Order, Plaintiffs filed the current motion for

attorney's fees and related costs pursuant to 42 U.S.C. § 6972(e). Defendants Maryland Square Shopping Center, LLC, the Herman Kishner Trust dba Maryland Square Shopping Center and Irwin Kishner, Jerry Engel and Bank of America, as Trustees for the Herman Kishner Trust (collectively referred to herein as the "Kishner Defendants") filed an opposition to the motion on the grounds that the fees and costs were unreasonable. (Opp.(#414)). Defendant Maryland Square LLC ("MSLLC") joined the Kishner Defendants' opposition. (Joinder (#417)).

**DISCUSSION**

**I. Attorneys' Fees**

"Generally, litigants in the United States pay their own attorneys' fees, regardless of the outcome of the proceedings." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008)(quoting Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003)). However, "[i]n order to encourage private enforcement of the law . . . Congress has legislated that in certain cases prevailing parties may recover their attorneys' fees from the opposing side." Id. "When a statute provides for such fees, it is termed a 'fee shifting' statute." Id. The RCRA is one such statute, providing that the court, "in issuing a final order in any action brought pursuant to [section 6972] . . . may award costs of litigation (including reasonable attorney and expert witness fees) to the prevailing party, whenever the court determines such an award is appropriate." 42 U.S.C. § 6972(e). The statutory language of this provision makes an award of fees discretionary. Browder v. City of Moab, 427 F.3d 717, 720 (10th Cir. 2005)(stating "it is clear from the permissive language used by Congress in enacting this statute (e.g. 'may') that an award of attorney's fees to the prevailing party is discretionary").

"The district court has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination, including its decision regarding reasonableness of the hours claimed by the prevailing party." Prison Legal News v. Schwarzenegger, 608 F.3d 446, 453 (9th Cir. 2010)(quoting Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1993)). "This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate

1  review of what essentially are factual matters." Prison Legal News, 608 F.3d at 435 (quoting
2  Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

3  When calculating the award for attorney's fees, the court uses the "lodestar" method.
4  Camacho, 523 F.3d at 978. "The 'lodestar' is calculated by multiplying the number of hours
5  the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Id.
6  (quoting Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). "Although
7  in most cases, the lodestar figure is presumptively a reasonable fee award, the district court
8  may, if circumstances warrant, adjust the lodestar to account for other factors which are not
9  subsumed within it." Id.

10  In order to determine the reasonableness of the fees requested, the Court must
11  determine the appropriate billing rate for the Plaintiffs' attorneys as well as the number of
12  hours those attorneys reasonably expended on the action. See Blum v. Stenson, 465 U.S.
13  886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). A party seeking attorney fees bears the
14  ultimate burden of showing that its requested hourly rates and the hours it claims are
15  reasonable. Interfaith Cmty. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 703 n.5 (3d Cir.
16  2005).

17  In this matter, the Court finds that an award of reasonable attorney's fees is merited.
18  Plaintiffs are the prevailing party in this litigation based on the Court's Order (#390) granting
19  summary judgment in Plaintiffs' favor on their sole RCRA cause of action. However, as will
20  be discussed in the following, the Court rejects the amount sought by Plaintiffs on the grounds
21  that the hourly rate requested is unreasonable. In addition, the Court limits the award to hours
22  incurred from the date the Complaint was filed in this action and to litigation attributable to the
23  Kishner Defendants and MSLLC.

24  **A. Reasonable Hourly Rate**

25  The United States Supreme Court has stated that determining the appropriate "market
26  rate" for the services of a lawyer is inherently difficult. Blum, 465 U.S. at 895 n.11, 104 S.Ct.
27  1541. In the Ninth Circuit, the established standard "when determining a reasonable hourly
28  rate is the 'rate prevailing in the community for similar work performed by attorneys of

comparable skill, experience, and reputation.'" Camacho, 523 F.3d at 979 (quoting Barjon v. Dalton, 132 F.3d 496, 502 (9th Cir. 1997)). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." Id. "[R]ates outside the forum may be used if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." Id.

In their motion, Plaintiffs request that the Court utilize the "Laffey matrix" to determine the hourly rates applicable for each of their attorneys.[1] (Mot. for Attorney's Fees and Related Costs (#400) at 3). Plaintiffs argue that courts use this matrix, as adjusted for locality, rather than counsel's own stated rates or those customarily charged by law firms, to determine prevailing market rates when awarding attorney's fees under a federal fee-shifting statute. Id. According to Plaintiffs, the Laffrey matrix's prescribed rates include: (1) $465 for attorneys with 20+ years of experience, (2) $410 for attorneys with 11-19 years of experience, (3) $330 for attorneys with 8-10 years of experience, (4) $270 for attorneys with 4-7 years of experience, (5) $225 for attorneys with 1-3 years of experience, and (5) $130 for paralegals. Id. at 4. Plaintiffs further request that these rates be adjusted upward based on locality pay differentials between Washington D.C. and Los Angeles, California (noting that there is no locality pay differential for Nevada).[2] Id. at 4.

The Kishner Defendants and Defendant MSLLC claim that the rates requested by Plaintiffs are unreasonable and that the Court should not use the Laffey matrix to determine a reasonable hourly rate in this context. (Opp. (#414) at 9, 16). The Kishner Defendants state that the Court must consider the relevant community in determining a reasonable hourly rate. The Laffey matrix, according to the Kishner Defendants, does not take into account the

---

[1] This matrix was originally approved in Laffey v. Northwest Airlines, Inc., 572 F.Supp. 354 (D.D.C. 1983), aff'd in part, rev'd in part on other grounds, 746 F.2d 4 (D.C. Cir. 1984).

[2] Based on the foregoing, Plaintiffs request the following hourly rates for their attorneys: (1) $476 for Alexander Robertson, IV, Jonathan S. Vick and Jan A. Greben; (2) $420 for Jennifer L. Taylor; (3) $225 for Christian B. Blasbichler; (4) $225 for Jenna L. Motola; and (5) $133 for paralegals. (Mot. for Attorney's Fees (#400) at 4).

relevant community at issue in this matter. In addition, the Kishner Defendants state that the fees requested by Plaintiffs - "over $400.00 an hour for most of the attorneys, with three attorneys claiming $476 an hour, are clearly not in line with the rates of the Nevada legal community."[3]  (Opp. (#414) at 17-18).

In this matter, the Court rejects the use of the Laffey matrix to determine the reasonable hourly rate for purposes of awarding attorneys' fees. In Prison Legal News, the Ninth Circuit stated that a district court does not need to use the Laffey matrix for purposes of determining appropriate hourly rates. 608 F.3d at 454. The Ninth Circuit noted that the "Laffey matrix is an inflation-adjusted grid of hourly rates for lawyers of varying levels of experience in Washington D.C." Id. According to the Ninth Circuit, "just because the Laffey matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away." Id. Thus, the Court will apply the Lodestar method and look to the prevailing market rates in Las Vegas, Nevada.[4]

Under the lodestar method, in order to "inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence - in addition to the attorney's own affidavits - that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience and reputation." Camacho, 523 F.3d at 980. "Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." Id. (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990)).

---

[3] In response to the Kishner Defendants' opposition, Plaintiffs filed the affidavit of Dennis L. Kennedy, Esq. (Reply (#436) at 8-9). According to Plaintiffs, Dennis L. Kennedy, Esq. is a "prominent Nevada litigator and expert witness on the issue of reasonableness of attorney's fees." Id. According to the affidavit, the hourly rates sought by Plaintiffs in the instant motion are reasonable based upon the hourly rates customarily charged in the Las Vegas market. Id.

[4] The Supreme Court has stated that the "lodestar method is not perfect," but that it has "several important virtues." Perdue v. Kenny A. ex rel. Winn, ___ U.S. ___, 130 S.Ct. 1662, 1672 (2010). "Developed after the practice of hourly billing had become widespread . . . the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." Id. In addition, the Supreme Court stated that the lodestar method "is readily administrable" and "objective." Id.

5

In this case, the Court finds that the following hourly rates are reasonable and will be applied for purposes of determining an award of attorneys' fees in this matter: (1) $300 for Alexander Robertson, IV, Jonathan S. Vick and Jan Greben; (2) $250 for Jennifer L. Taylor; (3) $175 for Christian B. Blasbichler and Jenna L. Motola; and (4) $75 for Monica L. Metoyer, Rina Howard and Susan Glass.

**B. Number of Hours**

In addition to determining the reasonable hourly rate, the Court must also determine the number of hours reasonably expended on the litigation. "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).

In their Reply (#436), Plaintiffs attach redacted copies of their attorneys' billing records, showing itemized entries for each attorney with a specific description of the tasks performed, the billing rate and time billed to one-tenth of an hour increments.[5] Upon opposition from the Kishner Defendants, Plaintiffs also revised their attorneys' fee application and allegedly withdrew fees directly attributable to the Shapiro Defendants and CB Richard Ellis (a party dismissed early in the case).[6] Id.

In this matter, the Court grants an award of attorneys' fees for hours incurred following the filing of the Complaint in this matter. The Court will not grant an award of attorneys' fees

---

[5] Plaintiffs did not file an itemized time sheet with their initial motion. Rather, Plaintiffs included supporting affidavits for the number of hours worked and stated that at the Court's request each declarant would "produce his or her contemporaneous time records or an abstract thereof for *in camera* inspection by the Court." (Mot. for Attorneys' Fees (#400) at 5).

[6] The Court agrees that it is appropriate to limit the award of attorney's fees to fees incurred litigating against the Kishner Defendants and MSLLC and not other defendants. See Sable Commc'n of California Inc. v. Pacific Tel. & Tel. Co., 890 F.2d 184, 194 (9th Cir. 1989)(holding that if the conduct of one defendant was the focus of the litigation and required a larger portion of the time of plaintiff's counsel, "it is appropriate to allocate the burden of the fee award accordingly"). The Court also finds that Plaintiffs are only entitled to fees incurred in litigating this federal action, and not the pending state court action.

for hours incurred prior to the commencement of this litigation on November 19, 2008.[7] In addition, after reviewing the time sheets submitted by Plaintiffs and the objections stated by the Kishner Defendants, the Court will further limit the hours incurred to those attributable to litigation against the Kishner Defendants and MSLLC in the federal action.

Thus, for purposes of this Order, the Court will not award fees for the following time entries submitted by Plaintiffs in their Affidavit of Alexander Robertson, IV, Esq. (#437) and Supplemental Affidavit of Jan A. Greben, Esq. (#438/#440).[8]

### 1. State Court Litigation

Plaintiffs are not entitled to fees incurred by Robertson & Vick for the following transactions which the Kishner Defendants have objected to on the grounds that they relate to the state court proceeding. The Court agrees and strikes these hours from its fee award:

1. 02/03/09: Receipt and review of email correspondence from ATR regarding class certification hearing transcript and prepare response to the same;

2. 10/01/09: Receipt and review of Motion for Limited Stay Pursuant to NRCP 62 pending Maryland Square's writ petition to the Supreme Court;

3. 11/19/09: Service of Notice of Class Action and Request for Exclusion to Homeowners;

4. 2/25/10: Conference call with Special Master re: CMO and case agenda;

5. 4/05/10: Telephone conference with ATR regarding writ issues and deadlines;

6. 4/05/10: Prepare email to ATR and co-counsel regarding MS writ and motion to stay, and receipt and review of response to same;

7. 5/03/10: Receipt and review of three docketing statements from Supreme Court regarding filing of Opposition to Motion for Stay; and

8. 6/03/10: Receipt and review of correspondence from Special Master regarding

---

[7] This ruling by the Court is without prejudice. Although Plaintiffs may be entitled to fees for hours spent on this litigation prior to the filing of the Complaint, the Court will not grant that request at this time.

[8] Aside from these exceptions, the Court finds that the hours incurred as evidenced in the time sheets submitted by Plaintiffs are reasonable.

invoicing for services; receipt and review of correspondence from Special Master regarding and including fees for services.

## 2. Litigation Against Other Defendants

In addition to the foregoing, Plaintiffs are not entitled to fees incurred by Robertson & Vick for the following transactions which the Kishner Defendants have objected to on the grounds that they relate to litigation against other parties. Upon review of the time sheets submitted, the Court agrees and strikes these hours from its fee award:

1. 11/19/08: Research secretary of state on-line information to identify current addresses or agents for service of process on all defendants; prepare summonses of all defendants;[9]

2. 12/02/08: Receipt and review of email correspondence from ATR regarding open extension to Construction Developers of California;

3. 12/02/08: Receive and review affidavits of service of Bank of America, CB Richard Ellis, Construction Developers, General Growth Properties, Macys, Boulevard Mall I, Boulevard Mall II, prepare to be filed with court, efile same with court, note relevant response dates; research rules regarding preparation of certificate of interested parties;

4. 12/05/08: Receipt and review of email correspondence from MLM regarding service of Delia's Cleaners;

5. 12/12/08: Confer with Whitney Welcher re: extension of time to plead; review proposed stip from counsel for Boulevard Mall entities and execute and return [sic] same extending [sic] time to plead; confer with Shane Clayton re: same;

6. 12/12/08: Receipt and review of Notice of Appearance (James J. Pisanelli and Debra L. Spinelli);

7. 12/12/08: Receipt and review of further email correspondence from counsel for Boulevard Mall defendants regarding stipulation for extension of time to respond to complaint, and receipt and review of response of ATR thereto;

---

[9] Plaintiffs are entitled to fees incurred for researching information relating to the Kishner Defendants and MSLLC only, and for preparing summonses for the Kishner Defendants and MSLLC.

8. 12/17/08: Telephone conference with counsel for Construction Developers regarding proper named defendant and further handling; prepare series of email correspondences to counsel for Construction Developers regarding same and further handling;

9. 1/15/09: Receipt and review of Verified Petition for Permission to Practice in this Case Only by Attorney Not Admitted to the Bar of this Court and Designation of Local Counsel (for Jeffrey R. Diver);

10. 1/16/09: Confer with attorney for Boulevard Mall re: meet and confer; review proposed stipulation from counsel for Boulevard Mall for further extension to answer RCRA complaint; Review answer and cross-claim by Melvin Shapiro and Shapiro Bros. Investment against all Defendants;

11. 1/16/09: Receipt and review of email correspondence from counsel for General Growth management regarding and including Stipulation and Order to Extend Time for Responsive Pleading, and receipt and review of response to same;

12. 1/20/09: Review emails and attachments from Jeff Diver reo requests to amend RCRA complaint to reflect correct owners names of Boulevard Mall;

13. 1/20/09: Receipt and review of Defendant CB Richard Ellis, Inc.'s Answer to Complaint;

14. 2/17/09: Review emails from Jeff Diver and Jan Greben reo Boulevard Mall;

15. 3/06/09: Receipt and review of Stipulation and Order to Extend Time to File Responsive Pleading filed by General Growth Management;

16. 3/12/09: Receipt and review of email correspondece from ATR to J. Greben regarding CB Richard Ellis Management Agreement;

17. 3/13/09: Receipt and review of Stipulation and Order to Extend Time to File Responsive Pleading to Cross-Claim (filed by General Growth Management); receipt and review of Stipulation and Order to Extend Time to File Responsive Pleading (Filed by General Growth Management);

18. 3/17/09: Receipt and review of Stipulation and Order to Extend Time to File Responsive Pleading (filed by Defendant Boulevard Mall); receipt and review of Stipulation

9

and Order to Extend Time to File Responsive Pleading to Cross-Claim (Filed by Boulevard Mall);

19. 4/09/09: Receipt and review of Stipulation and Order to Extend Time to File Responsive Pleading to Cross-Claim (General Growth); receipt and review of Stipulation and Order to Extend Time to File Responsive Pleading (General Growth);

20. 4/10/09: Receipt and review of Notice of Voluntary Dismissal of Certain Defendants;

21. 4/13/09: Receipt and review of Boulevard Mall's Stipulation and Order to Extend Time to File Responsive Pleading to Cross-Claim;

22. 4/16/09: Prepare email to ATR regarding General Growth BK and receipt and review of response thereto;

23. 4/20/09: Receipt and review of Notice of Voluntary Dismissal of Certain Defendants (Boulevard Mall);

24. 11/05/09: Prepare for and attend telephonic conference with co-counsel regarding preparation for hearing on Shapiro Brothers' Motion to Continue Discovery and Trial dates;

25. 11/05/09: Prepare emails to ATR regarding Motion to Continue Discovery Dates and Deadlines, and receipt and review of response to same;

26. 11/06/09: Receipt and review of Order (Defendant Melvin Shapiro and Shapiro Brothers Investment Co.'s Motion to Modify the Current Discovery Plan and Scheduling Order and to Continue Trial Date);

27. 11/06/09: Prepare for and attend hearing on Motion to Continue Discovery Dates and Deadlines and prepare for and attend conference with state court law clerk regarding calendaring date for Motion to Stay; Multiple telephone conferences with ATR and J. Greben regarding same and strategy for further handling;

28. 11/06/09: Telephone conference with co-counsel regarding results of hearing on Motion for Discovery Extension;

29. 11//23/09: Receipt and review of further email from counsel for Shapiro Brothers regarding attendance at meet and confer and prepare response to same;

30. 11/24/09: Receipt and review of Defendant CB Richard Ellis, Inc.'s Joinder in

Support of Opposition to Plaintiffs' Motion for Summary Judgment;

31.  11/24/09: Receipt and review of Defendant CB Richard Ellis, Inc.'s Joinder in Opposition to Plaintiffs' Motion for Summary Judgment;

32. 12/28/09: Review Shapiro's amended answer and cross-claim;

33. 12/31/09: Receipt and review of email from counsel for Shapiro Brothers regarding and including supplemental discovery responses;

34. 2/01/10: Revise and prepare hearing binder for Motion to Compel hearing 2/2/10;

35. 2/04/10: Receipt and review of email from co-counsel regarding and including Motion to Compel;

36. 2/08/10: Receipt and review of Notice of Hearing from Court calendaring hearing on Motion to Compel Production of Documents; Receipt and review of email from co-counsel regarding the same;

37. 2/09/10: Extended telephone conference with co-counsel regarding obligations for response under motion to compel ruling;

38. 2/09/10: Receipt and review of series of emails from co-counsel regarding hearing date of motion to compel, and prepare responses thereto; telephone conference with Judge Foley's assistant regarding hearing date on motion to compel; prepare series of emails to all counsel regarding proposed continued hearing date on motion to compel; receipt and review of emails from all counsel in response to same; prepare email to co-counsel and ATR regarding calendaring opposition and reply dates;

39. 2/09/10: Conference with SJG regarding hearing dates and opposition dates on Motion to Compel;

40. 2/22/10: Receipt and review of Plaintiff Peter J. Voggenthaler's Reply Brief in Support of Motion to Compel Production of Documents; receipt and review of Defendants Melvin Shapiro and Shapiro Brothers Investment Co.'s Fourth Request for Production of Documents to Each of the Plaintiffs; receipt and review of Defendants Melvin Shapiro and Shapiro Brothers Investment Co.'s Second Set of Interrogatories Directed to Each Plaintiff;

41. 3/02/10: Receipt and review of minute order from court vacating hearing on

11

Plaintiffs' motion to compel;

42. 3/02/10: Receipt and review of email from Court regarding and including Order denying Plaintiffs' Motion to Compel;

43. 3/03/10: Further telephone conference with co-counsel regarding ruling on Motion to Compel;

44. 3/08/10: Research Shapiro Bros. Motion to Compel to identify discovery not responded to, update discover matrix;

45. 4/01/10: Receipt and review of Stipulation for dismissal of cross claims of defendant Shapiro Brothers Investment Corp. and Melvin Shapiro, an individual, against cross defendants CB Richard Ellis, Inc., and order thereon;

46. 4/05/10: Receipt and review of email from counsel for SBIC regarding depositions and further handling;

47. 4/13/10: Review Shapiro Bros. rebuttal expert reports;

48. 4/14/10: Receipt and review of stipulation and order for dismissal without prejudice of CB Richard Ellis; and

49. 05/04/10: Receipt and review of email from counsel for SBIC regarding and including letter re: outstanding discovery issues.

In addition, Plaintiffs are not entitled to fees incurred for the following transactions entered by Greben & Associates:

1. 11/07/08: Review memo on Al Phillips Defendants;

2. 1/28/09: Review email from Diver regarding Boulevard Mall ownership; Review information provided from Diver regarding Boulevard Mall ownership;

4. 2/06/09: Review memorandum by opposing counsel Diver; review authority presented in Attorney Diver memorandum; telephone call with attorney Robertson regarding Boulevard defendants' liability under CERCLA;

5. 2/18/09: Review email from opposing counsel Diver regarding early Rule 26 conference;

6. 2/19/09: Draft email to opposing counsel Spinelli regarding stipulation; review email

from opposing counsel Howard regarding party conference; draft email to opposing counsel Howard regarding party conference; draft email to opposing counsel Brown and Spinelli regarding party conference; review email from opposing counsel Spinelli regarding party conference;

7. 2/23/09: Review email from opposing counsel Oberman regarding conference for Thursday afternoon;

8. 2/24/09: Draft email to opposing counsel Howard regarding case management call;

9. 2/25/09: Draft email to opposing counsel Diver regarding telephone conference; review emails from counsel Oberman regarding telephone conference; review emails from counsel Diver regarding telephone conference;

10. 2/26/09: Draft email to opposing counsel Spinelli regarding telephone conference; review email from opposing counsel Spinelli regarding telephone conference;

11. 3/02/09: Draft dismissal of parties represented by opposing counsel Diver; conduct research regarding voluntary dismissals; conduct research regarding identities of parties represented by opposing counsel Diver;

12. 3/11/09: Conduct research regarding opposing counsel Howard's suggested revisions to stipulated scheduling statement; review correspondence from opposing counsel Howard regarding revisions to draft stipulated scheduling statement;

13. 3/12/09: Draft opposing counsel Howard's revisions into stipulated case management order; review opposing counsel Oberman's revisions regarding revisions to stipulated case management order;

14. 3/15/09: Work on issues with Boulevard Mall counsel regarding cooperation agreement access agreement;

15. 3/17/09: Review opposing counsel Oberman's revisions to stipulated scheduling order;

16. 3/18/09: Review email from opposing counsel Oberman regarding stipulated scheduling order; review email from opposing counsel Diver regarding stipulated scheduling order; email correspondence with opposing counsel Howard's office regarding stipulated

13

scheduling order;

17. 3/19/09: Review emails from opposing counsel Oberman regarding draft scheduling statement; review email from opposing counsel Howard regarding electronic discovery; review emails from opposing counsel Oberman regarding draft scheduling statement;

18. 4/03/09: Case administration regarding settlement with Boulevard;

19. 4/10/09: Review agreement with Boulevard parties; telephone call with opposing counsel Diver regarding dismissal; draft dismissal of Boulevard parties;

20. 4/14/09: Review correspondence from opposing counsel Howard regarding property managers; conduct research regarding naming of property managers;

21. 4/17/09: Email correspondence with co-counsel Taylor regarding extension for Email correspondence; conduct research regarding relevance objections to discovery; conduct research regarding objections to compound discovery;

22. 4/25/09: Review objections to discovery responses;

23. 9/29/09: Receipt and review of Shapiro's Motion to Amend;

24. 12/12/09: Phone Conference with Jennifer Taylor regarding motion for protective order; research unreasonable delay in bringing motion to compel responses in preparation for drafting motion for protective order;

25. 12/07/09: Review and revise stipulated protective order on cooperation agreement with boulevard mall defendants;

26. 12/23/09: Exchange correspondence with Shapiro's counsel regarding protective order on Boulevard Mall documents;

27. 1/07/10: Draft correspondence to Greg Lucht regarding production of cooperation agreement; and

28. 4/22/10: Review dismissal of defendant Richard Ellis.

Based on the foregoing, the Court finds that an award of attorneys' fees is warranted in this case. The Court orders that Plaintiffs submit an updated time sheet based on the findings herein in order to determine the correct amount of fees to be awarded. The time sheets should reflect the hourly rate ordered by the Court and strike all hours incurred both

prior to the filing of the Complaint, as well as the entries identified in the foregoing.

**II. Bill of Costs**

In addition to attorneys' fees, Plaintiffs seek a Bill of Costs in the amount of $331,890.59. These fees include the following:[10] (1) fees of the clerk: $350.00; (2) fees for service of summons and subpoena: $320.00, (3) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case: $28,615.70; (4) attorney travel: $10,106.54 (plus supplemental amount of $425.80); (5) expert witness fees: $165,910.29 (plus supplemental amount of $66,150.33); (6) deposition transcripts: $7,727.25 (plus supplemental amount of $864.58); (7) court reporter transcripts: $329.90; (8) computerized legal research: $14,294.11 (plus supplemental amount of $941.88); and (9) telephone conference calls: $989.61.

The Kishner Defendants filed an objection to the foregoing Bill of Costs on the ground that the costs "should be reduced to limit the recovery to only those costs properly taxable for work necessary to prosecute the claims against [the Kishner Defendants]." (Objection to Plaintiffs' Bill of Costs (#416)). According to the Kishner Defendants, in this case, the numerous costs associated with prosecuting the claims in this action are not associated with the Kishner Defendants. Rather, they were incurred pursuing claims against unrelated defendants such as the Shapiro Defendants, the Boulevard Mall Defendants, and Al Phillips. Id.

Pursuant to Federal Rule of Civil Procedure 54(d)(1), the Court should allow costs other than attorneys' fees "as of course to the prevailing party unless the court otherwise directs . . . ." The Rule creates a strong presumption in favor of awarding costs to the prevailing party. Miles v. State of Cal., 320 F.3d 986, 988 (9th Cir. 2003). A "'party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).'" Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996)(quoting d'Hedouville v. Pioneer Hotel

---

[10] The fees include the original amount requested in the Bill of Costs and the Supplemental Bill of Costs through August 31, 2010 (#441) filed on September 1, 2010. The Court will not address, at this time, additional costs that have been incurred from August 31, 2010. The Court recognizes that this case is ongoing and that additional fees and costs will be incurred and that Plaintiffs may move for these additional fees and costs at a later time.

Co., 552 F.2d 886, 896 (9th Cir. 1977)).

Because Rule 54(d) presumes the Court will award costs to the prevailing party, the Court must specify reasons for denying costs. Miles, 320 F.3d at 988. Factors that may support denying costs include the losing party's limited financial resources, the prevailing party's misconduct, the chilling effect of imposing costs on future civil rights litigants, the difficulty and closeness of the issues, the substance of the prevailing party's recovery, the losing party's good faith, and whether the case raised issues of national importance. Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003). The losing party bears the burden of showing why the Court should not award costs. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

In this case, the Court finds that Plaintiffs are entitled to costs as the prevailing party. However, similar to the award for attorneys' fees, the Court will limit the bill of costs at this time to costs incurred from the date of the filing of the Complaint. The Court rules on the costs as follows:

**1. Fees of the Clerk**

Plaintiffs request $350.00 for fees of the clerk. The Kishner Defendants have not filed an objection to this amount. The Court grants Plaintiffs' request.

**2. Service Costs**

Plaintiffs initially requested $1,175.00 in service costs but upon objection from the Kishner Defendants now seek $320.00. The Court grants this request.

**3. Copy Fees**

Plaintiffs seek $28,615.70 in copy costs. The Kishner Defendants object to this amount and state that only $994.50 in taxable copy expenses should be granted.

Local Rule 54-6 provides that an itemization of costs claimed pursuant to this section shall be attached to the cost bill. LR 54-6(a). The "[c]ost of one (1) copy of a document is taxable when the copy is admitted into evidence in lieu of an original because the original is either not available or is not introduced at the request of opposing counsel." Id. The cost of copies "submitted in lieu of originals because of the convenience of offering counsel or

counsel's client is not taxable. Id. "The cost of reproducing copies of motions, pleadings, notices and other routine case papers is not allowable." Id. "The cost of copies obtained for counsel's own use is not taxable." Id.

In this matter, the documents provided to the Court to support Plaintiffs' copy charges do not provide sufficient evidence for the Court to determine whether the copy charges are taxable as costs under LR 54-6. Rather, the documents provide a list of copy charges by date. The Kishner Defendants concede that Plaintiffs are entitled to $994.50 in taxable copy expenses. Thus, at this time, the Court will award Plaintiffs copy costs in the amount of $994.50. Plaintiffs may resubmit their copy costs at a later date with evidence sufficient to support that they are taxable under LR 54-6.

### 4. Attorney Travel Expenses

Plaintiff initially sought travel reimbursement in the amount of $10,106.54. They have supplemented this amount to include $425.80. The Kishner Defendants argue that this amount should be reduced by $3,538.72 because such amount was incurred before the filing of the Complaint in this matter. The Court agrees and grants Plaintiffs' attorney travel expenses in the amount of $6,993.62.

### 5. Expert Fees and Costs

Plaintiff initially sought $165,910.29 in expert fees and have filed a supplement to include an additional $66,150.33. The Kishner Defendants argue that this amount is unreasonable because it involves expert work performed before the litigation commenced and may relate to the state court litigation or litigation against other defendants. Based on the nature and complexity of this case, the Court awards Plaintiffs their requested expert fees and costs. Plaintiffs have provided evidence that the hourly rate charged by their experts is reasonable and is comparable to the experts retained by the Kishner Defendants. In addition, this case required expert analysis to determine the cause and nature of the contamination. However, $26,810.16 was billed by Plaintiffs' experts prior to the commencement of this litigation. Thus, the Court will grant Plaintiffs' request in the amount of $205,250.46 at this time.

### 6. Deposition Transcripts

Plaintiffs initially sought $7,727.25 (plus supplemental amount of $864.58) in deposition transcript costs. Upon objection, Plaintiffs agree to withdraw their request for fees related to the cost of copies of deposition transcripts. In their Reply (#443), Plaintiffs state that they "will supplement this section upon receipt of an itemized invoice denoting the exact amount of the copy of the deposition" they are withdrawing. Id. at 15. Thus, the Court will deny deposition transcript costs at this time and allow Plaintiff to supplement its request with the correct amount at a later date.

### 7. Transcript Costs

Plaintiffs initially sought $329.90 in court reporter transcript costs. The Kishner Defendants objected to this amount on the ground that Plaintiffs requested costs for two hearing transcripts. (Objection to Plaintiff's Bill of Costs (#416) at 7). Upon objection, Plaintiffs agreed to withdraw its request for the hearing transcripts in the amount of $213.48. Thus, the Court grants Plaintiffs' request for transcript costs in the amount of $116.42.

### 8. Computerized Legal Research

Plaintiffs seek $14,294.11 in computerized legal research fees and $941.88 in supplemental computerized research fees. The Kishner Defendants argue that this amount should be reduced if any of the computerized legal research was for the state court action. The Court grants Plaintiffs' request for computerized legal research fees. Plaintiffs assert that they are seeking costs only for computerized legal research relating to this case. However, at this time, the Court will reduce the amount requested to reflect only costs incurred after the filing of the Complaint in this matter. Thus, the Court grants Plaintiffs' request in the amount of $10,468.06.

### 7. Conference Calls

Plaintiffs seek $989.61 in costs for conference calls. The Kishner Defendants argue that this amount should be reduced if any of the calls were related to the state court action. Plaintiffs state that a review of the conference calls "indicates that they were not for the state court litigation, but for the instant litigation." (Reply (#443) at 16). Based on the foregoing the

Court will award conference call costs but limit such amount to the costs incurred after the filing of the Complaint in this action. Thus, the Court grants Plaintiffs' request in the amount of $439.58.

## CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiffs' Motion for Attorneys' Fees and Related Costs (#400) is GRANTED. Plaintiffs shall submit an updated time sheet based on the findings herein to determine the correct amount of the fees to be awarded. In addition, Plaintiffs are entitled to $224,932.64 in costs.

DATED: This 19th day of October, 2010.

_____
United States District Judge