# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PETER J. VOGGENTHALER, et al.,  <br>  Plaintiffs,  <br>  v.  <br> MARYLAND SQUARE, LLC, et al.,  <br>  Defendants.  <br> ─────────────────────────  <br> MARYLAND SQUARE, LLC, et al.,  <br>  Third Party Plaintiffs,  <br>  v.  <br> GENERAL GROWTH MANAGEMENT, INC., a foreign corporation, et al.  <br>  Third Party Defendants.  <br> ───────────────────────── | 2:08-CV-1618-RCJ-GWF  <br><br>**ORDER** |

Presently before the Court is Defendant Maryland Square, LLC's Motion for Reconsideration (#412) filed on August 19, 2010. Plaintiffs filed an Opposition to Maryland Square, LLC's Motion for Reconsideration (#449) on September 8, 2010, and a Reply (#455) was filed on September 14, 2010.

The Court heard oral argument on the motion on September 16, 2010.

## BACKGROUND

On July 22, 2010, the Court entered an Order (#390) granting summary judgment on the Resource Conservation and Recovery Act ("RCRA") claim brought by Plaintiffs pursuant to 42 U.S.C. § 6972(a)(1)(B). In that Order, the Court found that Plaintiffs were entitled to injunctive relief under RCRA against Defendants Maryland Square Shopping Center, LLC, the Herman

Kishner Trust dba Maryland Square Shopping Center, Irwin Kishner, Jerry Engel and Bank of America, as Trustees for the Herman Kishner Trust, and Maryland Square, LLC. (Order (#390) at 16). Following the entry of that Order, Maryland Square, LLC ("MSLLC") filed a motion to reconsider.

**DISCUSSION**

MSLLC requests that the Court reconsider the Order granting summary judgment in favor of Plaintiffs, because MSLLC claims that unlike the other Maryland Square Defendants, it did not own the subject property at any time when a dry cleaning facility was being operated. (Mot. for Reconsideration (#412) at 3). As such, MSLLC states that it cannot be liable as a contributor under RCRA because it never rented the property to a dry cleaning operation and did not gain a financial advantage through the use of PCE. Id. at 6.

In the original briefing on Plaintiffs' motion for summary judgment, MSLLC filed an opposition as part of the "Maryland Square Defendants." (Supp. Opp. to Motion for Summary Judgment (#343)). The Maryland Square Defendants included the following named parties: Maryland Square Shopping Center, LLC, the Herman Kishner Trust dba Maryland Square Shopping Center, Irwin Kishner, Jerry Engel, Bank of America, as Trustees for The Herman Kishner Trust, and Maryland Square, LLC. Id. at 1. In the opposition, MSLLC did not provide any separate argument or response to the Plaintiffs' motion for summary judgment. Rather, MSLLC identified itself as one of the Maryland Square Defendants, and the Maryland Square Defendants argued that the lease agreement with the dry cleaning facility was not sufficient for purposes of liability under RCRA. However, MSLLC now argues that its relation to this case and the property at issue in this matter "is separate and distinct" from the other Maryland Square Defendants, and based on this distinction, states that summary judgment was improperly ordered against it.

MSLLC states that its classification with the other Maryland Square Defendants was in error because MSLLC is not connected to the entities that form the Maryland Square Defendants and did not own the property until 2005, after the dry cleaning facility at the Maryland Square Shopping Center had closed. (Mot. for Reconsideration (#412) at 4-5).

2

1  MSLLC states that because it purchased the property five years after the dry cleaner ceased
2  operations, it never rented property to the dry cleaner and never gained a financial advantage
3  by doing so. Id. at 7. Based on this, MSLLC argues that the Court's order holding it liable as
4  a "contributor" under RCRA was clear error and should be altered or amended. Id.

5  In response, Plaintiffs argue that MSLLC's motion must be denied on both procedural
6  and substantive grounds. Procedurally, Plaintiffs argue that MSLLC is raising arguments and
7  evidence for the first time that could have been presented earlier in the litigation. (Opp. to Mot.
8  for Reconsideration (#449) at 2). According to Plaintiffs, MSLLC made no effort during the
9  summary judgment briefing to raise any of the substantive issues it now seeks reconsideration
10 on. Thus, Plaintiffs state that the motion must be dismissed. Substantively, Plaintiffs argue
11 that MSLLC's motion is without merit because Plaintiffs have established causation between
12 MSLLC and the contamination. In this regard, Plaintiffs assert that MSLLC owned the subject
13 shopping center during the destruction of the dry cleaning facility in 2006. Id. at 3. This
14 destruction, according to expert testimony, increased the potential for PCE migration.[1]

**A. Reconsideration Standard**

16 A "motion for reconsideration" is treated as a motion to alter or amend judgment under
17 Federal Rule of Civil Procedure 59(e).[2] Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.,
18 248 F.3d 892, 899 (9th Cir. 2001). A Rule 59(e) motion is appropriate "if the district court: (1)
19 is presented with newly discovered evidence, (2) committed clear error or the initial decision
20 was manifestly unjust, or (3) there is an intervening change in the controlling law." Circuit City
21 Stores, Inc. v. Mantor, 417 F.3d 1060, 1064 n.1 (9th Cir. 2005)(quoting Sch. Dist. No. IJ,
22 Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).

---

[1] According to Plaintiffs' expert Peter Krasnoff, "the removal of the building covering the soil and, allowing direct exposure of the soil containing PCE to precipitation, increased potential for infiltration and the movement of PCE from the Maryland Square Shopping Center." (Opp. to Mot. for Reconsideration (#449) at 3).

[2] Under the prior version of Rule 59(e), a party had ten days to file their motion to alter or amend. On December 1, 2009, the time to file a Rule 59(e) motion was extended to twenty-eight days. Compare Fed. R. Civ. P. 59(e) (2010), with Fed. R. Civ. P. 59(e) (2009). MSLLC's motion was timely filed within twenty-eight days from issuance of the order.

While Rule 59(e) permits "a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003)(quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed.2000)). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Carroll, 342 F.3d at 945 (quoting Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll, 342 F.3d at 945.

**B. Jurisdiction**

Before addressing the merits of MSLLC's argument, the Court must first determine if it has jurisdiction to entertain this motion or if it is divested of jurisdiction following the appeal of the Order (#390) on which MSLLC seeks reconsideration.

The Kishner Defendants filed a Notice of Appeal (#421) in this action of the Court's Order (#390) granting Plaintiffs' motion for summary judgment. 28 U.S.C. § 1292(a)(1) provides that the court of appeals shall have jurisdiction of appeals from "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1292(a)(1). "When a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court." Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001); see Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 379, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."). An exception to this rule exists under the Federal Rules of Civil Procedure, which allows the district court "to retain jurisdiction to 'suspend, modify, restore, or grant an injunction during the pendency of the appeal . . . as it considers proper for the security of the rights of the adverse party.'"

Mayweathers, 258 F.3d at 935 (quoting Fed. R. Civ. P. 62(c)).  Thus, "the district court retains jurisdiction during the pendency of the appeal to act to preserve the status quo," but lacks jurisdiction "to adjudicate anew the merits of the case." Mayweathers, 258 F.3d at 935 (internal quotations and citations omitted).  The district court's exercise of jurisdiction should not "materially alter the status of the case on appeal." Id.

In this matter, the Court is divested of jurisdiction to determine the merits of MSLLC's motion because it relates directly to the issue on appeal.  As noted, the Court lacks jurisdiction "to adjudicate anew the merits of the case," and that is exactly what MSLLC is seeking in its motion for reconsideration. Based on the transfer of jurisdiction from this Court to the appellate court, the Court denies the motion for reconsideration on the grounds of lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, it is ORDERED that Maryland Square, LLC's Motion for Reconsideration (#412) is DENIED.

DATED: This 19th day of October, 2010.

_____
United States District Judge