1
2
3
4
5

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

6  PETER J. VOGGENTHALER, *et al.*,                )
7                                    Plaintiffs,    )          Case No.  2:08-cv-01618-RCJ-GWF
8  vs.                                              )          **ORDER**
9  MARYLAND SQUARE, LLC., *et al.*,                 )
10                                   Defendants      )
                                                    )

12          This matter is before the Court on Third Party Defendant Sears Roebuck & Company's

13  ("Sears") Renewed Request that Presentation of Testimonial Evidence be Permitted at Hearing of

14  Motion to Compel (#527), filed on November 18, 2010 and the Kishner Defendants' Reply to

15  Sears' Renewed Request (#544), filed on November 24, 2010.

16          Sears requests an evidentiary hearing regarding the Kishner Defendants' Motion to Compel

17  Compliance with Subpoena (#476) which seeks an order permitting their agents to enter onto the

18  premises of Sears and the Boulevard Mall to perform "passive soil gas testing."  The Kishner

19  Defendants argue that this soil gas testing is relevant and necessary to obtain scientific data to

20  support their defense that perchloroethylene (PCE) vapors emanating from ground water beneath or

21  near Plaintiffs' residences result, in part, from discharges of PCE into the ground by sources other

22  than the Al Philips dry cleaning facility that was located in the Defendants' Maryland Square

23  Shopping Center.  The Kishner Defendants also argue that the proposed soil gas testing will assist

24  them in complying with remediation requirements ordered by the Court as part of the summary

25  judgment/injunction order granted in favor of the Plaintiff homeowners.  Third Party Defendants

26  Sears and Boulevard Mall, LLC argue that there is no credible evidence that the PCE beneath or

27  near Plaintiffs' residences is from any sources other than the Al Philips facility.  They also contend

28  that the results of such testing will have no bearing on the remediation measures ordered by the

1  Court.  Both sides have submitted declarations and/or reports from their respective experts

2  concerning the proposed soil testing.  Sears requests an opportunity to cross-examine the Kishner

3  Defendants' expert witness, Robert Howe, at the hearing on the motion to compel and to present

4  oral testimony by its own expert, Nicole Sweetland.  The Kishner Defendants argue that an

5  evidentiary hearing is unnecessary.

6          Fed.R.Civ.Pro. 45 of the Federal Rules of Civil Procedure authorizes a party to serve a

7  subpoena to permit the inspection of premises.  Fed.R.Civ.Pro. 34(a)(2) allows a party to serve a

8  request on another party to permit entry onto designated land or other property to inspect, measure,

9  survey, photograph, test, or sample the property or any designated object or operation on it.  Under

10  either rule, the decision whether to permit such entry, inspection and testing is governed by the

11  relevancy standard of Rule 26(b)(1), as well as the provisions of subparagraph (b)(2)(C)(iii) which

12  authorizes the court to limit or preclude otherwise relevant discovery, if the burden or expense of

13  the proposed discovery outweighs its likely benefit.  In *Belcher v. Bassett Furniture Industries,*

14  *Inc.*, 588 F.2d 904, 908 (4th Cir. 1978), the Fourth Circuit stated that "[s]ince entry upon a party's

15  premises may entail greater burdens and risks than mere production of documents, a greater inquiry

16  into the necessity for inspection would seem warranted."  The court further stated that "the degree

17  to which the proposed inspection will aid in the search for truth must be balanced against the

18  burdens and dangers created by the inspection."  In so stating, the court quoted  8 Wright & Miller,

19  *Federal Practice & Procedure*, § 2040, at 286-287 (1970) that "the right to discovery is a qualified

20  right that does not extend to making unnecessary and unwarranted excursions onto the property of

21  another under the guise of supportable litigative needs."  *Belcher*, 588 F.2d at 908 n. 12.  District

22  courts outside the Fourth Circuit have cited *Belcher* as stating the appropriate balancing test.  *See*

23  *Micro Chemical, Inc. v. Lextron, Inc.*, 193 F.R.D. 667, 669 (D. Colo. 2000) and *Minnesota Mining*

24  *& Manufacturing Co. v. Nippon Carbide Industries Co., Inc.*, 171 F.R.D. 246, 248 (D. Minn.

25  1997).

26          It is within the Court's discretion whether to grant or deny an evidentiary hearing on a

27  motion.  *See* Fed.R.Civ.Pro. 43(c) and *United Commercial Ins. Service, Inc. v. Paymaster Corp.*,

28  962 F.2d 853, 858 (9th Cir. 1992).  District courts, with good reason, do not ordinarily conduct

evidentiary hearings on discovery motions.  Although a greater showing of relevancy is required where the discovery involves intrusive and/or destructive testing on another party's premises, the party seeking to conduct tests is not required to meet the standard for admissibility of evidence required at trial.  The applicable standard still remains whether the proposed discovery is reasonably calculated to lead to the discovery of admissible evidence, as weighed against the burden and expense imposed on the other parties.  Consistent with Rule 1, which states that the rules should be administered to secure the just, speedy, and inexpensive determination of every action, the discovery process should not be overburdened with unnecessary evidentiary hearings.

The Court has fully reviewed the underlying motion to compel as well as the responses in oppositions filed by third party defendants, together with the exhibits, reports and declarations attached thereto.  The parties' respective positions regarding the relevancy of or need for passive soils testing are fully and adequately set forth.  Based on this record, the Court can fairly and properly decide the motion to compel without conducting an evidentiary hearing that requires the parties to produce their experts for live testimony before the court.  The Court will, however, afford the parties' counsel reasonable and full opportunity to present their arguments.  Counsel are welcome to use illustrative maps, charts, photographs, etc. to  support and explain their positions and to better inform the Court of the relevant facts.  The parties may, at their option, make their respective expert witnesses available at the hearing, in person or by telephone, to answer technical questions that the Court may have relating to the motion.  Accordingly,

**IT IS HEREBY ORDERED** that Third Party Defendant Sears Roebuck & Company's ("Sears") Renewed Request that Presentation of Testimonial Evidence be Permitted at Hearing of Motion to Compel (#527) is **denied**.

DATED this 30th day of November, 2010.

GEORGE FOLEY, JR.
United States Magistrate Judge

3