1 **ROBERTSON & VICK, LLP**
Alexander Robertson, IV (NV Bar No. 8642)
2 Jennifer L. Taylor (NV Bar No. 5798)
401 North Buffalo Drive, Suite 202
3 Las Vegas, Nevada 89145
Telephone: (702) 247-4661
4 Facsimile: (702) 247-6227
arobertson@rvcdlaw.com
5 jtaylor@rvcdlaw.com

6 **GREBEN & ASSOCIATES**
Jan Adam Greben (CA Bar No. 103464)
7 Admitted *Pro Hac Vice*
1332 Anacapa Street, Suite 110
8 Santa Barbara, CA 93101
Telephone: (805) 963-9090
9 Facsimile: (805) 963-9098
jan@grebenlaw.com

10

Attorneys for Plaintiffs

11

12                    UNITED STATES DISTRICT COURT

13                          DISTRICT OF NEVADA

14 PETER J. VOGGENTHALER; et al.          ) CASE NO. 2:08-cv-01618 RCJ (GWF)
                                          )
15              Plaintiffs,               )
                                          )            **PERMANENT**
16 vs.                                    ) **INJUNCTION GOVERNING THE**
                                          ) **CLEAN UP OF HAZARDOUS**
17 MARYLAND SQUARE, LLC; et al.           ) **SUBSTANCES AT AND EMANATING**
                                          ) **FROM MARYLAND SQUARE**
18              Defendants.               ) **SHOPPING CENTER**
                                          )
19

20

21

22

23

24

25

26

27

28

_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
                     COUNSEL/PARTIES OF RECORD

          DEC 2 7 2010

        CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY: _____ DEPUTY

1

SUMMARY OF CONTENTS

2
Page

3    I.     Introduction ...................................................................................................1

4    II.    Definitions ......................................................................................................1

5    III.   Injunction to Undertake Mitigation and Corrective Actions .......................2

6    IV.    Performance of Work ....................................................................................4

7    V.     Compliance With Applicable Laws ..............................................................5

8    VI.    Record Retention ..........................................................................................5

9    VII.   Extension Requests .......................................................................................5

10   VIII.  Incorporation of Plans, Schedules and Reports ...........................................5

11   IX.    Calendar of Tasks and Schedules .................................................................5

12   X.     Dispute Resolution and Continuing Jurisdiction of the Court .....................6

13   XI.    Participation of Plaintiffs .............................................................................6

14   XII.   Deliverables ..................................................................................................6

15   XIII.  Effective Date ...............................................................................................7

16

17

18

19

20

21

22

23

24

25

26

27

28

I.  **INTRODUCTION**

The Court hereby issues the following Injunction Governing the Cleanup of the Hazardous Substance Contamination at and Emanating from the Maryland Square Shopping Center ("Injunction").

IT IS HEREBY ORDERED, ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65 THAT:

II.  **DEFINITIONS**

Whenever the following terms are used in this Injunction, together with all documents appended hereto, the following meanings shall apply:

A.  "Corrective Action" means a permanent remedy to prevent a hazardous substance or waste from posing a threat or potential threat to public health or the environment (Nevada Administrative Code [NAC] 445A.2262).

B.  "Defendants" shall mean (1) Maryland Square, LLC; (2) Maryland Square Shopping Center Limited Liability Company; (3) Herman Kishner, dba Maryland Square Shopping Center; and (4) Irwin Kishner, Jerry Engel, and Bank of America as Trustees for the Herman Kishner Trust; (5) Shapiro Brothers. Investment Co.

C.  "Deliverable" shall mean, without limitation, any work plan, report, progress report, plan, data, document, information, or submittal, which the Defendants are required to submit to the Nevada Division of Environmental Protection (NDEP).

D.  "Hazardous Substance" shall have the same meanings as set for the in Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) 101(14), 42 U.S.C. 9601(14), including without limitation, tetrachloroethylene (PCE), trichloroethylene (TCE), cis-1,2-dichloroethylene, and chloroethene (also referred to as vinyl chloride), and shall specifically include all materials meeting either the definition of "Hazardous Waste" or "Solid Waste" set forth in federal Resource Conservation and Recovery Act (RCRA) statutory definitions at 1003(5) and (27), 42 U.S.C. 6903(5) and (27), respectively. In

1  addition, "Hazardous Substance" includes, without limitation, hazardous waste

2  (Nevada Revised Statutes [NRS] 459.430), a pollutant (NRS 445A.400) and a

3  contaminant (NRS 445A.325).

4  E.   "Interim-Action Level" means NDEP's Interim-Action Level for PCE vapors in

5  residential indoor air, which was based on a $10^{-4}$ incremental risk, per U.S.

6  Environmental Protection Agency's 2004 Preliminary Remediation Goals (PRGs).

7  F.   "National Contingency Plan" or "NCP" shall mean 40 C.F.R., Part 300.

8  G.   "NAC" means the Nevada Administrative Code.

9  H.   "NDEP" shall mean the Nevada Division of Environmental Protection of the

10  Nevada Department of Conservation and Natural Resources.

11  I.   "NRS" means the Nevada Revised Statutes.

12  J.   "Property" shall mean the property and location of the former Al Phillips the

13  Cleaner (APTC) dry cleaning business located at 3661 S. Maryland Parkway in

14  the Las Vegas, Nevada, which is or has been owned by the Defendants.

15  K.   "Remediation Standard" means the level of concentration of a hazardous

16  substance, hazardous material or a regulated substance in soil, groundwater or

17  surface water which Corrective Action is designed to achieve. The final

18  remediation standards may be adjusted based on site-specific factors, site-specific

19  calculated risk estimations, and background (i.e., ambient) conditions.

20  L.   "Site" shall mean the Property and any area or media where Hazardous

21  Substances released at or from the Property have come to be located, including

22  any area where Hazardous Substances released at or from the Property have

23  commingled with Hazardous Substances from other sites.

24  M.   "Work" shall mean all activities prescribed by, or required to be performed

25  pursuant to this Injunction. All documents required to be submitted to NDEP as

26  part of this Work, as well as any required response by NDEP, shall be filed with

27  the Court.

28  ///

**III.    INJUNCTION TO UNDERTAKE MITIGATION AND CORRECTIVE ACTIONS**

The Defendants are enjoined to and shall, jointly and severally, participate in this Injunction governing the performance of Work at the Site, as required in this Injunction.  No actions shall be taken without review and approval by NDEP.

    A.    <u>MITIGATION OF INDOOR AIR AND WELL WATER</u>.  At a minimum the following actions shall be implemented pursuant to this Injunction:

        1.    Work Plan for Mitigation of Indoor Air and Well Water.  Within **sixty (60) days** of the effective date of this Injunction, the Defendants shall submit a Work Plan for the implementation of actions necessary to control, mitigate and abate the threats to human health via the vapor intrusion pathway. Implementation of the Work Plan shall begin no later than **thirty (30) days** after approval of the Work Plan by NDEP.

            a.    To provide indoor air sampling, at least annually and to be initiated following the time-table specified in III.A.1., for homes in the neighborhood that overlie the area of elevated PCE concentrations in groundwater, as defined by the 100 micrograms per liter ($\mu$g/L) boundary of the plume.  Resampling shall be in accordance with the schedule and work plans as approved by NDEP.

            b.    Design, install and test the efficacy of additional subslab depressurization (SSD) systems if indoor air samples collected from unmitigated homes that are found to contain PCE vapors at concentrations that exceed NDEP's Interim-Action Level.

            c.    Maintain and monitor existing SSD systems until Remediation Standards for PCE in groundwater and indoor air have been met.

            d.    Define the downgradient extent of the Site groundwater plume containing more than 5 $\mu$g/L of PCE, identify any domestic wells within this plume, and take appropriate action to assure that the drinking water standards for PCE and its degradation products are

1     not exceeded in these water supply wells.   Initiation of Work

2     toward delineating the plume to 5 μg/L shall begin no later than

3     **thirty (30) days** after approval of the Work Plan by NDEP.

4    B.    REMEDIATION OF SOURCE AREA SOILS.  The Defendants shall submit to

5     NDEP for review and approval:

6      1.    Corrective Action Plan (CAP) for Source Area Soils located at the former

7       Maryland Square Shopping Center.  The cleanup goal for source area soils

8       shall be based on protection of groundwater and human health, as

9       determined by NDEP.

10   C.    REMEDIATION OF GROUNDWATER.

11      1.    CAP for Groundwater and implementation schedule describing all

12       activities necessary to complete the analysis of alternatives to remediate

13       shallow groundwater, in order to address the indoor air pathway, to be

14       submitted by the Defendants for review and approval by NDEP.

15       Defendants shall implement the approved CAP for Groundwater in

16       accordance with the approved schedule for the groundwater remedy.

17      2.    Corrective Action Report.  Defendants shall submit a draft Corrective

18       Action Report for review in accordance with the approved implementation

19       schedule.  The draft Corrective Action Report shall provide the results of

20       pilot studies, bench-scale studies, and/or treatability studies (i.e., detailed

21       analysis of remedial alternatives) consistent with NAC 445A and NRS,

22       and the NCP.

23      3.    Proposed Plan.  Defendants shall prepare and submit to NDEP and the

24       Court, a Proposed Plan no later than **thirty (30) days** after approval of the

25       RAS Report by NDEP and the Court.  The Proposed Plan shall include a

26       statement of reasons setting forth the basis for the remedial actions

27       selected and the Remediation Standards for PCE in indoor air and

28       groundwater.

4.  <u>Record of Decision (ROD)</u>.  NDEP shall draft a ROD, which shall present the selected remedial alternative for groundwater at the Site. This decision shall be based upon the Administrative Record, NAC 445A.2271 and 445A.2273, and shall be in accordance with criteria listed in the NCP at 40 CFR 300.430(f).

5.  <u>Remedial Design/Remedial Action (RD/RA), Operation and Maintenance</u>. Defendants shall prepare RD/RA documents and submit to NDEP within **one hundred twenty (120) days** of acceptance of the Proposed Plan, and perform such actions in conformance with the remedy selected and set forth in the ROD.

D.  <u>QUARTERLY GROUNDWATER MONITORING AND REPORTING</u>.  This Work shall continue according to the schedule previously established in NDEP letters.

E.  <u>COMMUNITY RELATIONS PLAN</u>.  Defendants shall prepare a Community Relations Plan.  Defendants shall work cooperatively with NDEP and Plaintiffs to provide information updates on progress of mitigation and remediation efforts to residents and other stakeholders, in cooperation with local government officials.

F.  <u>STATUS REPORTS</u>. Defendants shall submit to the Court, NDEP and the Plaintiffs, quarterly reports describing status of Work for the Site. Defendants also shall promptly transmit these reports not later than **thirty (30) days** after the end of the last month of the quarter, beginning with the fourth calendar quarter of 2010.  Defendants may request, and NDEP may consider, modifications to the frequency of reporting.

## IV.  PERFORMANCE OF WORK

A.  <u>MODIFICATION OF DELIVERABLES</u>.

1.  If Defendants modify any method or initiate new activities for which necessary procedures or plans have been established, the Defendants shall prepare an addendum to the approved Work Plan(s) for review and

1    comment by NDEP.  NDEP shall have the option of accepting, rejecting,
2    or modifying any Work completed incorporating unapproved
3    modifications or deviations from the approved Work Plans.

4    2.    If NDEP determines that modification to the Work specified in the
5          Injunction and/or in other Deliverables developed pursuant to the
6          Injunction is necessary, NDEP may require that such modification be
7          incorporated in such Deliverables to the extent that it is consistent with
8          future ROD(s).

9    3.    If the Defendants or Plaintiffs object to any modification determined by
10         NDEP to be necessary pursuant to this paragraph, they may seek dispute
11         resolution by the Court pursuant to Section X (Dispute Resolution and
12         Continuing Jurisdiction of the Court).  Deliverables shall be modified in
13         accordance with final resolution of the dispute. The Defendants shall
14         proceed with all Work not the subject of Dispute Resolution.

15   4.    Nothing in this paragraph shall be construed to limit NDEP's authority to
16         require performance of further response actions as otherwise provided in
17         this Injunction.

18   5.    The Defendants shall continue to implement the Remedial Action(s) and
19         maintain home mitigation systems until Remediation Standards are
20         achieved, or as otherwise determined under NDEP's regulatory authority
21         under NAC 445A.

22   **V.    COMPLIANCE WITH APPLICABLE LAWS**

23   The Work shall comply with all applicable state, and local laws, regulations and
24   guidelines, as amended, including but not limited to, NRS 445A, NRS 459 and, not inconsistent
25   with the NCP.

26   / / /
27   / / /
28   / / /

VI.    **RECORD RETENTION**

Copies of all documents shall be filed with the Court and submitted to NDEP in both hard copy and electronic file formats. Non-privileged Deliverables and correspondence will be posted on NDEP's website at: http://ndep.nv.gov/pce/maryland_square.htm.

VII.   **EXTENSION REQUESTS**

If the Defendants are unable to perform any activity or submit any document within the time required under this Injunction, that Defendants may, prior to expiration of the time, request an extension of the time in writing to NDEP, with a copy to the Court. The extension request shall include a justification for the delay. All such requests shall be in advance of the date on which the activity or document is due.

VIII.  **INCORPORATION OF PLANS, SCHEDULES AND REPORTS**

All plans, schedules, reports, specifications and other documents that are submitted by Defendants pursuant to this Injunction are incorporated in this Injunction upon filing with the Court and the appropriate review and approval by NDEP.

IX.    **CALENDAR OF TASKS AND SCHEDULES**

This Section provides a listing and schedule of key Deliverables required by NDEP:

| Deliverable | | Timeline |
|---|---|---|
| A.1. | Work Plan for Mitigation of Indoor Air | |
| | and Well Water | Within 60 Days of this Injunction |
| B.1. | CAP for Source Area Soil | September 13, 2010 |
| C.1. | CAP for Groundwater | October 11, 2010 |
| C.2. | Corrective Action Report | Within 180 days of approved |
| | | Groundwater CAP |
| C.3. | Proposed Plan | Within 30 days of approval |
| C.4. | ROD | (To be prepared by NDEP) |
| C.5. | RD/RA Report | Within 120 days of approved |
| | | Proposed Plan |
| D. | Quarterly Groundwater Monitoring and Reporting | As scheduled |

| | |
|---|---|
| E.   Community Relations Plan | Within 60 days of this Injunction |
| F.   Status Reports | Quarterly, beginning with 4th Quarter, 2010 |
| Initiation of Mitigation Actions | Within 30 days of approved work plan |
| Notice of Work | Notification within 5 days of knowledge of delay |
| Delay in Work | No later than 5 days prior to any field Work |

**X.     DISPUTE RESOLUTION AND CONTINUING JURISDICTION OF THE COURT**

The Court shall retain full jurisdiction over this Injunction for purposes of ensuring compliance with its terms and provisions and adjudicating any dispute arising hereunder.

A.     If the Defendants or Plaintiffs disagree with any decision or failure to make a decision by NDEP pursuant to this Injunction, they shall notify NDEP and the Court in writing of the dispute ("Notice of Dispute") within **thirty (30) days** of the decision or failure to make a decision.

B.     The "Notice of Dispute" shall set forth the specific points of the dispute, the position the disputants claim should be adopted as consistent with the requirements of this Injunction, the basis for the position, any factual data, analysis or opinion supporting that position, any supporting documentation relied upon, and any information necessary for the Court's determination.

C.     NDEP and the non-disputing party shall have thirty (30) days or such time set by the Court to respond.  The Court's decision shall be incorporated into and become an enforceable element of this Injunction, and shall be considered the final decision.

D.     Any party may petition the Court for review of the terms of this Injunctive Order, or review of its implementation.

///

XI.   **PARTICIPATION OF PLAINTIFFS**

    A.    All Deliverables submitted by the Defendants to NDEP and any response by NDEP shall be filed with the Court shall also be submitted to the Plaintiffs as specified in XII of this Injunctive Order.

    B.    Plaintiffs may provide comments on all Deliverables to NDEP.  NDEP commits to discuss all such comments with the Plaintiffs or provide an informal response; however, NDEP shall prepare a formal "Response to Comments" document only for selected Submittals.  Such selected Submittals include the Proposed Plan for remediation of groundwater, as well as any other Submittals, as agreed to by both the Plaintiffs and NDEP.

XII.   **DELIVERABLES**

    All Deliverables and notifications from Defendants required by this Injunction shall be sent simultaneously to:

As to the State of Nevada:

William Frey, Sr. Deputy AG
Office of the Attorney General
100 N. Carson St.
Carson City, NV 89701

Mary A. Siders, Ph.D.
NDEP, Bureau of Corrective Actions
901 S. Stewart St., Ste 4001
Carson City, NV 89701

As to Plaintiffs:

Alexander Roberston, IV, Esq.
Robertson & Vick, Esq.
880 Hampshire Road, Suite B
Westlake Village, CA 91361

Jan Greben, Esq.
Greben & Associates
1332 Anacapa Street, Suite 110
Santa Barbara, CA 93101

XIII.   **EFFECTIVE DATE**

    This Injunction is effective after it is signed by the Court, entered by the Clerk, and served on NDEP, the Plaintiffs and the Defendants.

IT IS SO ORDERED.

Dated December 27, 2010

District Judge