UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PETER J. VOGGENTHALER, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MARYLAND SQUARE, LLC, et al., ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> MARYLAND SQUARE, LLC, et al., ) <br> ) <br> Third Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GENERAL GROWTH MANAGEMENT, INC., ) <br> a foreign corporation, et al. ) <br> ) <br> Third Party Defendants. ) <br> _____) | 2:08-CV-1618-RCJ-GWF <br><br> **ORDER** |

This case stems from alleged PCE contamination from a dry cleaning facility that operated in a shopping center in Las Vegas, Nevada. On July 22, 2010, the Court entered an Order (#390) granting Plaintiffs summary judgment on their Resources Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), claim. The Court entered a Permanent Injunction (#592) on the RCRA claim on December 27, 2010.[1]

In addition to Plaintiffs' RCRA cause of action, there have been numerous cross-claims and third-party claims filed. Currently before the Court is Third Party Defendant Sears' Motion to Dismiss

---

[1] The Court's order granting summary judgment on the RCRA cause of action and the entry of the permanent injunction are currently on appeal to the Ninth Circuit Court of Appeals. (*See* Amended Notice of Appeal (#602) and Notice of Appeal (#592)).

1 the Voggenthaler Complaint (#471) filed on September 27, 2010. For the following reasons, the Court
2 DENIES the motion.

3 In the instant motion, Sears moves to dismiss the RCRA cause of action in the Voggenthaler
4 Plaintiffs' Complaint on the basis that this Court lacks subject matter jurisdiction over the claim. (Mot.
5 to Dismiss (#471) at 2). According to Sears, "[t]he Voggenthaler Complaint must be dismissed as this
6 Court does not have subject matter jurisdiction." Id. Sears notes that the Voggenthaler Complaint is
7 a private citizen suit seeking injunctive relief pursuant to the Resource Conservation and Recovery Act
8 ("RCRA"). However, according to Sears, "RCRA cannot constitutionally be applied to the facts as
9 alleged in the Voggenthaler Complaint" because as applied to this matter, RCRA exceeds the authority
10 granted by the Commerce Clause. Id. In this case, Sears states that the Voggenthaler Plaintiffs have
11 filed suit to remediate a local contamination of PCE. Sears states that this is a local and isolated matter
12 and does not affect either the channels of interstate commerce or the instrumentalities of interstate
13 commerce. In addition, Sears states that any alleged endangerment by Plaintiffs does not substantially
14 affect interstate commerce. Based on this, Sears argues that the Voggenthaler Plaintiffs' RCRA cause
15 of action does not fall within the bounds of the Commerce Clause authority. The Court agrees.

16 The central issue in this case is an alleged contamination plume located in Las Vegas, Nevada.
17 As noted by Sears, the contamination is a local and isolated plume that does not affect either the
18 channels of interstate commerce or the instrumentalities of interstate commerce. As such, the subject
19 matter of this lawsuit exceeds the authority granted by the Commerce Clause and this Court lacks subject
20 matter jurisdiction over the claims asserted. Despite this, the Court cannot substantively determine this
21 issue and dismiss the lawsuit because, ironically, the Court does not have jurisdiction over issues related
22 to the RCRA cause of action at this time. In this regard, this Court lacks jurisdiction to determine the
23 merits of Sears' argument because of the appeal currently pending in this case on the order granting
24 summary judgment on the Voggenthaler Plaintiffs' RCRA cause of action.

25 The Kishner Defendants filed a Notice of Appeal (#421/#602) in this action of the Court's Order
26 (#390) granting Plaintiffs' motion for summary judgment on the RCRA cause of action asserted in their
27 complaint. "When a notice of appeal is filed, jurisdiction over the matters being appealed normally
28 transfers from the district court to the appeals court." Mayweathers v. Newland, 258 F.3d 930, 935 (9th

1  Cir. 2001); see Marrese v. Am. Academy of Orthopaedic Surgeons, 470 U.S. 373, 379, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."). The "district court retains jurisdiction during the pendency of the appeal to act to preserve the status quo," but lacks jurisdiction "to adjudicate anew the merits of the case." Mayweathers, 258 F.3d at 935 (internal quotations and citations omitted). The district court's exercise of jurisdiction should not "materially alter the status of the case on appeal." Id.

In this matter, the Court is divested of jurisdiction to determine Sears' motion to dismiss because it relates to the issue on appeal. Although the appeal does not involve the issue of subject matter jurisdiction of the RCRA claim, any determination on that issue would "materially alter the status of the case on appeal." Moreover, because the Ninth Circuit now has jurisdiction over the RCRA claim, it may be more appropriate to raise the issue of subject matter jurisdiction with the Ninth Circuit. The Ninth Circuit has expressly stated that parties cannot waive subject matter jurisdiction, and that the issue of jurisdiction may be raised at any time - including on appeal. See City of South Pasadena v. Mineta, 284 F.3d 1154, 1157 (9th Cir. 2002).

Thus, because this Court is divested of jurisdiction over this issue during the pendency of the appeal in the Ninth Circuit, the Court denies Sears' motion without prejudice. This issue can either be raised before the Ninth Circuit, or be determined by this Court following the conclusion of Plaintiffs' appeal.

## Conclusion

IT IS HEREBY ORDERED that Sears' Motion to Dismiss (#471) is DENIED without prejudice.

Dated: February 4, 2011

_____
UNITED STATES DISTRICT JUDGE

3