FILED ___ ENTERED ___ RECEIVED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 2 8 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PETER J. VOGGENTHALER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MARYLAND SQUARE, LLC, et al.,<br><br>Defendants.<br>_____<br><br>MARYLAND SQUARE, LLC, et al.,<br><br>Third Party Plaintiffs,<br><br>v.<br><br>GENERAL GROWTH MANAGEMENT, INC., a foreign corporation, et al.<br><br>Third Party Defendants.<br>_____ | 2:08-CV-1618-RCJ-GWF<br><br>**ORDER** |

Currently before the Court is an Emergency Motion for Clarification (#665) filed by the Kishner Defendants' on February 18, 2011. Also before the Court is Boulevard Mall, LLC's Objections to the Magistrate Judge's Order (#622) and Sears Roebuck & Company's Objection to Magistrate's Order Granting Motion to Compel (#633).

On January 13, 2011, Magistrate Judge George Foley, Jr. issued an Order (#603) on a Motion to Compel Compliance with a Subpoena. That order provided the Kishner Defendants the right to conduct soil gas testing on the Sears property, including approximately 55 soil gas samples. The order also provided the Kishner Defendants the right to conduct soil gas testing on the Boulevard Mall property, including approximately 109 soil gas samples.

On January 21, 2011, this Court held oral argument on a number of motions including Sears'

1  Motion to Dismiss the Kishner Defendants' First Amended Third Party Complaint. During the hearing
2  on Sears' Motion to Dismiss, the Court addressed the scope of the soil gas testing granted in the
3  Magistrate Judge's order, and advised the Kishner Defendants that it would limit the number of soil gas
4  samples to be taken to three (3) on the Sears' property and five (5) on the Boulevard Mall property.[1]

5  Following that hearing, Boulevard Mall, LLC and Sears filed Objections to the Magistrate
6  Judge's Order. In the Boulevard Mall, LLC's objections, Boulevard Mall, LLC stated that despite its
7  objections to the underlying Magistrate Judge's order, it "is willing to provide access to its portion of
8  the Mall for a soil gas study" as required by this Court during the January 21, 2011 hearing. Thus, it
9  would allow five soil gas corings to be established on its portion of the Mall property. Sears also
10 objected to the scope of the Magistrate Judge's order, but recognized that this Court "greatly limited"
11 the scope of that order.

12  On February 18, 2011, this Kishner Defendants filed an Emergency Motion for Clarification
13 (#665) regarding the Magistrate Judge's Order and this Court's oral modifications to that order.
14 Specifically, the Kishner Defendants request "clarification from this Court in the form of a written
15 order." (Mot. for Clarification (#665) at 4). According to the Kishner Defendants: "A written order
16 from the Court will greatly assist the parties in confirming their respective rights regarding the scope of
17 soil gas testing allowed at the Boulevard Mall and Sears properties and the timing for completing the
18 same." *Id.*

19  As noted in the foregoing, the Court limited, during oral argument, the scope of the Magistrate
20 Judge's order. Specifically, the Court found that conducting 55 soil gas testings on the Sears' property
21 and approximately 109 soil gas testings on the Boulevard Mall property was unwarranted. Rather, the
22 Court found that allowing three soil gas testings on the Sears' property and five on the Boulevard Mall
23 property was appropriate.

24  In line with its oral rulings, the Court now holds that the Kishner Defendants are entitled to

---

[1] Specifically, the Court stated that it intended to grant Sears' motion to dismiss, but would hold off on issuing the order to allow the Kishner Defendants "to do three samples on the Sears premises, and no more than five samples on the Boulevard Mall east and west." The Court expressly disagreed with the Magistrate Judge's Order (#603) allowing fifty-five tests on the Sears' property. *See* Transcript of January 21, 2011 proceeding at p. 21.

conduct three soil gas tests on the Sears' property and five soil gas tests on the Boulevard Mall property. To the extent the Magistrate Judge's Order (#603) allows for more testing and/or samples to be taken, it is overruled.

### Conclusion

IT IS HEREBY ORDERED that the Motion for District Judge to Reconsider Order (#622) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Sears' Objection to Magistrate's Order Granting Motion to Compel (#633) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the Kishner Defendants' Emergency Motion for Clarification is GRANTED IN PART and DENIED IN PART.

The Kishner Defendants are authorized to conduct three soil gas tests on the Sears' property and five soil gas tests on the Boulevard Mall property.

The testing remains subject to the following conditions:

1. The soil gas testing is to be scheduled and coordinated with the Third Party Defendants and other Boulevard Mall Property owners to minimize the interference with the business operations of the mall, the mall tenants and their customers;

2. The Kishner Defendants and their contractors shall use the services of an underground utility locating service if the depth of the core holes present a reasonable risk of damage to underground utility lines or other facilities; and

3. The soil testing contractor(s) must be adequately insured for property damage and bodily injury damages that may be caused by the soil gas testing. Third Party Defendants Sears, the Boulevard Mall, LLC and other owners of the premises on which the testing is conducted shall also be listed as additional insureds on the installing contractor's insurance policy.

Dated: February 28, 2011

UNITED STATES DISTRICT JUDGE

3