**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER J. VOGGENTHALER, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> MARYLAND SQUARE, LLC, et al., ) <br> ) <br> Defendants. ) <br> ──────────────────────── ) <br> MARYLAND SQUARE, LLC, et al., ) <br> ) <br> Third Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GENERAL GROWTH MANAGEMENT, INC.,) <br> a foreign corporation, et al., ) <br> ) <br> Third Party Defendants. ) <br> ──────────────────────── | 2:08-cv-1618-RCJ-GWF <br><br> **ORDER** |

On June 10, 2011, the Ninth Circuit remanded this case for the limited purpose of enabling this Court to make the express determinations required by Federal Rule of Civil Procedure 54(b) as to its October 20, 2010, order (#487). The Ninth Circuit found that, although this Court, "certified the issues in its October 20, 2010 order for appeal purposes, it did not expressly determine that there [was] no just reason for delay as required by [Rule 54(b)] in its December 3, 2010 'Minutes of Proceeding.'"

Rule 54(b) provides that:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). Pursuant to *Frank Briscoe Co., Inc. v. Morrison-Knudsen Co., Inc.*, 776 F.2d 1414 (9th Cir. 1985), the Ninth Circuit held that a district court must set forth specific findings for directing entry of judgment under Rule 54(b). *Id.* at 1416. Those findings include: "a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." *Id.*

This Court finds that the order (#487) was a final judgment as to the each of the Shapiro Defendants as to the issues raised in the Kishner Defendants' Motion for Summary Judgment (#410). The Court finds that these issues are separate and independent of the Voggenthaler Plaintiffs' claims, the Shapiro Defendants' pending cross-claims against the Kishner Defendants, and any pending third-party claims before the Court. The Court expressly finds that the final judgments made against the Shapiro Defendants in this Court's order (#487) are substantially severable from the remainder of the pending action and finds that there is no just reason for delay for appeal.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Court makes an express finding that there is no just reason for delay, pursuant to Rule 54(b), for the Shapiro Defendants to appeal this Court's October 20, 2010 (#487) order.

DATED: This 14th day of July, 2011.

_____
United States District Judge