**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER J. VOGGENTHALER, et al., )<br>        Plaintiffs, )<br>    v. )<br>MARYLAND SQUARE, LLC, et al., )<br>        Defendants. )<br>_____ ) | 2:08-cv-1618-RCJ-GWF<br><br>**ORDER** |

Currently before the Court are Third Party Defendant Sears Roebuck & Co.'s Motion to Dismiss (#470); Third Party Defendant Sears Roebuck & Co.'s Motion for Rule 11 Sanctions (#619); Defendant Shapiro Brothers Investment Co.'s Motion Asking this Court to Consider its Motion for Relief from Judgment Pursuant to FRCP 60(b)(4) (#682); Defendant Shapiro Brothers Investment Co.'s Motion for Relief from Judgment Pursuant to FRCP 60(b)(4) and Request for Indicative Ruling Pursuant to FRCP 62.1 (#698); and the Nevada Division of Environmental Protection's Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt for Violating Permanent Injunction (#752). The Court heard oral argument on July 15, 2011.

**DISCUSSION**

**I.    Third Party Defendant Sears Roebuck & Co.'s Motion to Dismiss (#470)**[1]

On January 21, 2011, the Court heard oral argument on this motion. (*See* Minutes of Proceeding (#649)). The Court stated that it was going to grant the motion to dismiss, but was

---

[1] Third party defendant So. Nev. T.B.A. Supply Co., d/b/a Ted Wiens Tire & Auto Centers filed a joinder to this motion. (*See* Joinder (#478)).

going to hold off on any ruling in order to give the Kishner Defendants the opportunity to do three soil gas samples on the Sears premises and no more than five soil gas samples on the Boulevard Mall premises. (*See* Transcript (#645) at 23). The Court stated that it was going to put the burden on the Kishner Defendants' counsel "to come forward with an expert report with something else that ties in a plausible claim." (*Id.* at 25). The Court gave the Kishner Defendants sixty (60) days to complete the testing and then it was going to rule on the motion to dismiss. (*Id.*).

On February 18, 2011, the Kishner Defendants filed an Emergency Motion for Clarification of Order (#665). On February 28, 2011, this Court issued an order that stated "the Kishner Defendants are entitled to conduct three soil gas tests on the Sears' property and five soil gas tests on the Boulevard Mall property." (Order (#677) at 2-3).

In counting sixty (60) days from the February 28, 2011, order, the soil gas testing should have been completed by the end of April 2011. The Kishner Defendants never filed any updates regarding the status of the soil testing and did not provide the Court with any expert report after the completion date for testing. On July 14, 2011, the day before the scheduled hearing on this motion, the Kishner Defendants filed a 445-page supplement in response to Sears's motion to dismiss. The Court finds that this filing is late and will not consider its contents. Accordingly, the Court grants Sears's Motion to Dismiss (#470) without leave to amend.

**II.    Third Party Defendant Sears Roebuck & Co.'s Motion for Rule 11 Sanctions (#619)**

Sears filed a motion for sanctions against the Kishner Defendants because (1) no basis in law or fact exist for any of the claims asserted against Sears in the First Amended Third Party Complaint ("FATPC") and (2) the Kishner Defendants failed to withdraw the FATPC after receiving notice from Sears of the FATPC's inadequacies. (Mot. for Sanctions (#619) at 2).

In response, the Kishner Defendants oppose sanctions because they assert that they conducted a reasonable inquiry with their expert, Robert Howe, and determined that they had evidentiary support to file an amended complaint and would likely have evidentiary support

after a reasonable opportunity for further investigation to include Sears in the action. (Opp'n to Mot. for Sanctions (#657) at 2).

Pursuant to Federal Rule of Civil Procedure 11, a court may impose sanctions on any attorney, law firm, or party that violates Rule 11(b) or is responsible for the violation. Fed. R. Civ. P. 11(c)(1). Rule 11(b) provides that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . .
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation
> . . .
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b)(1), (3).

In this case, the Court finds that the Kishner Defendants had enough information to file the complaint but not enough evidence to sustain the complaint. Accordingly, the Court denies Sears's Motion for Rule 11 Sanctions (#619).

**III.    Defendant Shapiro Brothers Investment Co.'s Motion Asking this Court to Consider its Motion for Relief from Judgment Pursuant to FRCP 60(b)(4) (#682)**

On December 27, 2010, this Court entered a permanent injunction governing the clean up of hazardous substances at and emanating from the Maryland Square Shopping Center against Defendants Maryland Square, LLC; Maryland Square Shopping Center Limited Liability Company; the Kishner Defendants; and Shapiro Brothers Investment Company ("SBIC"), in part based on the Comprehensive Environmental Response, Compensation And Liability Act ("CERCLA") and the Resource Conservation and Recovery Act ("RCRA"). (Permanent Injunction (#592) at 3). On January 19, 2011, SBIC filed a notice of appeal on the permanent injunction. (Notice of Appeal (#605) at 2).

On February 4, 2011, this Court issued an order denying Sears' motion to dismiss the Voggenthaler Complaint. (Order (#641) at 1-2). Sears moved to dismiss the RCRA cause of action in the Voggenthaler Complaint based on a lack of subject matter jurisdiction. (*Id.* at 2).

Sears argued that the contamination was a local and isolated matter that did not affect either the channels of interstate commerce or the instrumentalities of commerce. (*Id.*). The Court found the following:

> As noted by Sears, the contamination is a local and isolated plume that does not affect either the channels of interstate commerce or the instrumentalities of interstate commerce. As such, the subject matter of this lawsuit exceeds the authority granted by the Commerce Clause and this Court lacks subject matter jurisdiction over the claims asserted. Despite this, the Court cannot substantively determine this issue and dismiss the lawsuit because, ironically, the Court does not have jurisdiction over issues related to the RCRA cause of action at this time. In this regard, this Court lacks jurisdiction to determine the merits of Sears' argument because of the appeal currently pending in this case on the order granting summary judgment on the Voggenthaler Plaintiffs' RCRA cause of action.
> . . .
> Thus, because this Court is divested of jurisdiction over this issue during the pendency of the appeal in the Ninth Circuit, the Court denies Sears' motion without prejudice. This issue can either be raised before the Ninth Circuit, or be determined by this Court following the conclusion of Plaintiff's appeal.

(*Id.* at 2-3).

On March 8, 2011, SBIC filed the instant motion, joined by Maryland Square LLC (#683) and the Kishner Defendants (#684). (Mot. to Consider FRCP 60(b)(4) Relief (#682)). SBIC asks this Court whether it will agree to consider SBIC's anticipated motion to vacate the permanent injunction in light of the Court's acknowledgment that it lacks subject matter jurisdiction over the Voggenthaler Plaintiffs' RCRA claim. (*Id.* at 2). SBIC recognizes that this Court lacks jurisdiction to consider the motion based on its pending appeal. (*Id.*). However, by following procedures outlined by the Ninth Circuit, SBIC is attempting to ask this Court whether it will entertain the motion and then it will seek a remand from the Ninth Circuit. (*Id.*). SBIC argues that the Court should void the permanent injunction based on RCRA because this Court lacks jurisdiction over the Voggenthaler Plaintiffs' RCRA claim. (*Id.* at 3-4).

In response, the Voggenthaler Plaintiffs argue that SBIC should address this issue in its pending appeal to the Ninth Circuit so that all of the issues can be addressed in one setting. (Opp'n to Mot. to Consider FRCP 60(b)(4) Relief (#695) at 4). They argue that a remand would only lead to another appeal. (*Id.*).

The Ninth Circuit has held that "the filing of a notice of appeal divests the district court

4

of jurisdiction to dispose of the motion after an appeal has been taken, without a remand from [the appellate court]." *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984) (internal quotations omitted). The Ninth Circuit has held that to seek Rule 60(b) relief, "the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the appellate court], if appropriate, for remand of the case." *Id.* Federal Rule of Civil Procedure 60(b)(4) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding [because] . . . the judgment is void." Fed. R. Civ. P. 60(b)(4). The Ninth Circuit has expressly stated that parties cannot waive subject matter jurisdiction, and that the issue of jurisdiction may be raised at any time–even on appeal. *City of South Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002).

The Court denies the Motion Asking this Court to Consider its Motion for Relief from Judgment Pursuant to FRCP 60(b)(4) (#682) and directs SBIC to raise the jurisdictional issue on appeal.

**IV.     Defendant Shapiro Brothers Investment Co.'s Motion for Relief from Judgment Pursuant to FRCP 60(b)(4) and Request for Indicative Ruling Pursuant to FRCP 62.1 (#698)**

This motion is related to the above-referenced motion. In this motion, SBIC moves the Court for an indicative ruling, pursuant to Fed. R. Civ. P. 62.1(a)(3) that it would grant SBIC's motion to vacate the permanent injunction pursuant to Rule 60(b)(4) if the Ninth Circuit were to remand the case back to this Court for that very purpose. (Mot. for Indicative Ruling (#698) at 3-4).

In response, the Voggenthaler Plaintiffs oppose the motion and argue that the Court does have subject matter jurisdiction over the RCRA claim. (Opp'n to Mot. for Indicative Ruling (#708) at 3-8). They also contend that SBIC can raise the jurisdictional issue on appeal. (*Id.* at 8).

In reply, SBIC notes that the Ninth Circuit has stayed the appeal pending the outcome of this motion. (Reply to Mot. for Indicative Ruling (#749) at 12).

On May 2, 2011, the Ninth Circuit issued an order staying SBIC's appeal until August 15, 2011, pending this Court's determination of appellant's motion for indicative ruling and

related relief. (*See* Ninth Circuit Order (#707) at 1). The Ninth Circuit ordered SBIC, on or before the expiration of the stay, to file an opening brief or file an appropriate motion addressing the status of the case and to request continuance of the stay or other relief. (*Id.*).

Federal Rule of Civil Procedure 62.1 provides that when the district court lacks authority to grant a motion for relief because of a pending appeal, the district court may defer considering the motion, deny the motion, or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(1)-(3). If the district court states that it would grant the motion or that the motion raises a substantial issue, the movant must notify the circuit clerk and, upon remand, the district court "may decide the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(b), (c).

In this case, the Ninth Circuit order did not indicate whether this Court should rule one way or the other. Therefore, this Court denies the Motion for Relief from Judgment Pursuant to FRCP 60(b)(4) and Request for Indicative Ruling Pursuant to FRCP 62.1 (#698) and directs SBIC to raise the jurisdictional issue on appeal.

**V.   NDEP's Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt for Violating Permanent Injunction (#752)**

On May 13, 2011, NDEP filed a motion for an order to show cause why Defendants[2] should not be held in contempt for violating this Court's December 27, 2010, permanent injunction. (Mot. to Show Cause (#752) at 2). NDEP asserts that the permanent injunction requires Defendants to submit: (1) a work plan for the mitigation of indoor air and well water; (2) a corrective action plan ("CAP") for the remediation of source area soils; and (3) a CAP for the remediation of groundwater. (*Id.* at 3). With respect for the work plan for mitigation of indoor air and well water, NDEP notes that Defendants' first draft was deficient and that a revised work plan was due by June 13, 2011. (*Id.* at 4). With respect to the CAP for

---

[2] "Defendants" as used by NDEP include: Maryland Square, LLC; Maryland Square Shopping Center Limited Liability Company; Herman Kishner, dba Maryland Square Shopping Center; Irwin Kishner, Jerry Engel, and Bank of America as Trustees for the Herman Kishner Trust; and Shapiro Brothers Investment Co. (Mot. to Show Cause (#752) at 3 n.1).

6

groundwater, NDEP argues that Defendants have submitted two deficient draft CAPs despite NDEPs extensive comments and outlining of the shortcomings. (*Id.* at 4-5). With respect to the CAP for soil, NDEP asserts that Defendants have not begun any work on the approved CAP to remediate the source area soil. (*Id.* at 5). NDEP asserts that, although Defendants have met the deadlines for the CAPs, Defendants have failed to meet the substantive requirements to implement acceptable groundwater CAPs. (*Id.* at 7). NDEP asserts that it appears that Defendants are attempting to delay groundwater mediation activities altogether in order to await the outcome of their appeal for the permanent injunction. (*Id.*). If the revised groundwater CAP, due June 14, 2011, is unacceptable, NDEP seeks an order holding Defendants in contempt and an order requiring them to pay a coercive fine to deter noncompliance. (*Id.* at 8). NDEP also seeks a remedial fine to recover the costs and attorneys' fees spent on enforcing the permanent injunction. (*Id.*).

On June 13, 2011, Defendants and NDEP filed an amended stipulation that "in the event the issues in the [above-referenced motion] are not resolved by June 28, 2011, . . . the deadline for Defendants to file a response to the Motion is July 1, 2011, and the deadline for NDEP to file a reply in support of the Motion is July 15, 2011 (which is the date of the scheduled hearing)." (Amended Stip (#766) at 2).

Voggenthaler Plaintiffs file a joinder to NDEP's motion for order to show cause and object to the aforementioned stipulation. (Joinder (#767) at 1). Voggenthaler Plaintiffs interpret the stipulation as a request to postpone the hearing date scheduled for July 15, 2011. (*Id.*). They assert that they have not been apprised of any meetings between NDEP and Defendants and their attempt to resolve the contempt issues and assert that the permanent injunction requires NDEP to discuss all such comments with the Voggenthaler Plaintiffs. (*Id.* at 1-2). Voggenthaler Plaintiffs request that the Court conduct the hearing as scheduled. (*Id.* at 2).

Pursuant to the status updates given at oral argument, the Court will continue the hearing for the Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt for Violating Permanent Injunction (#752) for September 9, 2011.

7

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Third Party Defendant Sears Roebuck & Co.'s Motion to Dismiss (#470) is GRANTED without leave to amend.

IT IS FURTHER ORDERED that Third Party Defendant Sears Roebuck & Co.'s Motion for Rule 11 Sanctions (#619) is DENIED.

IT IS FURTHER ORDERED that Defendant Shapiro Brothers Investment Co.'s Motion Asking this Court to Consider its Motion for Relief from Judgment Pursuant to FRCP 60(b)(4) (#682) is DENIED.

IT IS FURTHER ORDERED that Defendant Shapiro Brothers Investment Co.'s Motion for Relief from Judgment Pursuant to FRCP 60(b)(4) and Request for Indicative Ruling Pursuant to FRCP 62.1 (#698) is DENIED.

IT IS FURTHER ORDERED that the hearing for NDEP's Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt for Violating Permanent Injunction (#752) is continued to September 9, 2011.

DATED: This  26th  day of July, 2011.

_____
United States District Judge