**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PETER J. VOGGENTHALER, et al.,  )
　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　) 　　2:08-cv-1618-RCJ-GWF
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　**ORDER**
MARYLAND SQUARE, LLC., et al.,　 )
　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　 )
　　　　　　　　　　　　　　　　)

Currently before the Court are a Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt for Violating Permanent Injunction (#752); a Motion for Order to Show Cause Why Defendant Shapiro Brothers Investment Co. Should Not Be Held in Contempt for Violating Permanent Injunction (#768); a Motion for Reconsideration of the Court's Order Granting Third-Party Defendant Sears' Motion to Dismiss (#794); and a Motion for an Express Determination of No Just Reason for Delay Pursuant to Fed. R. Civ. P. 54(b) (#803). The Court heard oral argument on November 8, 2011.

**DISCUSSION**

**I.　Nevada Division of Environmental Protection's ("NDEP") Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt for Violating Permanent Injunction (#752)**

On May 13, 2011, NDEP filed a motion for an order to show cause why Defendants[1] should not be held in contempt for violating this Court's December 27, 2010, permanent

---

[1] "Defendants" as used by NDEP include: Maryland Square, LLC; Maryland Square Shopping Center Limited Liability Company; Herman Kishner, dba Maryland Square Shopping Center; Irwin Kishner, Jerry Engel, and Bank of America as Trustees for the Herman Kishner Trust; and Shapiro Brothers Investment Co. (Mot. to Show Cause (#752) at 3 n.1).

1  injunction. (Mot. to Show Cause (#752) at 2). At oral argument, NDEP agreed to withdraw
2  this motion and re-file it at a later time. As such, the Court finds that the motion is withdrawn.

3  **II.  Kishner Defendants' Motion for Order to Show Cause Why Defendant Shapiro
4  Brothers Investment Co. Should Not Be Held in Contempt for Violating Permanent Injunction (#768)**

5  Defendants Maryland Square Shopping Center, LLC; the Herman Kishner Trust d/b/a
6  Maryland Square Shopping Center; Irwin Kishner; Jerry Engel; and Bank of America, as
7  Trustees for The Herman Kishner Trust (collectively the "Kishner Defendants") move for an
8  order to show cause why Defendant Shapiro Brothers Investment Co. ("SBIC") should not be
9  held in contempt for violating the permanent injunction. (Mot. to Show Cause (#768) at 2).
10 Kishner Defendants argue that, in light of the permanent injunction, it wrote SBIC and
11 demanded that SBIC assume responsibility for compliance with all of the provisions of the
12 permanent injunction and payment of the Kisher Defendants' expert fees associated with the
13 permanent injunction. (*Id.* at 3). Kishner Defendants assert that SBIC did not respond to that
14 demand and that SBIC continues to avoid participation in any of the work at the site. (*Id.*).
15 Additionally, Kishner Defendants contend that SBIC's only attempt to comply with the
16 permanent injunction has been to submit three reports containing the same language that it
17 "has submitted claims to certain insurance carriers seeking financial contribution for the work
18 called for under the Permanent Injunction." (*Id.* at 3-4).

19 In response, SBIC argues that it is a dissolved Nevada corporation that has no assets
20 or employees and has done all that it can do to comply with the permanent injunction. (Opp'n
21 to Mot. to Show Cause (#774) at 2). SBIC argues that, pursuant to NRS Chapter 78, it cannot
22 engage in the same affirmative tasks that active corporations can engage in. (*Id.*).

23 Pursuant to the discussions at oral argument, the hearing on this motion is continued
24 until January 20, 2011.

25 **III.  Kishner Defendants' Motion for Reconsideration of the Court's Order Granting Third-Party Defendant Sears' Motion to Dismiss (#794)**
26
27 Kishner Defendants file a motion for reconsideration of this Court's order granting Third-
28 Party Sears Roebuck & Co's Motion to Dismiss. (Mot. for Recon. (#794) at 1). Kishner

1 Defendants argue that the Court should consider its supplemental response and asserts that
2 the timing for completing the soil gas testing was unclear. (*Id.* at 3-4).

3     In response, Sears argues that the Court's ruling gave Kishner Defendants 60 days to
4 conduct testing and to report to the Court whether they had found anything to support their
5 allegations. (Resp. to Mot. for Recon. (#798) at 3).[2] Sears asserts that, on April 19, 2011, this
6 Court issued a minute order setting the motion to dismiss hearing for July 15, 2011, and, thus,
7 Kishner Defendants knew that they would have to provide their supplemental response before
8 that. (*Id.* at 4).

9     On January 21, 2011, the Court heard oral argument on Sears' motion to dismiss. (*See*
10 Minutes of Proceeding (#649)). The Court stated that it was going to grant the motion to
11 dismiss, but was going to hold off on any ruling in order to give Kishner Defendants the
12 opportunity to do three soil gas samples on the Sears premises and no more than five soil gas
13 samples on the Boulevard Mall premises. (*See* Transcript (#645) at 23). The Court stated
14 that it was going to put the burden on Kishner Defendants' counsel "to come forward with an
15 expert report with something else that ties in a plausible claim." (*Id.* at 25). The Court gave
16 Kishner Defendants sixty (60) days to complete the testing and then it was going to rule on the
17 motion to dismiss. (*Id.*).

18     On February 18, 2011, Kishner Defendants filed an Emergency Motion for Clarification
19 of Order (#665). On February 28, 2011, this Court issued an order that stated "Kishner
20 Defendants are entitled to conduct three soil gas tests on the Sears' property and five soil gas
21 tests on the Boulevard Mall property." (Order (#677) at 2-3).

22     In counting sixty (60) days from the February 28, 2011, order, the soil gas testing should
23 have been completed by the end of April 2011. On April 19, 2011, this Court issued a minute
24 order stating that it would hear oral argument on the motion to dismiss on July 15, 2011.
25 (Minute Order (#701)). Kishner Defendants never filed any updates regarding the status of
26 the soil testing and did not provide the Court with any expert report after the completion date
27

28     [2] Third Party Defendant So. Nev. T.B.A. Supply Co. d/b/a Ted Wiens Tire & Auto Centers ("Wien") files a joinder to this motion. (Joinder (#801)).

for testing. On July 14, 2011, the day before the scheduled hearing on the motion to dismiss, Kishner Defendants filed a 445-page supplement in response to Sears' motion to dismiss. (Supp. to Resp. (#787)). At the hearing, the Court found that this filing was late and would not consider its contents. This Court issued an order granting Sears' Motion to Dismiss (#470) without leave to amend. (Order (#791) at 2).

In this case, the Court explicitly stated that the Kishner Defendants had 60 days to complete the soil gas testing and report its findings to this Court. Based on this Court's hearing schedule, Kishner Defendants had more than 120 days to complete the testing and report its findings to this Court. The Kishner Defendants never asked for a continuance and did not provide this Court with an update prior to the hearing. As such, their supplemental filing was late and the Court denies the motion for reconsideration (#794).

**IV. Motion for an Express Determination of No Just Reason for Delay Pursuant to Fed. R. Civ. P. 54(b) (#803)**

On December 27, 2010, this Court entered a permanent injunction governing the clean up of hazardous substances at and emanating from the Maryland Square Shopping Center against Defendants Maryland Square, LLC; Maryland Square Shopping Center Limited Liability Company; Kishner Defendants; and SBIC, in part based on the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") and the Resource Conservation and Recovery Act ("RCRA"). (Permanent Injunction (#592) at 3). On January 19, 2011, SBIC filed a notice of appeal on the permanent injunction. (Notice of Appeal (#605) at 2).

On February 4, 2011, this Court issued an order denying Sears' motion to dismiss the Voggenthaler Complaint. (Order (#641) at 1-2). Sears moved to dismiss the RCRA cause of action in the Voggenthaler Complaint based on a lack of subject matter jurisdiction. (*Id.* at 2). Sears argued that the contamination was a local and isolated matter that did not affect either the channels of interstate commerce or the instrumentalities of commerce. (*Id.*). The Court found the following:

> As noted by Sears, the contamination is a local and isolated plume that does not affect either the channels of interstate commerce or the instrumentalities of interstate commerce. As such, the subject matter of this lawsuit exceeds the authority granted by the Commerce Clause and this Court lacks subject matter

4

> jurisdiction over the claims asserted. Despite this, the Court cannot substantively determine this issue and dismiss the lawsuit because, ironically, the Court does not have jurisdiction over issues related to the RCRA cause of action at this time. In this regard, this Court lacks jurisdiction to determine the merits of Sears' argument because of the appeal currently pending in this case on the order granting summary judgment on the Voggenthaler Plaintiffs' RCRA cause of action.
> . . .
> Thus, because this Court is divested of jurisdiction over this issue during the pendency of the appeal in the Ninth Circuit, the Court denies Sears' motion without prejudice. This issue can either be raised before the Ninth Circuit, or be determined by this Court following the conclusion of Plaintiff's appeal.

(*Id.* at 2-3).

On March 8, 2011, SBIC filed a motion asking this Court to consider its motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4), joined by Maryland Square LLC (#683) and Kishner Defendants (#684). (Mot. to Consider FRCP 60(b)(4) Relief (#682)). SBIC asked whether this Court would agree to consider SBIC's anticipated motion to vacate the permanent injunction in light of the Court's acknowledgment that it lacks subject matter jurisdiction over the Voggenthaler Plaintiffs' RCRA claim. (*Id.* at 2). SBIC recognized that this Court lacked jurisdiction to consider the motion based on its pending appeal. (*Id.*). However, by following procedures outlined by the Ninth Circuit, SBIC sought to ask this Court whether it would entertain the motion and then it would seek a remand from the Ninth Circuit. (*Id.*). SBIC argued that the Court should void the permanent injunction based on RCRA because this Court lacks jurisdiction over the Voggenthaler Plaintiffs' RCRA claim. (*Id.* at 3-4).

On July 26, 2011, this Court denied the motion, directed SBIC to raise the jurisdictional issue on appeal, and noted that, pursuant to *City of South Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002), the Ninth Circuit has expressly stated that parties cannot waive subject matter jurisdiction, and that the issue of jurisdiction may be raised at any time–even on appeal. (*See* Order (#791) at 5).

In a related motion, SBIC moved the Court for an indicative ruling, pursuant to Fed. R. Civ. P. 62.1(a)(3), that the Court would grant SBIC's motion to vacate the permanent injunction pursuant to Rule 60(b)(4) if the Ninth Circuit were to remand the case back to this Court for that very purpose. (Mot. for Indicative Ruling (#698) at 3-4). The Court denied the motion and

1  directed SBIC to raise the jurisdictional issue on appeal.

2  　　　SBIC now files a motion for an express determination of no just reason for delay
3  pursuant to Fed. R. Civ. P. 54(b) to appeal this Court's July 26, 2011 order.

4  　　　This Court denies the motion (#803) because the July 26, 2011, order directed SBIC
5  to raise the jurisdictional issue on appeal.  The Ninth Circuit has stated that subject matter
6  jurisdiction may be raised at any time.  SBIC currently has an appeal before the Ninth Circuit
7  and should raise the jurisdictional issue in the appeal pending before the Ninth Circuit.  The
8  Court does note that it is skeptical of its jurisdiction because application of RCRA in this case
9  exceeds the authority granted by the Commerce Clause.

## CONCLUSION

　　　For the foregoing reasons, IT IS ORDERED that the Motion for Order to Show Cause Why Defendants Should Not Be Held in Contempt for Violating Permanent Injunction (#752) is WITHDRAWN pursuant to an oral stipulation during oral argument.

　　　IT IS FURTHER ORDERED that the Motion for Order to Show Cause Why Defendant Shapiro Brothers Investment Co. Should Not Be Held in Contempt for Violating Permanent Injunction (#768) is continued until January 20, 2011.

　　　IT IS FURTHER ORDERED that the Motion for Reconsideration of the Court's Order Granting Third-Party Defendant Sears' Motion to Dismiss (#794) is DENIED.

　　　IT IS FURTHER ORDERED that the Motion for an Express Determination of No Just Reason for Delay Pursuant to Fed. R. Civ. P. 54(b) (#803) is DENIED.

　　　DATED:  This 7th day of December, 2011.

_____
United States District Judge