# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PETER J. VOGGENTHALER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) 2:08-cv-1618-RCJ-GWF |
| | ) |
| MARYLAND SQUARE, LLC, et al., | ) **ORDER** |
| Defendants. | ) |

Currently before the Court are the Kishner Defendants' Motion for Order to Show Cause Why Defendant Shapiro Brothers Investment Co. Should Not Be Held in Contempt for Violating Permanent Injunction (#768) and Ted Wiens's Motion for Clarification and/or Correction of Oversight or Omission Pursuant to F.R.C.P. 60(a) (#860). The Court heard oral argument on March 9, 2012.

## DISCUSSION

**I. Kishner Defendants' Motion for Order to Show Cause Why Defendant Shapiro Brothers Investment Co. Should Not Be Held in Contempt for Violating Permanent Injunction (#768)**

On December 27, 2010, this Court issued a permanent injunction governing the clean up of hazardous substances at and emanating from Maryland Square Shopping Center. (Permanent Injunction (#592). At the hearing on November 8, 2011, this Court continued argument for this motion until January 20, 2012. (Order (#832) at 1-2). The day before the last scheduled hearing, the parties stipulated to continue the hearing until March 9, 2012. (Stip. (#868) at 4). At oral argument, the parties requested another continuance. Pursuant to the discussions at oral argument, the parties agreed to withdraw the submission of this

motion and to re-submit the motion for hearing on April 19, 2012. As such, the Court finds that the Kishner Defendants' Motion for Order to Show Cause (#768) is withdrawn. The Court orders the parties to re-file the motion before the hearing scheduled on April 19, 2012.

## II. Ted Wiens's Motion for Clarification and/or Correction of Oversight or Omission Pursuant to F.R.C.P. 60(a) (#860)

Third-party defendant So. Nev. T.B.A. Supply Co., dba Ted Wiens Tire & Auto Centers ("Ted Wiens") files a motion for clarification and/or correction of oversight or omission pursuant to Federal Rule of Civil Procedure 60(a). (Mot. for Clarification (#860) at 1). Ted Wiens seeks clarification of this Court's July 26, 2011 and December 7, 2011 orders whereby the Court acknowledged that Ted Wiens had filed joinders to certain motions or oppositions to motions but did not expressly state that the relief granted applied to Ted Wiens as well. (*Id.* at 4). Ted Wiens also files a notice of non-opposition. (Non-Opp'n (#880) at 3). Ted Wiens notes that no parties filed an opposition to its motion for clarification and that, pursuant to Local Rule 7-2(d), the Court should grant its motion. (*Id.*).

On July 26, 2011, this Court entered an order granting third-party defendant Sears Roebuck & Co.'s motion to dismiss (#470) without leave to amend. (Order (#791) at 2). In that order, the Court acknowledged that Ted Wiens had filed a joinder to the motion to dismiss. (*Id.* at 1). On December 7, 2011, this Court entered an order denying the Kishner Defendants' motion for reconsideration of the Court's order granting Sears's motion to dismiss. (Order (#832) at 2-4). In that order, the Court acknowledged that Ted Wiens had filed a joinder to Sears's opposition to the motion for reconsideration. (*Id.* at 3).

The Court grants Ted Wiens's motion for clarification because the orders and the notice of non-opposition support a finding that both orders dismissed, with prejudice, any pending third-party plaintiff claims against Ted Wiens. As such, the Court grants the motion for clarification (#860).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Kishner Defendants' Motion for Order to Show Cause Why Defendant Shapiro Brothers Investment Co. Should Not Be Held

in Contempt for Violating Permanent Injunction (#768) is WITHDRAWN.  The parties are ordered to re-file the motion before the hearing scheduled on April 19, 2012.

IT IS FURTHER ORDERED that Ted Wiens's Motion for Clarification and/or Correction of Oversight or Omission Pursuant to F.R.C.P. 60(a) (#860) is GRANTED.

DATED:  This 14th day of March, 2012.

_____
United States District Judge