# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PETER J. VOGGENTHALER et al.,  )
      Plaintiff,  )    2:08-cv-01618-RCJ-GWF
    v.  )
MARYLAND SQUARE LLC, et al.,  )    **ORDER**
      Defendants.  )
_____ )

This case involves claims stemming from PCE contamination from a dry cleaning facility that operated in a shopping center in Las Vegas, Nevada. Now pending is NDEP's Motion for Attorneys' Fees and Related Costs (#938).

**BACKGROUND**

On May 4, 2009, the Nevada Division of Environmental Protection ("NDEP") filed a complaint against Maryland Square Shopping Center, LLC; Irwin Kishner, Jerry Engel and Bank of America N.A., as co-trustees of the Herman Kishner Trust; Maryland Square LLC; Melvin Shapiro and Philip Shapiro, individually and doing business individually and/or as a general partner of "Al Phillips the Cleaner" or "Al Phillips the Cleaner, Inc."; estate of Philip Shapiro; Shapiro Bros. Investment Corporation; Al Phillips the Cleaners, Inc., dissolved corporation no. 745-1965; and Al Phillips the Cleaners, Inc., dissolved corporation no. 11-71 (collectively "Defendants"). (Compl. (NDEP #1) at 1).[1]  NDEP filed the complaint for cost recovery and injunctive relief as a result of perchloroethylene ("PCE") to soil and groundwater

---

[1] This case was originally filed under docket number 3:09-cv-231-RCJ-GWF. All docket entry citations in this case will use "NDEP #___."

from the former site of an Al Phillips the Cleaner dry cleaning business located at 3661 South Maryland Parkway, Las Vegas, Nevada. (*Id.* at 2). As of January 2009, NDEP had incurred costs of $265,623.50 in responding to the potential human exposure to PCE resulting from the former Al Phillips' property. (*Id.* at 7).

NDEP alleged four causes of action. (*Id.* at 7-10). In the first cause of action, NDEP sought cost recovery under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a)(4), for the response costs associated with the releases and threatened release of PCE into the environment by the former Al Phillips' property. (*Id.* at 7-8). In the second cause of action, NDEP sought declaratory relief that Defendants were jointly and severally liable for any further costs of response incurred in response to the release or threatened releases of PCE and other hazardous substances at the Al Phillips' site, pursuant to CERCLA, 42 U.S.C. § 9613(g)(2). (*Id.* at 8). In the third cause of action, NDEP sought cost recovery under NRS § 459.537. (*Id.* at 8-9). In the fourth cause of action, NDEP sought injunctive relief requiring Defendants to complete an assessment of the extent and magnitude of the contamination resulting from releases from the former dry cleaner property that would be approved by NDEP, monitor groundwater, submit timely reports, submit a corrective action plan for soil and groundwater, and implement the corrective action plan approved by NDEP or as approved by NDEP with modification, pursuant to NRS § 445A.695. (*Id.* at 9-10).

On July 22, 2010, this Court granted a motion to consolidate this case with *Voggenthaler v. Maryland Square, LLC et al.*, case no. 2:08-cv-1618-RCJ-GWF. (Order (NDEP #76) at 15).

In December 2011, NDEP filed a motion for summary judgment on all four claims. (*See generally* Mot. for Summ. J. (#833)). In May 2012, this Court granted in part and denied in part NDEP's motion for summary judgment. (Order (#937) at 23). The Court granted summary judgment to NDEP on all substantive claims. (*Id.*). The Court also granted NDEP reasonable attorneys' fees but denied the motion for a specific amount at that time. (*Id.*). The Court directed NDEP to file a motion for attorneys' fees based on the rates of $200/hour and

$175/hour and ordered Kishner Defendants[2] to respond. (*Id.*). As part of the rationale for denying the motion for the amount sought, the Court explained that it was giving Kishner Defendants an opportunity to brief the reasonableness of the fees sought with respect to the hours billed.[3] (*Id.* at 17). The Court also permitted Kishner Defendants to conduct further discovery and to brief the issue of reasonableness on the billable hours sought. (*Id.*). On June 5, 2012, NDEP filed a Motion for Attorneys' Fees and Related Costs (#938). On June 22, 2012, Defendants opposed (#949). On July 2, 2012, NDEP replied (#954).

## LEGAL STANDARD

In *United States v. Chapman*, 146 F.3d 1166, 1175 (9th Cir. 1998), the Ninth Circuit held that, under CERCLA, statutory authority permits the government, as a prevailing party, to recover attorneys' fees attributable to the litigation as part of its response costs. The Ninth Circuit noted that CERCLA permitted the recovery of "all costs" of a removal or remedial action and permitted the government to recover costs for all of its investigation and activities, including legal work. *Id.* However, the government is only entitled to recover "reasonable" attorneys' fees pursuant to the standards set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). *Id.* at 1176.

In *Hensley*, the Supreme Court stated:

> [T]he district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award. When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.

---

[2] Kishner Defendants are Maryland Square Shopping Center LLC, the Herman Kishner Trust d/b/a Maryland Square Shopping Center, Irwin Kishner, Jerry Engel, and Bank of America, as Trustees for The Herman Kishner Trust. (Order (#937) at 10 n.7).

[3] The Court only gave Kishner Defendants an opportunity to respond to NDEP's request for attorneys' fees because they were the only set of defendants who responded to NDEP's request in their opposition to NDEP's motion for summary judgment. (*See* Order (#937) at 15). Neither Maryland Square LLC nor the Shapiro Defendants addressed NDEP's request for attorneys' fees. (*See id.* at 15-16).

*Hensley*, 461 U.S. at 437, 103 S.Ct. at 1941.  The party challenging the fees "bears the burden of providing specific evidence to challenge the accuracy and reasonableness of the hours charged."  *McGrath v. County of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995).

Pursuant to Local Rule 54-16, a motion for attorneys' fees must include a reasonable itemization and description of the work performed, an itemization of all the costs sought, and a brief summary of: (A) the results obtained and the amount involved, (B) the time and labor required, (C) the novelty and difficulty of the questions involved, (D) the skill and requisite to perform the legal service property, (E) preclusion of other employment by the attorney due to the acceptance of the case, (F) the customary fee, (G) whether the fee is fixed or contingent, (H) the time limitations imposed by the client or the circumstances, (I) the experience, reputation, and ability of the attorney(s), (J) the undesirability of the case, if any, (K) the nature and length of the professional relationship with the client, and (L) awards in similar cases.  Nev. Loc. R. 54-16(b)(1), (2), (3)(A)-(L).

The local rule also requires that each motion "must be accompanied by an affidavit from the attorney responsible for the billings in the case authenticating the information contained in the motion and confirming that the bill has been reviewed and edited and that the fees and costs charged are reasonable."  Nev. Loc. R. 54-16(c).  The "[f]ailure to provide the information required by LR 54-16(b) and (c) in a motion for attorneys' fees constitutes a consent to the denial of the motion."  Nev. Loc. R. 54-16(d).

## DISCUSSION

Based on the Court's set rate structure of $200/hour for more experienced attorneys and $175/hour for attorneys with less experience in this case, NDEP seeks a total amount of $286,032.50 for 1,522.6 hours.[4]  (Mot. for Fees (#938) at 3-4).  NDEP asserts that it is not seeking fees for time spent on appellate matters.  (*Id.* at 4).  In addressing the Local Rule 54-

---

[4] NDEP seeks the following fees: (a) $880 for Chief Deputy Marta Adams for 4.1 hours at $200/hr; (b) $96,400 for Senior Deputy William Frey for 482 hours at $200/hr; (c) $58,500 for Senior Deputy Carolyn Tanner for 292.5 hours at $200/hr; (d) $125,020 for Deputy Jasmine Mehta for 714.1 hours at $175/hr; (e) $1,225 for Deputy Kristen Geddes for 7 hours at $175/hr; (f) $3,395 for Deputy Katie Armstrong for 19.4 hours at $175/hr; and (g) $612.50 for Deputy Cassandra Joseph for 3.5 hours for $175/hr.  (Mot. for Fees (#938) at 4).

4

16(b)(3) factors, NDEP argues that it had prevailed on summary judgment on all of its claims against all Defendants except for Melvin Shapiro individually and the estate of Philip Shapiro. (*Id.* at 5). NDEP argues that it had been working on the matter since 2000, when the contamination had been first discovered. (*Id.*). NDEP asserts that the majority of time billed on the case occurred after litigation had been filed, but noted that the total hours sought were from August 2007 through May 2012. (*Id.* at 6). NDEP asserts that only 157 hours were spent on the matter prior to it filing its complaint in May 2009. (*Id.* at 7). NDEP contends that the case presented a complex issue of PCE contamination by a dry cleaning operation that included soil contamination, groundwater contamination, and vapor intrusion into residential homes. (*Id.*). NDEP asserts that the case required it to have knowledge on both federal and state law claims. (*Id.* at 8). NDEP also asserts that its attorneys have not been able to devote sufficient attention to other NDEP matters during this period and note that it tried to reach a resolution with Defendants to clean up the contamination in 2001. (*Id.*). Also, NDEP seeks $1,077.94 in travel costs to attend court hearings and transcription costs in the amount of $425.04. (*Id.* at 10).

In response, Kishner Defendants argue that the motion for fees must be denied pursuant to Local Rules 54-16(c) and (d) because NDEP failed to provide an attorney affidavit confirming that the time sought had been reviewed and edited and that the fees and costs charged were reasonable. (Opp'n to Mot. for Fees (#949) at 3-4). Kishner Defendants also assert that the motion for fees must be denied because of the unreliability of NDEP's attorney time records. (*Id.* at 5). Kishner Defendants argue that the attorney time keepers billed in different time increments and asserts that the time entries are unreliable and therefore unreasonable. (*Id.* at 5-6). Kishner Defendants also argue that NDEP's motion must be denied in part because some of the billed items failed to include a reasonable description of the work performed. (*Id.* at 6). Kishner Defendants also assert that some of the time entries are excessive and should be denied. (*Id.* at 7). Specifically, Kishner Defendants assert that Attorneys Mehta and Tanner collectively billed 142.8 hours preparing for the hearing on NDEP's motion for summary judgment. (*Id.*). Kishner Defendants assert that the motion must

be denied in part as to the time entries related to the other dry cleaning defendants. (*Id.* at 9). Kishner Defendants also argue that the case was straightforward and that the requested fees are "exorbitant." (*Id.* at 10). Kishner Defendants assert that the motion should be denied in whole or reduced to an amount under $89,989.99. (*Id.* at 11). Kishner Defendants did not address NDEP's request for costs. (*See generally id.* at 1-11).

In reply, NDEP admits that there are some inconsistencies in the billing practices of its attorneys but argues that the inconsistencies do not demonstrate that the billed hours are unreasonable because the time can be rounded down. (Reply to Mot. for Fees (#954) at 4). NDEP asserts that its time is not excessive on the motion for summary judgment hearing because there was no set time limit on the hearing and NDEP had three separate oppositions to address. (*Id.* at 6). NDEP admits that some of Attorney Frey's time entries leave some detail to be desired but notes that the other entries are reasonable. (*Id.* at 7-8). NDEP asserts that, pursuant to CERCLA, it is entitled to recover all of its reasonable attorneys' fees and that Kishner Defendants are joint and severally liable. (*Id.* at 8-9). NDEP asserts that its motion does comply with the local rules and submits a supplemental affidavit to the extent that the Court finds that it did not. (*Id.* at 10).

With respect to Kishner Defendants' argument regarding Local Rule 54-16(c), the Court considers whether NDEP complied with the attorney affidavit requirement. Pursuant to NDEP's motion for fees, there were seven attorneys that worked on the case. (*See* Mot. for Fees (#938) at 4). Mehta, Frey, and Tanner spent the most time on this case and Frey retired in October 2011. (*Id.*). In support of the motion, Mehta provided an affidavit authenticating the billing in the case and the edited hours. (Mehta Aff. (#938-1) at 4). NDEP also provided the declarations of Gloria A. Navarro, the Attorney General's Chief Personnel Officer, Tanner, and Armstrong. (*See* Decls. (#938-5, 938-6, 938-7)). As such, the Court finds that NDEP complied with Local Rule 56-14(c).

With respect to the uniformity of billing argument, although NDEP billed in different time increments, Kishner Defendants have not provided any specific evidence challenging the accuracy or the reasonableness of the hours billed. Kishner Defendants have not provided

6

any evidence that William Frey did not work 482 hours on the case even though he did bill in one hour increments. (*See* Opp'n to Mot. for Fees (#949) at 5-6). Additionally, simply because the attorneys billed in different time increments does not render their time unreliable. Again, Kishner Defendants have not provided any evidence that the attorneys did not work on the case for the amount of time they billed.

Kishner Defendants challenge Frey's itemization and description of the work performed as vague and inadequate. (*See* Opp'n to Mot. for Fees (#949) at 6). Kishner Defendants list examples of vague entries which include descriptions such as: update, review status of case, review file and various court documents, review documents, prepare various documents, casework, review file, review emails, phone calls, etc. (*Id.* at 6-7). Kishner Defendants note that Frey billed an average between six to eight hours under these descriptions. (*Id.*). The Court reduces the hours billed by Frey by 245 hours because the descriptions are too vague to determine whether Frey's billed hours were reasonable for the work he performed.

Kishner Defendants argue that Mehta and Tanner excessively billed time to prepare for the April 19, 2012, motion for summary judgment hearing. (*See* Opp'n to Mot. for Fees (#949) at 7). Kishner Defendants argue that the hearing was only 1.5 hours but Mehta billed 76.3 hours for preparation time and Tanner billed 66.5 hours for preparation time for a total of 142.8 hours. (*See id.* at 8-9). The Court finds that 142.8 hours was excessive because NDEP had written the motion for summary judgment, had previously reviewed the oppositions, and had drafted replies. As such, the Court finds that NDEP had significant familiarity with the motion prior to preparing for the hearing on that same motion and that 142.8 hours for hearing preparation was excessive. Accordingly, the Court reduces Mehta and Tanner's preparation time to 20 hours each.

Kishner Defendants argue that it should not be liable for time entries related to the other defendants. (*See* Opp'n to Mot. for Summ. J. (#949) at 9). Under CERCLA, a "defendant may avoid joint and several liability by establishing that it caused only a divisible portion of the harm–for example, it contributed only a specific part of the hazardous substances that spilled." *Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 871 (9th Cir. 2001). "Even if a

7

defendant cannot do so, it may seek contribution from other [potentially responsible parties ("PRPs")] under 42 U.S.C. § 9613(f)(1)." *Id.* In this case, Kishner Defendants have not established that they only caused a divisible portion of the harm and, thus, NDEP is entitled to seek joint and several liability for all response costs.

As such, the Court awards NDEP attorneys' fees in the amount of $217,880.00 for 1,174.80 hours after reducing Frey, Mehta, and Tanner's hours. Additionally, the Court awards NDEP $1,077.94 in travel costs and $425.04 in transcription costs since Kishner Defendants did not file any opposition to those costs. Accordingly, the Court grants in part and denies in part NDEP's motion for attorneys' fees and costs (#938).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that NDEP's motion for attorneys' fees and costs (#938) is **GRANTED IN PART AND DENIED IN PART** as follows. NDEP is awarded attorneys' fees in the amount of $217,880.00, and $1,077.94 in travel costs and $425.04 in transcription costs.

DATED: This 26TH day of November, 2012.

_____
United States District Judge