**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER J. VOGGENTHALER et al., ) | |
| Plaintiffs, ) | |
| v. ) | 2:08-cv-1618-RCJ-GWF |
| MARYLAND SQUARE LLC, et al., ) | **ORDER** |
| Defendants. ) | |

Currently before the Court is NDEP's Motion for Correction of Judgment (#980).

**BACKGROUND**

**I.   Complaint**

On May 4, 2009, the Nevada Division of Environmental Protection ("NDEP") filed a complaint against Maryland Square Shopping Center, LLC; Irwin Kishner, Jerry Engel and Bank of America N.A., as co-trustees of the Herman Kishner Trust; Maryland Square LLC; Melvin Shapiro and Philip Shapiro, individually and doing business individually and/or as a general partner of "Al Phillips the Cleaner" or "Al Phillips the Cleaner, Inc."; estate of Philip Shapiro; Shapiro Bros. Investment Corporation; Al Phillips the Cleaners, Inc., dissolved corporation no. 745-1965; and Al Phillips the Cleaners, Inc., dissolved corporation no. 11-71 (collectively "Defendants"). (Compl. (NDEP #1) at 1).[1]  NDEP filed the complaint for cost recovery and injunctive relief as a result of perchloroethylene ("PCE") to soil and groundwater from the former site of an Al Phillips the Cleaner dry cleaning business located at 3661 South

---

[1] This case was originally filed under docket number 3:09-cv-231-RCJ-GWF. All docket entry citations in this case will use "NDEP #___."

Maryland Parkway, Las Vegas, Nevada. (*Id.* at 2). As of January 2009, NDEP had incurred costs of $265,623.50 in responding to the potential human exposure to PCE resulting from the former Al Phillips' property. (*Id.* at 7).

NDEP alleged four causes of action. (*Id.* at 7-10). In the first cause of action, NDEP sought cost recovery under the Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a)(4), for the response costs associated with the releases and threatened release of PCE into the environment by the former Al Phillips' property. (*Id.* at 7-8). In the second cause of action, NDEP sought declaratory relief that Defendants were jointly and severally liable for any further costs of response incurred in response to the release or threatened releases of PCE and other hazardous substances at the Al Phillips' site, pursuant to CERCLA, 42 U.S.C. § 9613(g)(2). (*Id.* at 8). In the third cause of action, NDEP sought cost recovery under NRS § 459.537. (*Id.* at 8-9). In the fourth cause of action, NDEP sought injunctive relief requiring Defendants to complete an assessment of the extent and magnitude of the contamination resulting from releases from the former dry cleaner property that would be approved by NDEP, monitor groundwater, submit timely reports, submit a corrective action plan for soil and groundwater, and implement the corrective action plan approved by NDEP or as approved by NDEP with modification, pursuant to NRS § 445A.695. (*Id.* at 9-10).

On July 22, 2010, this Court granted a motion to consolidate this case with *Voggenthaler v. Maryland Square, LLC et al.*, case no. 2:08-cv-1618-RCJ-GWF. (Order (NDEP #76) at 15).

## II. Summary Judgment

In December 2011, NDEP filed a motion for summary judgment on all four causes of action. (Mot. for Summ. J. (#833)). On May 17, 2012, the Court granted NDEP summary judgment on all substantive claims against Maryland Square LLC, the Kishner Defendants, and the Shapiro Defendants. (Order (#937) at 23). Under the second cause of action, this Court found that because NDEP had successfully established liability for repsonse costs sought in the initial cost-recovery action, NDEP was entitled to declaratory judgment on

present liability that would be binding on future cost-recovery actions. (*Id.* at 17-18). Under the third cause of action for cost recovery under the Nevada Revised Statutes, NDEP argued that it had "expended $347,478.55 from the Hazardous Waste Fund for installation and evaluation of the SSD systems to mitigate the indoor air exposure pathway and for a preliminary groundwater clean up evaluation" and "$45,477.48 in indirect costs in mitigating the exposure pathway including staff time and overhead and attorneys' fees[2] in the amount of $11,328.41." (*Id.* at 18). The Court granted NDEP summary judgment on this claim but did not indicate a cost recovery amount. (*See id.* at 20, 23). The Court also granted NDEP reasonable attorneys' fees, but denied the motion for a specific amount of fees at that time. (*Id.* at 23). The Court directed NDEP to file a motion for attorneys' fees based on the rates of $200/hour and $175/hour and permitted the Kishner Defendants to respond. (*Id.*). The Shapiro Defendants and Maryland Square, LLC filed notices of appeal on the summary judgment order. (Notices of Appeal (#942, 944)).

NDEP filed a motion for attorneys' fees and costs. (Mot. for Atty Fees (#938)). On November 26, 2012, this Court awarded NDEP in the amount of $217,880.00 for attorneys' fees, $1,077.94 in travel costs, and $425.04 in transcription costs. (Order (#977) at 8). The following day, the Clerk of the Court entered a judgment for attorney fees in the amount ordered by the Court. (J. for Atty Fees (#978) at 1).

The pending motion now follows.

**DISCUSSION**

On December 20, 2012, NDEP filed a motion for correction to judgment pursuant to Federal Rule of Civil Procedure 60(a) to correct the judgment entered by this Court on November 27, 2012, or alternatively pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. (Mot. to Correct (#980) at 1-2). NDEP asserts that, although this Court reduced Defendants' liability for attorneys' fees and litigation costs to judgment, it has

---

[2] NDEP asserted that if the Court awarded attorneys' fees under CERCLA, then it would not seek an additional $11,328.41 in attorneys' fees because that amount would be subsumed within the fees sought under CERCLA. (Order (#937) at 18 n.15).

3

not reduced the environmental response costs that NDEP expended to judgment. (*Id.* at 3). NDEP seeks to alter or amend the judgment to include those costs and points out that this Court recognized that none of the Defendants had proffered any evidence that contradicted NDEP's expenditures or demonstrated that they were inconsistent with the National Contingency Plan. (*Id.* at 4). NDEP asserts that it appears that the omission of NDEP's environmental response costs was a mere clerical mistake, oversight, or omission based on this Court's order granting summary judgment in favor of NDEP for its past response costs and declaratory relief as to future costs. (*Id.*).

In response, the Kishner Defendants oppose the motion because NDEP's response costs did not arise from the underlying motion which is the subject of the judgment it now seeks to amend. (Opp'n to Mot. to Correct (#981) at 2). The Kishner Defendants assert that the judgment NDEP seeks to amend addressed NDEP's motion for attorneys' fees and costs and that the environmental response costs were requested in NDEP's motion for summary judgment. (*Id.*). The Kishner Defendants assert that NDEP's motion must be denied because an appeal to the order on the motion for summary judgment has been docketed and NDEP must seek leave of the appellate court first. (*Id.* at 3-4). The Kishner Defendants also argue that there is no evidence of a clerical mistake, oversight, or omission regarding response costs in the attorneys' fees judgment because response costs were never discussed in that motion. (*Id.* at 4).

NDEP filed an errata to the motion for correction to judgment and included a breakdown of the costs sought. (Errata to Mot. to Correct (#982) at 2). NDEP sought $347,478.55 in direct response costs, $25,575.25 for indirect response costs for fiscal year 2011, and $37,480.21 for indirect costs for fiscal year 2012 for a total of $410,534.01. (*Id.*). NDEP asserts that a corrected judgment should be issued in the amount of $629,916.99 to reflect attorneys' fees, litigation costs, and response costs. (*Id.* at 3).

In response to the errata, the Kishner Defendants argue that if the Court does amend the judgment, it should exclude the $37,480.21 for indirect costs for fiscal year 2012 because those costs were first claimed in the motion for summary judgment reply brief and were not

4

identified in the order for summary judgment as recoverable damages. (Resp. to Errata (#983) at 2).

In reply, NDEP asserts that it does not seek to change the original summary judgment order but instead seeks to have the final judgment include the response costs that were already awarded to NDEP. (Reply to Errata (#984) at 3). NDEP argues that no party has taken an appeal from the entry of final judgment in this case and, thus, no permission from the appellate court is necessary. (*Id.* at 4). NDEP contends that all of the response costs presented should be included in the judgment because none of the Defendants contested them. (*Id.* at 6). NDEP asserts that, at the time it filed the original motion for summary judgment, it had only included a portion of the 2012 indirect costs. (*Id.*). NDEP argues that if the Court only awards the amounts listed in the summary judgment order, NDEP will have to bring another motion to seek the remainder of the costs incurred in fiscal year 2012. (*Id.*). NDEP asserts that the Court can award the costs incurred in fiscal year 2012 because it granted summary judgment on NDEP's claim for declaratory relief as to future response costs and fiscal year 2012 costs were future response costs. (*Id.* at 7).

Federal Rule of Civil Procedure 60(a) provides:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a). Federal Rule of Civil Procedure 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

After a review of the record, the Court finds that the Kishner Defendants are correct that NDEP's motion for correction to judgment is more aptly directed toward this Court's May 17, 2012 summary judgment order rather than the "judgment for attorneys fees" entered on November 27, 2012. The Court notes that the Clerk of the Court entered the "judgment for attorneys fees" in direct response to this Court's order addressing NDEP's motion for attorneys' fees and related costs. The Court further notes that NDEP's motion for attorneys'

5

fees and subsequent order never addressed response costs.  As such, neither Rule 60(a) nor Rule 59(e) would apply to the "judgment for attorneys fees."

Nevertheless, the Court interprets NDEP's motion as a Rule 60(a) motion to correct clerical mistakes, oversights, and omissions in this Court's May 17, 2012 summary judgment order.  Based on this Court's order granting summary judgment to NDEP on both cost-recovery and future cost-recovery, the Court finds that it should have specifically entered an amount for cost-recovery in that summary judgment order but failed to do so.  The Court notes that NDEP briefed the amount of cost-recovery in its motion for summary judgment and that none of the defendants had contested the proffered amount.  As such, the Court is inclined to correct its order to award NDEP direct response costs in the amount of $347,478.55, indirect response costs for fiscal year 2011 in the amount of $25,575.25, and indirect response costs for fiscal year 2012 in the amount of $37,480.21.  However, the Court finds that it may not correct its summary judgment order at this time because the Shapiro Defendants and Maryland Square, LLC have appealed that order.  This Court may not correct its mistake absent leave from the Ninth Circuit.  Therefore, this Court denies NDEP's motion at this time.

However, upon receiving leave from the Ninth Circuit, NDEP is directed to re-file the Rule 60(a) motion.  At that time, this Court will correct its May 17, 2012 summary judgment order and award NDEP direct response costs in the amount of $347,478.55, indirect response costs for fiscal year 2011 in the amount of $25,575.25, and indirect response costs for fiscal year 2012 in the amount of $37,480.21.

///
///
///
///
///
///
///
///

6

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that NDEP's Motion for Correction to Judgment (#980) is DENIED at this time.

IT IS FURTHER ORDERED that NDEP shall seek leave from the U.S. Court of Appeals for the Ninth Circuit for this Court to correct its May 17, 2012 order pursuant to Federal Rule of Civil Procedure 60(a).

DATED: This 7th day of March, 2013.

_____
United States District Judge