UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PETER J. VOGGENTHALER et al., ) | |
|        Plaintiffs, ) | |
|   v. ) | 2:08-cv-1618-RCJ-GWF |
| MARYLAND SQUARE LLC et al., ) | **ORDER** |
|        Defendants. ) | |

Currently before the Court is the U.S. Court of Appeals for the Ninth Circuit's opinion affirming in part, vacating in part, reversing in part, and remanding in part prior decisions of this Court.

**DISCUSSION**

This case involves claims and subsequent appeals stemming from tetrachloroethylene ("PCE") contamination from a dry cleaning facility that operated in a shopping center in Las Vegas, Nevada. Because the parties are familiar with the procedural history and facts of this case, the Court will not recite them here.[1]

In July 2013, the Ninth Circuit issued an opinion on the consolidated appeals in this case. (Ninth Cir. Op. (#992) at 1-9). The Ninth Circuit affirmed in part and reversed in part this Court's judgments under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and the Resource Conservation and Recovery Act ("RCRA"). (*Id.* at 9).

---

[1] The Ninth Circuit summarized the history of this case in its recent opinion. (*See* Ninth Cir. Op. (#992) at 14-20).

The Ninth Circuit affirmed several decisions and orders of this Court. (*Id.* at 40). First, the Ninth Circuit affirmed this Court's rejection of Maryland Square's constitutional challenge to the application of CERCLA in this case and affirmed the judgment against Maryland Square and in favor of NDEP on its state law claims. (*Id.*). The Ninth Circuit affirmed this Court's judgment in favor of NDEP and against SBIC on both the CERCLA and state law claims. (*Id.*). The Ninth Circuit affirmed this Court's judgment against SBIC on the claims of the prior Site owners for indemnity. (*Id.*).

However, the Ninth Circuit held that this Court erred by entering judgment against Maryland Square on NDEP's CERCLA claim without giving Maryland Square an opportunity to correct its deficiencies in its "bona fide prospective purchaser" submission. (*Id.*). The Ninth Circuit vacated this Court's grant of summary judgment against Maryland Square and remanded with instructions that this Court provide Maryland Square with an opportunity to cure the formal and substantive deficiencies of its prior submission and establish that it has met the statutory and regulatory requirements to qualify as a bona fide prospective purchaser. (*Id.* at 28). On remand, this Court now directs Maryland Square to file a new motion for summary judgment addressing the bona fide prospective purchaser exception.  NDEP may file a response and Maryland Square may file a reply according to the timelines set forth in the Federal Rules of Civil Procedure and the Local Rules.

The Ninth Circuit held that this Court erred in denying for lack of jurisdiction Maryland Square's motion for reconsideration of the RCRA judgment. (*Id.* at 40). The homeowners had sought an injunction under RCRA to require all of the owners of the Site, including Maryland Square, to clean up the contamination. (*Id.* at 33). Maryland Square's original position was the same as the other owners of the Site: ownership of the Site was insufficient to establish liability. (*Id.*). This Court had rejected the Site owners' contention and granted summary judgment for the homeowners. (*Id.*). Maryland Square then moved for rehearing and advanced a new theory. (*Id.*). Maryland Square contended that it was in a different position from the other owners because it had acquired the property after the dry cleaning facility had closed down. (*Id.*). The homeowners opposed the motion for rehearing on the ground that

even if Maryland Square did not own the Site when the spills happened, Maryland Square's demolition of the building in 2006 exposed the contaminated soil, exacerbating the problem and making Maryland Square a contributor. (*Id.* at 33-34). This Court did not resolve the issue and instead found that it had been divested of jurisdiction to decide the motion for reconsideration when the other Site owners appealed the earlier order granting summary judgment on the merits of the owners' RCRA liability. (*Id.* at 34).

The Ninth Circuit found that the appeal was prematurely taken from an interlocutory order and reversed this Court's denial of the motion for reconsideration. (*Id.*). The Ninth Circuit reversed and remanded so that the issue of Maryland Square's RCRA liability could be fully considered. (*Id.*). On remand, this Court now directs Maryland Square to re-file its motion for reconsideration and the homeowners to re-file their response. Maryland Square may file a reply in accordance to the Federal Rules of Civil Procedure and the Local Rules.

The Ninth Circuit held that in the homeowners' RCRA action, this Court erred by granting summary judgment against the operator, SBIC, *sua sponte*, followed by a RCRA permanent injunction. (*Id.* at 34). The Ninth Circuit held that this Court erred because the homeowners in the RCRA suit had never moved for summary judgment against SBIC. (*Id.*). The Ninth Circuit held that determinations of liability and injunctive remedy are appropriate only after a court has considered the positions of all parties. (*Id.* at 35). The Ninth Circuit vacated the *sua sponte* orders and remanded. (*Id.* at 35, 41). On remand, the Court now vacates the *sua sponte* entry of summary judgment and the permanent injunction entered under RCRA against SBIC. (*Id.* at 40-41).

The Ninth Circuit held that, although this Court had properly found that the prior Site owners were entitled to indemnification from SBIC, the Court erred in holding that Melvin Shapiro was individually liable for indemnification on the basis of his personal guaranty that operated only prospectively. (*Id.* at 40). The Ninth Circuit held that the violations had occurred before Melvin Shapiro had signed the guaranty and that the guaranty did not apply retroactively. (*Id.* at 39). The Ninth Circuit reversed the judgment against Melvin Shapiro and remanded. (*Id.*). On remand, this Court now reverses the judgment for indemnity against

Melvin Shapiro and enters a judgment in favor of him. (*Id.* at 41).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Maryland Square shall file a new motion for summary judgment addressing the bona fide purchaser exception within 20 days of this order. NDEP and Maryland Square may file a response and a reply in accordance with the Federal Rules of Civil Procedure and the Local Rules.

IT IS FURTHER ORDERED that Maryland Square shall re-file its motion for reconsideration within 20 days of this order. The homeowners may file a response and Maryland Square may file a reply in accordance with the Federal Rules of Civil Procedure and the Local Rules.

IT IS FURTHER ORDERED that the *sua sponte* entry of summary judgment and the permanent injunction entered under the Resource Conservation and Recovery Act ("RCRA") against SBIC is now VACATED.

IT IS FURTHER ORDERED that the judgment for indemnity against Melvin Shapiro is REVERSED. The Clerk of the Court shall enter judgment in favor of Melvin Shapiro.

Dated this 16th day of September, 2013.

_____
United States District Judge