**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PETER J. VOGGENTHALER et al.,

Plaintiffs,

v.

MARYLAND SQUARE LLC et al.,

Defendants.

2:08-cv-1618-RCJ-GWF

**ORDER**

Currently before the Court is the Kishner Defendants' Notice of Motion and Motion for Relief from Order and Judgment (#1010).

**BACKGROUND**

This case involves claims and subsequent appeals stemming from tetrachloroethylene ("PCE") contamination from a dry cleaning facility that operated in a shopping center in Las Vegas, Nevada. Because the parties are familiar with the procedural history and facts of this case, the Court will not recite them here.[1]

In July 2013, the Ninth Circuit issued an opinion on the consolidated appeals in this case. (Ninth Cir. Op. (#992) at 1-9). With respect to Appeal No. 11-15176, the Ninth Circuit held that the "judgment for indemnity against SBIC is AFFIRMED, and the judgment for indemnity against Melvin Shapiro is REVERSED and REMANDED with instructions to enter judgment in favor of Melvin Shapiro." (*Id.* at 41).

In light of the Ninth Circuit's opinion, this Court issued an order reversing the judgment

[1] The Ninth Circuit summarized the history of this case in its recent opinion. (*See* Ninth Cir. Op. (#992) at 14-20).

for indemnity against Melvin Shapiro and directed the Clerk of the Court to enter judgment in his favor. (Order (#1003) at 4). On September 17, 2013, the Clerk of the Court entered a judgment in a civil case and ordered and adjudged "that the judgment for indemnity against Melvin Shapiro is REVERSED. Judgment is hereby entered in favor of Melvin Shapiro pursuant to Order #1003 filed September 16, 2013." (Judgment (#1004) at 1).

On October 4, 2013, the Ninth Circuit issued an Order Amending Opinion. (Am. Ninth Cir. Op. (#1008) at 7). The amended opinion granted Appellee Maryland Square Shopping Center, LLC's petition for panel rehearing and amended the slip opinion. (*Id.* at 9). The Ninth Circuit stated that page 41, the fourth paragraph, of its slip opinion should read: "The judgment for indemnity against SBIC is AFFIRMED, and the judgment for indemnity against Melvin Shapiro is REVERSED and REMANDED (11-15176)." (*Id.*).

The pending motion now follows.

## DISCUSSION

The Kishner Defendants[2] file a motion for relief from order and judgment pursuant to Federal Rule of Civil Procedure 60. (Mot. for Relief (#1010) at 2). The Kishner Defendants assert that when this Court issued its order directing the Clerk of the Court to enter judgment in favor of Melvin Shapiro, the Ninth Circuit still had jurisdiction over that appeal because they had filed a petition for panel review. (*Id.* at 3). The Kishner Defendants assert that this Court erred in entering judgment in favor of Melvin Shapiro and should vacate that judgment and order pursuant to Rule 60(b)(1) based on mistake, inadvertence, surprise, or excusable neglect. (*Id.* at 5). The Kishner Defendants also assert that the Court may grant relief based on Rule 60(b)(5) because the earlier judgment has been reversed or vacated. (*Id.* at 6).

The Shapiro Defendants[3] do not oppose the Kishner Defendants' motion to the extent

---

[2] The Kishner Defendants include Maryland Square Shopping Center, LLC, the Herman Kishner Trust d/b/a Maryland Square Shopping Center, Irwin Kishner, and Jerry Engel and Bank of America, N.A., as Trustees for The Herman Kishner Trust. (Mot. for Relief (#1010) at 2).

[3] The Shapiro Defendants include Melvin Shapiro, The Estate of Philip Shapiro, and Shapiro Brothers Investment Co. (Resp. to Mot. for Relief (#1012) at 2).

that it is consistent with the Ninth Circuit's amended opinion. (*See* Resp. to Mot. for Relief (#1012) at 2-3).

Pursuant to Rule 60(b)(5), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).

The Court grants the Kishner Defendants' motion for relief because the Ninth Circuit amended its original opinion. In light of the Ninth Circuit's amended opinion, this Court will still reverse the judgment for indemnity against Melvin Shapiro but now vacates the judgment entered in favor of Melvin Shapiro. The Court directs the Clerk of the Court to vacate the judgment entered in favor of Melvin Shapiro in docket entry #1004.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Kishner Defendants' Notice of Motion and Motion for Relief from Order and Judgment (#1010) is GRANTED. The Court still REVERSES the judgment for indemnity against Melvin Shapiro but VACATES the judgment entered in favor of Melvin Shapiro entered in docket entry #1004.

The Clerk of the Court is directed to VACATE the judgment entered in favor of Melvin Shapiro (#1004).

Dated this 4th day of December, 2013.

United States District Judge