1  **ROBERTSON & ASSOCIATES, LLP**
   32121 LINDERO CANYON RD., STE 200
2  WESTLAKE VILLAGE, CA 91361
   TEL: (818) 851-3850
3  FAX: (818) 851-3851

4  Alexander Robertson, IV
   NV State Bar No. 8642
5  arobertson@arobertsonlaw.com

6  **GREBEN & ASSOCIATES**
   125 E. DE LA GUERRA ST., STE 203
7  SANTA BARBARA, CA 93101
   TEL: 805-963-9090
8  FAX: 805-963-9098

9  Jan A. Greben, *Admitted Pro Hac Vice*
   CA State Bar No. 103464
10 jan@grebenlaw.com

11 Attorneys for Plaintiffs

12                   UNITED STATES DISTRICT COURT

13                        DISTRICT OF NEVADA

14

15 | PETER J. VOGGENTHALER, et al.; | Case No.: 2:08-cv-01618-RCJ-GWF |

16 |          Plaintiffs, | **PLAINTIFFS' STATUS CONFERENCE STATEMENT** |

17 | v. | Date:       July 7, 2014 |

18 | MARYLAND SQUARE, LLC, et al.; | Time:       9:00 a.m.<br>Dept.:       7C, Hon. Robert C. Jones |

19 |          Defendants. | |

20 | RELATED CROSS AND COUNTER-CLAIMS | |

21 

22 | STATE OF NEVADA, DEPT. OF CONSERVATION AND NATURAL RESOURCES, et. al. | CONSOLIDATED WITH:<br>Case No.: 3:09-cv-231-RCJ-GWF |

23 |          Plaintiffs, | |

24 | v. | |

25 | MARYLAND SQUARE SHOPPING CENTER, LLC, et. al. | |

26 |          Defendants. | |

27

28 ///

Plaintiffs Peter J. Voggenthaler, et al. (collectively "Plaintiffs") hereby submit this Status Conference Statement in advance of the Court-ordered further Status Conference set for July 7, 2014, regarding the Joint Status Report and Motion for Stay filed December 12, 2013 (Dkt. 1014).

**1.      NDEP Action**

The parties to the <u>State of Nevada v. Maryland Square Action</u>, Consolidated Case No. 3:09-cv-231-RCJ-GWF ("NDEP Action"), filed a Joint Status Report and Motion to Stay on December 12, 2013 (Dkt. 1014). An additional joint status report was filed on February 3, 2014.  Thereafter, another joint status report was filed on May 13, 2014 (Dkt. 1032).  Each of the Joint Status Reports sought an extension to allow the parties to continue to work toward settlement through mediation.

**2.      RCRA Action**

**A.      Status of Permanent Injunction**

More than three years after the Permanent Injunction was issued, no cleanup has actually commenced nor have Defendants and NDEP agreed upon a cleanup plan.  Plaintiffs are informed that to date, the Kishner Defendants have spent approximately $2,500,000 in investigation costs, of which only approximately $600,000 has been spent on actual cleanup costs to dig up the contaminated soil at the site of the former dry cleaners and haul it to a hazardous waste landfill. Since the Court approved the class settlement in 2012, the PCE Plume has migrated an additional 2,000 feet into an additional neighborhood east of Eastern Avenue.

Plaintiffs have been advised by counsel for the NDEP that the NDEP intends to submit a Remedial Plan by the end of July. Plaintiffs have expressed a willingness to consider potentially stipulating to a revision of the Injunction in accord with this development, but have not as yet been provided the proposed Remedial Plan, and cannot comment further until such time.

**B.      Settlement and Permanent Injunction**

On January 30, 2012, the Court approved the Settlement Agreement between Plaintiffs and Defendants. Thereafter, on February 10, 2012, the Final Order Approving the Class Settlement was filed with the court.

Pursuant to Section 3.12 of the Settlement Agreement the Kishner Defendants agreed to be bound by the terms of the Permanent Injunction, obtained by this Court in December 2010 in

<u>Voggenthaler v. Maryland Square, LLC, et al.</u>, Case No. 2:08-cv-01618-RCH-GWF ("RCRA Action").

**C.     Permanent Injunction Deadlines**

<u>Corrective Action Plan for Groundwater</u>:  The deadline for the Defendants to submit a corrective action plan ("CAP") for groundwater to NDEP for approval was October 11, 2010. The draft CAP for groundwater was submitted by the Defendants on October 24, 2011, over one year later.

<u>Corrective Action Report</u>: The deadline for the groundwater corrective action report ("CAR") was set for 180 days after the approval of the CAP.  The NDEP approved the CAR on August 20, 2013.

<u>Proposed Plan</u>:  The deadline for the proposed plan was September 20, 2013, within 30 days of the approval of the CAR on August 20, 2013.  NDEP's website regarding the site provides an estimate that it will provide a Proposed Plan for public comment in "2014."   To date, no Proposed Plan has been submitted by the Defendants, nor has NDEP taken action to hold the Defendants in contempt for violating the Permanent Injunction. There are additional steps to complete the cleanup pursuant to the Permanent Injunction that are contingent on the preparation and approval of the Proposed Plan.

///

///

///

///

///

///

///

///

///

///

///

**3.      Status Conference**

Kishner Defendants and NDEP requested a stay and continuance of the status conference since December 2013 to participate in mediation relating to potential settlement.  Plaintiffs respectfully request that the Court proceed with the status conference as scheduled on July 7 and require the Kishner Defendants and NDEP to provide the proposed plan as required by the Permanent Injunction, and to require them to abide by the remaining deadlines scheduled and agreed upon in the Permanent Injunction, or in a revised Injunction.

Dated: June 27, 2014                              ROBERTSON & ASSOCIATES, LLP


/s/ Jan A. Greben
Alexander Robertson, IV (NV Bar No. 8642)
32121 Lindero Canyon Rd., Ste. 200
Westlake Village, CA 91361

GREBEN & ASSOCIATES
Jan A. Greben (CA Bar No. 103464)
*Admitted Pro Hac Vice*
125 E. De La Guerra St., Ste. 203
Santa Barbara, CA 93101