CATHERINE CORTEZ MASTO
Attorney General
WAYNE KLOMP
Deputy Attorney General
Nevada State Bar No. 10109
Tele: (775) 850-4101
100 North Carson Street
Carson City, Nevada 89701
Tele: (775) 684-1217
FAX: (775) 684-1103
*Attorneys for Nevada Division
of Environmental Protection*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PETER J. VOGGENTHALER, at al., <br><br> Plaintiffs, <br><br> v. <br><br> MARYLAND SQUARE, LLC, et al., <br><br> Defendants, <br> AND RELATED CROSS CLAIMS AND THIRD PARTY CLAIMS <br><br> STATE OF NEVADA, DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARYLAND SQUARE SHOPPING CENTER, et al., <br><br> Defendants <br><br> **AND RELATED THIRD PARTY CLAIMS** | Case No. 2:08-cv-01618-RCJ-GWF <br><br> (consolidated with 3:09-cv-231-RCJ-GWF) <br><br> **PLAINTIFF STATE OF NEVADA, DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES** <br><br> **STATUS REPORT** |

Plaintiff, the Nevada Division of Environmental Protection, Bureau of Corrective Actions ("NDEP"), by and through its counsel, Catherine Cortez Masto, Attorney General for the State of Nevada, Wayne Klomp, Deputy Attorney General, provides this status report in anticipation of the status hearing set for September 25, 2014.

# STATUS REPORT

## A. Proposed Plan

At the Status Conference held by the Court on July 7, 2014, the Court ordered NDEP to "prepare and submit a proposed joint order outlining deadlines for plan completion and objection deadlines." Minutes of Proceedings, (Dkt. #1041). NDEP prepared and circulated the Stipulated Order and received approval from all counsel to affix electronic signatures and file the Stipulated Order with the Court. NDEP filed the Stipulated Order on July 18, 2014, (Dkt. #1045). Pursuant to the Order stipulated by the parties and signed by the Court, deadlines were set: (1) submission of the Proposed Plan by NDEP to the Court (July 28, 2014); (2) filing objections to the Proposed Plan (August 18, 2014); (3) filing responses in support of the Proposed Plan (September 8, 2014). Order at 2, (Dkt. #1049). The Court further scheduled a Status Conference for September 25, 2014. If any objections to the Proposed Plan were received, the Court ordered that the September 25, 2014 Status Conference would serve as an evidentiary hearing to consider the Proposed Plan.

Pursuant to the Court's Order, NDEP submitted the Proposed Plan to the Court for approval on July 18, 2014. (Dkt. #1047). Concurrent with the submission of the Proposed Plan, NDEP jointly moved with the Kishner Defendants for Court to approve the Corrective Action Report ("CAR") (Dkt. #1046) as required by the Permanent Injunction at section III.C.3, (Dkt. #592).[1]

Prior to the stipulated deadlines, no Party filed any objection to either the Motion to Approve CAR (Dkt. #1046), or the submission of the Proposed Plan (Dkt. #1047). Additionally, no Party has objected to the Motion to Approve the CAR.

## B. Notice of Dispute

Plaintiffs have filed a Notice of Dispute and have requested this Court resolve a dispute with respect to the Proposed Plan presented to the Court. See Status Report and Request for Dispute Resolution, (Dkt. #1054). Attached to the Plaintiffs' Status Report is a letter from their expert, Peter Krasnoff, requesting that clarifications be added to the Proposed

---

[1] The Permanent Injunction mistakenly refers to the CAR as the "RAS Report" in this section.

Attorney General's Office
100 N. Carson Street
Carson City, Nevada 89701-4717

Plan.

Regardless of the form or timing of the Plaintiffs' objection to the Proposed Plan, NDEP will substantively respond to the Notice of Dispute or any other comments the Plaintiffs or other Parties have regarding the Proposed Plan in accordance with the Permanent Injunction, the National Contingency Plan, and further order of this Court. Given the timing of Plaintiffs' Notice of Dispute, NDEP requests this Court enter a further order as outlined below in the recommendations contained in Section D. Although NDEP has not formally submitted its recommendations to the Plaintiffs or other Parties, counsel for NDEP has informally discussed the recommendations with counsel for the Plaintiffs and believes that Plaintiffs will agree with the proposal (or a modified version thereof) contained in Section D.

**C. National Contingency Plan and Further Action on the Proposed Plan**

Pursuant to the Permanent Injunction and NDEP's procedures, the remedial investigation and final remedy are to be undertaken pursuant to the National Contingency Plan ("NCP"), 40 CFR part 300, and Nevada law. Injunction at § V (Dkt. #592). The goal of the NCP and NDEP's regulatory oversight are to provide procedures which lead to substantive remediation of contamination by the selection of a final remedy by the lead agency, NDEP.

**1. NCP Requirements**

Within the NCP and NDEP's procedures, investigation and ultimately submitting a proposed plan for public comment are steps in the process which lead to selection of a final remedy. Following preliminary investigations, the lead agency is to prepare a proposed plan which "briefly describes the remedial alternatives analyzed by the lead agency, proposes a preferred remedial action alternative, and summarizes the information relied upon to select the preferred alternative." 40 CFR § 300.430(f)(2). NDEP then releases a proposed plan for a public review and comment period of not less than 30 days and a public meeting to present the information and respond to comments. Id. at § 300.430(f)(3).

Following the public comment period, NDEP will prepare a summary of the comments, criticisms, and new information submitted and respond to each issue. Id. at §

300.430(f)(3)(i)(F). If, during the public comment period, "new information is made available that significantly changes the basic features of the remedy with respect to scope, performance, or cost, such that the remedy significantly differs from the original proposal in the proposed plan and the supporting analysis and information," NDEP is required to either: (1) include a discussion of the significant changes and reasons for such changes in the record of decision; or (2) seek additional public comment on a revised proposed plan. Id. at § 300.430(f)(3)(ii). This is a significant process which allows NDEP to revise the proposed plan in response to substantive comments received during the public comment period.

Finally, following the submission of a proposed plan, extensive public comment period, and revision of the proposed plan pursuant to comments received, NDEP will select the final remedy and formalize the selection in a record of decision. Id. at § 300.430(4), (5).

### 2. Maryland Square and the NCP Process

The NDEP and the enjoined parties have moved through the investigation process of the NCP for the Maryland Square site. Pursuant to its obligations, NDEP has prepared a Proposed Plan for public comment and has submitted the Plan to the Court for approval. Once the public comment period is over, NDEP will consider and respond to the comments to the Proposed Plan, releasing a revised plan or substantively addressing comments in a record of decision.

NDEP will release the Proposed Plan to the public upon the Court's approval of the Corrective Action Report which is pending approval and for which no objections have been received. Given the litigious nature of this clean-up process, once NDEP releases the Proposed Plan to the public, NDEP will further provide for a 90-day public comment period rather than the minimum 30-day period. NDEP will hold a public meeting in the middle of the 90-day comment period at a location near the Maryland Square site. The public meeting is tentatively scheduled for mid-November, pending the outcome of the September 25, 2014 Status Hearing. At this meeting NDEP will give a presentation on the Proposed Plan, take comments, and respond to questions.

///

**D. Recommendation for Status Hearing and Resolution of Notice of Dispute**

NDEP is obligated by the NCP and the application of the Permanent Injunction to address Plaintiffs' concerns raised in their Notice of Dispute attached to their Status Report (Dkt. #1054). Further, the Proposed Plan, which is the subject of the Plaintiffs' Notice of Dispute, is a document subject to change as substantive comments are received during the public comment period. The current of the implementation of the Permanent Injunction and the requirements of the NCP are not optimal given that the Permanent Injunction requires Court approval of the Proposed Plan while the NCP provides a mechanism for comment and alteration of the Proposed Plan prior to NDEP making a formal, regulatory decision on final remedy through the Record of Decision process. NDEP believes the following proposal will more effectively blend the NCP requirements with those of the Permanent Injunction.

Given the upcoming and extensive review and public comment period through which the Proposed Plan will undergo, NDEP proposes the following actions to simplify the dispute resolution process initiated by the Notice of Dispute and to better satisfy the requirements of the NCP and Permanent Injunction:

(1) The Court should approve the CAR given that no objections have been filed.

(2) The Court should grant NDEP an extension of time to respond to the Plaintiffs' Notice of Dispute until after the public comment period has ended and a summary of the comments and Record of Decision ("ROD")is prepared. Plaintiffs' Notice of Dispute will be considered as a substantive comment by NDEP as will any further comments provided by Plaintiffs.

(3) NDEP will prepare a summary of the comments and respond to the substantive comments of both Plaintiffs and the public as provided by the NCP. NDEP will provide this report to the Court along with the ROD.

(4) Following NDEP's submission of the summary report and ROD to the Court, any Party will have 30 days to initiate the dispute resolution process by sending any objections to the ROD and/or summary report in writing to NDEP and the other Parties. NDEP and the objecting Party will then have 60 days to informally

resolve any differences. If NDEP and the objecting Party are unable to resolve objections to the ROD within the 60 days, the objecting Party must submit a Notice of Dispute to the Court within 15 days and the matter will be briefed and submitted to the Court as provided in the Permanent Injunction for resolution of a dispute.

Once the ROD is complete and submitted to the Court and any objections resolved, the final remedy will be implemented.

Respectfully Submitted this 23rd day of September, 2014.

CATHERINE CORTEZ MASTO
Attorney General

By:   /s/ Wayne Klomp
       Wayne Klomp
*Attorneys for Nevada Division of Environmental Protection*

**Attorney General's Office**
100 N. Carson Street
Carson City, Nevada 89701-4717

# CERTIFICATE OF SERVICE

I, Heather Cooney, certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 23rd day of September, 2014, I electronically filed the foregoing, **PLAINTIFF STATE OF NEVADA, DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES STATUS REPORT**, via electronic filing to which the Clerk of the Court will notify the following via their internet and/or email address:

/s/  Heather Cooney
Heather Cooney, Legal Secretary II
an employee of the Office of the
Nevada Attorney General