CATHERINE CORTEZ MASTO
Attorney General
WAYNE KLOMP
Deputy Attorney General
Nevada State Bar No. 10109
Tele: (775) 850-4101
100 North Carson Street
Carson City, Nevada 89701
Tele: (775) 684-1217
FAX: (775) 684-1103
*Attorneys for Nevada Division*
*of Environmental Protection*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PETER J. VOGGENTHALER, at al., <br><br> Plaintiffs, <br><br> v. <br><br> MARYLAND SQUARE, LLC, et al., <br><br> Defendants, <br><br> AND RELATED CROSS CLAIMS AND THIRD PARTY CLAIMS <br><br> STATE OF NEVADA, DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARYLAND SQUARE SHOPPING CENTER, et al., <br><br> Defendants <br><br> **AND RELATED THIRD PARTY CLAIMS** | Case No. 2:08-cv-01618-RCJ-GWF <br><br> (consolidated with 3:09-cv-231-RCJ-GWF) <br><br> **PLAINTIFF STATE OF NEVADA, DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES AND DEFENDANTS MARYLAND SQUARE SHOPPING CENTER, LLC, THE HERMAN KISHNER TRUST DBA MARYLAND SQUARE SHOPPING CENTER, IRWIN KISHNER, JERRY ENGEL, AND PREMIER TRUST's JOINT MOTION TO APPROVE CORRECTIVE ACTION REPORT** |

Plaintiff, the Nevada Division of Environmental Protection, Bureau of Corrective Actions ("NDEP"), by and through its counsel, Catherine Cortez Masto, Attorney General for the State of Nevada, Wayne Klomp, Deputy Attorney General, together with Defendants, Maryland Square Shopping Center, LLC, the Herman Kishner Trust dba Maryland Square

-1-

Shopping Center, Irwin Kishner, Jerry Engel, and Premier Trust, as Trustees for The Herman Kishner Trust ("Kishner Defendants"), by and through their attorneys, Dongell Lawrence Finney LLP and Steven J. Parsons submit the Corrective Action Report to this Court for approval pursuant to the Permanent Injunction (Dkt. #592).

I. Background

    A. The Permanent Injunction and Legal Requirements

This Court issued a Permanent Injunction against certain Defendants, including the Kishner Defendants, on December 27, 2010.  The Injunction to Undertake Mitigation and Corrective Actions is structured such that the Work anticipated by the Injunction and performed by Defendants will not be inconsistent with Nevada law and the National Contingency Plan ("NCP"), 40 CFR part 300. Injunction at § V (Dkt. #592).  The purpose of the NCP is not different from that of the Injunction, "to provide the organizational structure and procedures for . . . responding to discharges of oil and releases of hazardous substances . . . ." 40 CFR § 300.1.  Both the Injunction and NCP are designed to provide procedures which lead to substantive remediation of contamination by the selection of a final remedy by the lead agency, NDEP.  The procedure employed by NDEP and the NCP for selection of a final remedy is to conduct an investigation, prepare a proposed plan, and finally for NDEP to issue a Record of Decision selecting the final remedy.

        **1. Investigation of contaminated site and review of potential remedies.**

First, the Injunction requires the Defendants to prepare a Corrective Action Report ("CAR") consistent with Nevada law and the NCP and submit the draft CAR for review. Id. at § III.C.2.  The requirement for a CAR is equivalent to the NCP's requirement for the preparation of a Remedial Investigation/Feasibility Study ("RI/FS") to "assess site conditions and evaluate alternatives to the extent necessary to select a remedy." 40 CFR § 300.430(a)(2).

After the Defendants submit the CAR, the Injunction anticipates that the CAR would be reviewed and approved by both NDEP and the Court. Id. at § III.C.2, 3.  Once the CAR is approved by NDEP and the Court, the Injunction provides that "Defendants shall prepare and

Attorney General's Office
100 N. Carson Street
Carson City, Nevada 89701-4717

submit to NDEP and the Court, a Proposed Plan no later than thirty (30) days after approval of the RAS Report [CAR] by NDEP and the Court."[1] Id. at § III.C.3.

### 2. Preparation of proposed plan by NDEP and consideration of preferred remedies.

The next step in NDEP's selection of a final remedy is the preparation of a Proposed Plan as called for by both the Injunction and the NCP. Injunction at § III.C.III; 40 CFR § 300.430(f)(1)(ii). Although the Injunction calls for the Defendants to prepare the Proposed Plan, that document is typically prepared by NDEP. Decl. of S. Smale at ¶ 4, attached hereto as **Exhibit 1**. Based on NDEP's practice, it has prepared the Proposed Plan rather than Defendants and a stipulation to that effect has been submitted to the Court.

According to the NCP, NDEP as the lead agency is to prepare a Proposed Plan "that briefly describes the remedial alternatives analyzed by the lead agency, proposes a preferred remedial action alternative, and summarizes the information relied upon to select the preferred alternative." 40 CFR § 300.430(f)(2). NDEP then releases the Proposed Plan to the public for a comment period of not less than 30 days and holds a public meeting to present the information and respond to comments. Id. at § 300.430(f)(3). NDEP then prepares a summary of the comments, criticisms, and new information submitted during the public comment period and a response to each issue. Id. at § 300.430(f)(3)(i)(F). The Proposed Plan is neither a final agency decision nor selection of a final remedy. Any significant changes in the preferred remedy are addressed in the Record of Decision ("ROD") or a revised proposed plan followed by a ROD. Id. at § 300.430(f)(3)(ii).

### 3. NDEP's final remedy selection will be documented in the Record of Decision.

Once the public comments have been received and either a summary of the comments or a revised proposed plan prepared, NDEP will select the final remedy and memorialize the

---

[1] From the language of the Injunction, it is clear that the reference to the "RAS Report" should be a reference to the CAR instead. Compare Injunction at § III.C.3 with § IX (providing that Proposed Plan be submitted within 30 days of approval of the CAR).

selection in a ROD.  Injunction at § III.C.4; 40 CFR § 300.430(f)(4)-(5). As an administrative order, a ROD may be appealed to the State Environmental Commission ("SEC") as a statutory-prescribed, administrative remedy.  NRS 445A.605; NAC 445A.22725.  A decision by the SEC is judicially reviewable under the Nevada Administrative Procedures Act, NRS 233B.

### B. Factual Background

In the course of implementing the Injunction, the Kishner Defendants, by way of agreement with the other enjoined Defendants (Maryland Square, LLC and the Shapiro Brothers Investment Co.), took the lead in investigation and remediation efforts, commissioning and paying for the CAR.  After several revisions incorporating NDEP comments, the Kishner Defendants submitted a final draft of the CAR to NDEP in August 2013 for review and approval. See Final CAR, attached hereto as **Exhibit 2**.  On August 20, 2013, NDEP approved the CAR subject to the comments issued in the approval letter.  Letter from M. Siders to Kishner Counsel, Aug. 20, 2013, attached hereto as **Exhibit 3**.

### II. Request for Approval

NDEP along with the Kishner Defendants request this Court approve the CAR attached as **Exhibit 2**.[2]  Once the CAR is approved, NDEP will release the Proposed Plan for public comment and further procedures outlined above and as required by the Injunction and NCP.

The Court has set a status conference for September 25, 2014, at which time the Court will hear objections to the Proposed Plan, if any.  Because the NCP provides for a public comment period for any individual or party to provide comments on the Proposed Plan; and because the NCP further requires NDEP to prepare a summary or revised proposed plan incorporating and responding to public comments, NDEP and the Kishner Defendants request approval of the CAR so that the public comment period on the Proposed Plan can be initiated as quickly as possible and run in tandem with the briefing periods set forth in the Stipulation

---

[2] The attached CAR includes the body of the document along with tables and figures. Due to the volume of the Appendices, those have not been filed with the Court.  However, the content of the Appendices (comprising more than 1000 pages) are identified in the Table of Contents.  The Appendices will be provided to the Court or any Party upon request.

Attorney General's Office
100 N. Carson Street
Carson City, Nevada 89701-4717

and Order Regarding Permanent Injunction (Dkt. #1045).

### III. Conclusion

NDEP together with the Kishner Defendants request this Court issue an order pursuant to the Permanent Injunction approving the CAR attached as **Exhibit 2**.

DATED this 18th day of July, 2014.

        CATHERINE CORTEZ MASTO
        Attorney General

        By: /s/ Wayne Klomp
             Wayne Klomp
             *Attorneys for Nevada Division*
             *of Environmental Protection*

DONGELL LAWRENCE FINNEY LLP

        By: /s/ Tomas F. Vandenburg
             Thomas F. Vandenburg
             *Attorneys for Defendants Maryland Square Shopping Center, LLC, the Herman Kishner Trust d/b/a Maryland Square Shopping Center, Irwin Kishner, Jerry Engel, and Premier Trust as trustees for The Herman Kishner Trust*

ORDER

IT IS SO ORDERED this 25th day of March, 2015.

_____
ROBERT C. JONES